# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

COSTAR REALTY INFORMATION, INC., et anno,

        Plaintiffs,

v.

        **Case No.: 8:08-CV-00663-AW**

MARK FIELD D/B/A ALLIANCE
VALUATION GROUP, et al.

        Defendants.

_____/

## DEFENDANT, LAWSON VALUATION GROUP, INC.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS AMENDED COMPLAINT

Defendant, Lawson Valuation Group, Inc. ("Lawson"), by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(e), hereby files its Motion to Dismiss the Amended Complaint filed by CoStar Realty Information, Inc., and CoStar Group Inc., (collectively "CoStar" or "Plaintiffs").

## Introduction

Lawson is a closely held Florida corporation based in Palm Beach County, Florida that performs real property valuations and appraisals. The company serves the Florida market, with a specialty in South Florida's residential, commercial and agricultural properties. Plaintiffs bring this action against Lawson for copyright infringement, breach of contract, Civil RICO, and for fraud and related activity in connection with computers in violation of 18 U.S.C. § 1030. However, Plaintiffs' Complaint is deficient in that Plaintiffs fail to: (1) sufficiently support personal jurisdiction over Lawson; (2) establish a violation of 18 U.S.C. § 1030; (3) state a cause of action for copyright infringement; and (4) state a cause of action for Civil RICO.

## Standard of Review

Although on a motion to dismiss, a district court must accept as true the allegations in the complaint, "conclusory allegations, unwarranted deductions of facts or legal conclusions

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

masquerading as facts will not prevent dismissal." *Allmond v. Bank of America*, 2008 WL 205320 (M.D. Fla. 2008) citing *Jackson v. Bellsouth Telecomms*, 372 F.3d 1250 (11th Cir. 2004). "To survive a motion to dismiss, a complaint must in light of the nature of the action…sufficiently allege each element of the cause of action so as to inform the opposing party of the claim and its general basis." *IFast, Ltd. v. Alliance for Telecommunications*, 2007 WL 3224582 (D. Md. 2007) quoting *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005)(internal quotations omitted). "A motion to dismiss under Rule 12(b) should be granted when the facts pled have not nudged a plaintiff claim across the line from conceivable to plausible…" *Id.* citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). "In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiffs' legal conclusions." *Id.* quoting *Young v. City of Mount Rainer*, 238 F.3d 567, 577 (4th Cir. 2001).

"When, as in this instance, a defendant challenges a court's personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the burden rests ultimately with the plaintiff to prove, by a preponderance of the evidence, grounds for jurisdiction." *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649 (D. Md. 2001). "The jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Screen v. Equifax Information Systems, LLC.*, 303 F.Supp.2d 685 (D. Md. 2004).

## I. Plaintiffs' Complaint Should be Dismissed for Lack of Personal Jurisdiction

### a. The Standard for Exercising Personal Jurisdiction

When deciding a motion to dismiss for lack of personal jurisdiction in this District, the Court requires the plaintiff to establish every element of jurisdiction and prove that the defendant

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

is subject to jurisdiction in Maryland. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649 (D. Md. 2001). "Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law." *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002). "Maryland courts have concluded that the State's long-arm statute…expands Maryland's exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment." *Id*. at 710. As the limits of Maryland's long-arm statute are the same as those imposed by the Due Process Clause, "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essential become one." *Id*. at 710.

The first prong of the analysis is whether the court has personal jurisdiction over the defendant, which traditionally hinged on a person's "presence within the territorial jurisdiction of a court." *Id*. at 710. The term "presence" for a corporation is "used to symbolize those activities of the corporation's agent within the state which courts will deem to be sufficient to satisfy the demands of due process." *Id*. at 711. Notably, "[a]lthough the courts have recognized that the standards used to determine the proper exercise of personal jurisdiction may evolve as technological progress occurs, it nonetheless has remained clear that technology cannot eviscerate the constitutional limits on a State's power to exercise jurisdiction over a defendant." *Id*. at 711.

"Determining the extent of a State's judicial power over persons outside of its borders under the *International Shoe* standard can be undertaken through two different approaches-by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *Id*. at 711. The Supreme Court has held that personal jurisdiction over a defendant comports with the Due Process Clause when that jurisdiction stems from "certain minimum

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Calder v. Jones, 465 U.S. 783, 788 (1984). "If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. In determining specific jurisdiction, we consider (1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d at 712; see also *Screen v. Equifax Information Systems, LLC.*, 303 F.Supp.2d 685, 688 (D. Md. 2004).

### b. Lawson is Not Subject to Jurisdiction in Maryland

Plaintiffs' Complaint should be dismissed because there is no basis for asserting personal jurisdiction over Lawson in Maryland and Plaintiffs have failed to allege a prima facie case for personal jurisdiction over Lawson by this Court. Plaintiffs allege that Lawson is subject to the jurisdiction of this Court because it agreed to the terms and conditions of Plaintiffs' website and thus formed a contract under which Lawson consented to jurisdiction. Complaint ¶ 13. However, Plaintiffs have not alleged sufficient facts to support that a contract was ever formed. Plaintiffs have not alleged any facts as to when Lawson or its agents supposedly accessed Plaintiffs' website, nor have they submitted any evidence that Lawson indeed accessed the website and agreed to the terms and conditions thereof, although that information would be readily available to Plaintiffs.

Further, Plaintiffs claim that through the assistance of Alliance, Lawson availed itself to that contractual benefit is equally unavailing, as the Complaint does not set forth any of the aforementioned elements of proof. Indeed, Plaintiffs' Complaint contains nothing more than

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

blanket assertions and conclusory statements, and fails to make any specific allegations as to the basis for Plaintiffs' claims against Lawson. Nowhere in the Complaint can the Court even infer as to how Lawson accessed Plaintiffs' website, when Lawson accessed Plaintiffs' website or when Lawson agreed to the terms and conditions on Plaintiffs' website.

In fact, Lawson, has not availed itself to the jurisdiction of Maryland, nor has it had the requisite minimum contacts to comply with due process and fairness requirements. See Declaration of Douglas B. Lawson, dated April 30, 2008 attached as Exhibit A ("Lawson Decl."). Lawson does not transact any business with Maryland, has not directed any actions towards Maryland, does not own any property in Maryland, has not advertised or marketed in Maryland, and does not have an Internet website directed towards Maryland. Lawson Decl., ¶¶ 1-14. Lawson is a Florida corporation with a focalized operation of limited geographical scope. See Lawson Decl. ¶ 1. It is licensed to operate in Florida, and does indeed transact all of its business in that state. See Lawson Decl., ¶¶ 1 and 3.

Plaintiffs have failed to even allege, let alone prove, by a preponderance of the evidence, sufficient grounds to subject Lawson to jurisdiction by this Court. "When, as in this instance, a defendant challenges a court's personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the burden rests ultimately with the Plaintiffs to prove, by a preponderance of the evidence, grounds for jurisdiction." *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649 (D. Md. 2001).

Moreover, even if Plaintiffs' allegations regarding Lawson's electronic connection with Maryland were true, including the alleged receipt of copyright information, those statements would still be insufficient to establish jurisdiction over Lawson. First, without a showing of additional conduct directed towards the forum, mere generalized exploitation of a copyright in

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

the stream of commerce does not amount to purposeful availment. See *Bridgeport Music, Inc. v. Agarita Music, Inc.*, 182 F.Supp.2d 653, 664 (M.D. Tenn. 2002). "To find otherwise would mean that a copyright infringement defendant would be subject to personal jurisdiction in any forum in which a copy of the allegedly infringing work was ultimately sold by others without the defendant taking any further acts directed at that forum." *Id.* "Such a broad rule would amount to a judicial rewriting of the Copyright Act to provide for nationwide service of process." *Id.* (citing *Johnson v. Tuff N Rumble Mgmt., Inc.*, Civ. No. 99-1374, 1999 WL 1201891, 3 (E.D. La. Dec. 14, 1999) (no nationwide service of process under Copyright Act)); see also *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir.1993) (because "no applicable federal statute" provides for service of process, California's long-arm statute governs in a copyright infringement action).

Notably, in *Ottenheimer*, the plaintiff claimed that defendant, a British company, had infringed on its registered copyright property and should be subject to jurisdiction in Maryland. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649 (D. Md. 2001). Defendant had an internet website that could be accessible from Maryland. *Id.* In addition, plaintiff and defendant had previously entered into contracts for the distribution of the copyright materials and the contracts contained a choice of law provision setting forth venue in Maryland. *Id.* Moreover, plaintiff claimed that the copyright infringement occurred in Maryland as plaintiff was located there and its operation was conducted from its Maryland's headquarters. *Id.*

Nevertheless, the *Ottenheimer* court declined personal jurisdiction over defendant. *Id.* The court explained that the alleged copyright infringement of plaintiff's property could not be construed as defendant's express aim at Maryland to invoke jurisdiction under *Calder v. Jones*, 465 U.S. 783 (1984). *Id.* at 653 ("[Defendant's] representatives had never visited Maryland, nor had [defendant] established a physical presence in Maryland.").

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

Applying the *Ottenheimer* rationale to the case at bar, Lawson's alleged conduct, including the alleged copyright infringement, even if taken as true, cannot be construed as a basis for jurisdiction since it does not constitute an express aim at Maryland. As set forth above, Lawson has not conducted any business in Maryland, nor aimed any actions towards the state. See Lawson Decl., ¶¶ 2-14. Consequently, Plaintiffs' arguments that jurisdiction is proper because Lawson allegedly obtained copyright materials in Maryland and purposely "directed…electronic activity" towards the state are equally inapposite, warranting dismissal. See Complaint ¶ 13 (c) and (d). *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649 (D. Md. 2001).

Additionally, in *Screen*, the court held that although defendant sent information which harmed the plaintiff in Maryland, the allegation was "plainly insufficient to satisfy [p]laintiff's burden of establishing a *prima facie* case of personal jurisdiction over [defendant]." *Screen v. Equifax Information Systems, LLC.*, 303 F.Supp.2d 685, 690 (D. Md. 2004). The court in *Screen* found that communications with Maryland, including receiving information from Maryland via telephone, were also insufficient to establish jurisdiction. *Id*. at 690 ("the record demonstrates that [defendant] attenuated contacts with Maryland, namely the verification form and the telephone calls it received from [p]laintiff, are not enough to confer personal jurisdiction."). As Plaintiffs have failed to produce "competent evidence of these contacts," there is not sufficient evidence to support this Court's jurisdiction over Lawson.

## II.      Venue in this Court is Improper

Venue is not proper in the District of Maryland. The venue provision of the Copyright Act provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

resides or may be found." 28 U.S.C. § 1400(a).  It is widely accepted that, for the purposes of this venue provision, a defendant is "found" wherever personal jurisdiction can be properly asserted against it.  *Linzer v. EMI Blackwood Music, Inc.*, 904 F. Supp. 207, 214 (S.D.N.Y. 1995).  Therefore, if Lawson is not subject to the personal jurisdiction of this Court, then venue is not proper in this District.

## III.    Plaintiffs' Complaint Should be Dismissed for Failure to State A Cause of Action for Violation of 18 U.S.C. § 1030, Computer Fraud and Abuse Act (CFAA)

Count VII of the Complaint, which asserts a claim for violation of the CFAA, is fatally defective as Plaintiffs have not alleged the enumerated violations which support a civil action, pursuant to the statute.  18 U.S.C. § 1030(g) expressly provides that "[a] civil action for a violation of this section may be brought **only** if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B)."(emphasis added).  Thus, the action can only be brought if there is:

> (i) **loss** to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) **aggregating at least $5,000 in value**;
> (ii) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
> (iii) physical injury to any person;
> (iv) a threat to public health or safety; or
> (v) damage affecting a computer system used by or for a government entity in furtherance of the administration of justice, national defense, or national security;

18 U.S.C. § 1030(a)(5)(B) (emphasis added).

Plaintiffs' claim in Count VII appears to be brought under 18 U.S.C. § 1030(a)(5)(B)(i), as subsections (ii), (iii), (iv) and (v) are inapplicable.  "To establish a CFAA claim, [plaintiff] must show that [defendant] **intentionally** accessed a protected computer without authorization and, as a result, caused an annual loss of at least $5,000."  *Cenveo Corp. v. Celumsolutions*

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

*Software GMBH & Co.*, 504 F.Supp.2d 574, 581 (D. Minn. 2007)(emphasis added). In turn, the loss must be directly related to an "*interruption of service*" not simply that information was allegedly taken from the plaintiff's computer. *Id.* at 581 (emphasis in original). Indeed, the loss as contemplated by the CFAA does not cover a "loss to the business due to defendant's use of proprietary information." *Id.* at 581. See also *Id.* at 581 quoting *Resdev, LLC v. Lot Builders Ass'n, Inc.*, 2005 WL 1924743 (M.D. Fla. 2005)(rejecting the argument that "loss" can cover a trade secret's exclusive value.).

This narrowing of the CFAA's definition of "loss" was part of the CFAA Amendments in 2001, wherein definitions to "damage" and "loss" were added to the statute. *Cohen v. Gulfstream Training Academy, Inc.*, 2008 WL 961472 (S.D. Fla. 2008). "Loss" is now defined as "any reasonable cost to any victim, including the cost of responding to any offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense and any revenue lost, cost incurred, or other consequential damages **incurred because of interruption of service**." 18 U.S.C. § 1030(e)(11)(emphasis added).

In relying on the 2001 Amendments to the CFAA and cases applying the 2001 Amendments to narrowly define "loss", the District Court in *Cohen* held that "any 'loss' must be related to interruption of service." *See Cohen*, 2008 WL 961472 at Page 4. The Court in *Cohen* went on to determine that copying files and stealing clients from a party, did not cause an interruption of service as contemplated by the CFAA, and thus is not a "loss" as defined by the statute. *Id.* In fact, the court in *Cohen* granted the Plaintiffs' Motion for Summary Judgment as to the defendant's Counterclaim for violation of the CFAA, finding that the plaintiff's copying of the defendant's files and then contacting customers in those files to take business from the defendant was not a "loss" due to "interruption of service" as required by the CFAA. *Id.*

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

Similar to the facts of *Cohen*, here, Plaintiffs have failed to even allege that: (1) Lawson's alleged conduct resulted in an interruption of Plaintiffs' service; and (2) as a result of same, Plaintiffs have suffered damages in excess of $5,000.00. Indeed, Plaintiffs' Complaint is void of any allegation or inference that Lawson's alleged copying and/or access of Plaintiffs' files had any impact on Plaintiffs' services or website activities. Instead, Plaintiffs apply what appears to be a pre-2001 Amendment analysis of "loss" under the CFAA, which is no longer applicable. As Plaintiffs have predicated their CFAA claim on an alleged infringement of copyright, and not an "interruption of service" resulting in at least $5,000.00 in damages, as now required by the CFAA, the claim must be dismissed as a matter of law. 18 U.S.C. § 1030(e)(11).

**IV.     Plaintiffs' Complaint Should be Dismissed as Plaintiffs have Failed to State a Cause of Action for Copyright Infringement and Civil RICO**

**A.     Count V Fails to Meet the Pleading Requirements for Copyright Infringement**

Under the modern rules of federal pleading, a plaintiff generally needs to set forth a short and plain statement of the alleged wrong which informs the defendant of the charge and enables him to prepare a responsive pleading. *See* Fed.Rules of Civ. Proc. 8(a)(2); *Brown v. Califano*, 75 F.R.D. 497-98 (D.D.C. 1977). "An exception to this general rule, however, has been recognized when the claimant is asserting a copyright violation. In such cases, courts have required a greater degree of specificity." *Paragon Services, Inc. v. Hicks*, 843 F.Supp. 1077, 1081 (E.D.Va. 1994) *citing Hartman v. Hallmark Cards, Inc.*, 639 F. Supp. 816, *aff'd*, 833 D.2d 117 (8th Cir. 1987).

A claimant alleging a copyright infringement claim **must** state:

(1) which specific original works are the subject of the claim;

(2) that plaintiff owns the copyrights in issue;

(3) that the works in issue have been registered; and

(4) by what acts and during what time frame defendants have infringed the copyright.

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

*Id*, citing *Gee v. CBS, Inc.*, 471 F.Supp. 600, 643 (E.D.Pa. 1979), *aff'd*, 612 F.2d 572 (3rd Cir. 1979); *Franklin Electronic Publishers, Inc. v. Unisonic Products Corp.*, 763 F. Supp. 1 (S.D.N.Y. 1991).

In *Paragon*, the court dismissed the plaintiff's claim of copyright infringement, finding that such claim was overly broad and lacked the required specificity as to what acts constituted the infringing activity **and** when said acts occurred (the third and fourth pleading requirements). *Paragon Services, Inc.*, 843 F.Supp. at 1081. The Court held that "[w]hile plaintiff states that defendants' alleged conduct occurred at thirty-five installations over the past two years, plaintiff has not identified the particular installations and has not identified a more precise time frame." *Id*. As a result, the court in *Paragon* dismissed said claims.

As in *Paragon*, Count V of Plaintiffs' Complaint is defective in that Plaintiffs have failed to specifically allege the exact infringing acts that Lawson engaged in, and when those acts occurred. As a result, Plaintiffs have failed to meet the third and fourth pleading elements for their claim of Copyright Infringement in Count V. Plaintiffs' Complaint simply sets forth conclusory allegations that Lawson, and other defendants, have infringed Plaintiffs' copyrights merely by their unauthorized access to Plaintiffs' products. Complaint ¶¶ 52 and 53. In fact, Count V even fails to specifically allege that Lawson did more than access Plaintiffs' products without authorization. While, Plaintiffs' Complaint alleges that Lawson infringed Plaintiffs' copyrights "by reproducing, distributing and/or displaying such photographs", Plaintiffs fail to allege what specific copyrights Lawson copied, distributed and/or displayed, how they did so, or when they did so. *Id*.

Count V of Plaintiffs' Complaint lacks any allegations as to when Lawson allegedly engaged in **any** infringing activity. Indeed, in Count V, Plaintiffs do not even allege a general timeframe

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

in which Lawson's alleged infringement occurred, let alone specific dates. Even if the Court can somehow infer a general timeframe in which the alleged infringement occurred, from a subsequent allegation in Count VIII of the Complaint, the District Court in *Paragon* held that a vague reference, such as Plaintiffs' claim in Paragraph 76 that the Defendants engaged in criminal copyright infringement "*over the past four years*", is insufficient to withstand a motion to dismiss. *See Paragon Services, Inc.*, 843 F.Supp. 1077, at 1081.

**B.      Count VIII for Violation of Civil RICO is Insufficient as a Matter of Law**

There are several reasons why dismissal of Plaintiffs' RICO claim in Count VIII is warranted. First and foremost, Count VIII fails because it is predicated upon a claim of copyright infringement, which itself is deficient as a matter of law and subject to dismissal (as provided above in greater detail). *See Paragon Services, Inc.*, 843 F.Supp. 1077, at 1081.

Second, Plaintiffs' RICO claim in Count VIII can **not** be predicated upon direct copyright infringement, but upon **criminal** copyright infringement under 17 U.S.C. § 506. *See* 18 U.S.C. § 1961. Criminal copyright infringement under 17 U.S.C. § 506(a)(1) is committed if the person infringes a copyright:

A.  for purposes of commercial advantage or private financial gain;

B.  by the reproduction or distribution, including by electronic means, during any 180-day period, of 1 or more copies or phonorecords of 1 or more copyrighted works, which have a total value of more than $1,000; or

C.  by the distribution of a work being prepared for commercial distribution, by making it available on a computer network accessible to members of the public, if such person knew or should have known that the work was intended for commercial distribution.

*See Internet Archive v. Shell*, 505 F.Supp.2d 755, 768 (D.Colo. 2007), *citing* 17 U.S.C. § 506(a)(1).

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

Again, Count VIII of Plaintiffs' Complaint contains nothing more than conclusory allegations that Defendants' (including Lawson) infringement of Plaintiffs' copyright was willful, for the purpose of commercial advantage or private financial gain, and was thus criminal. *See* Complaint ¶ ¶ 73 and 74. Plaintiffs' allegations are vague, and the Complaint does not detail what precise acts of infringement were committed by Lawson, or the time frame during which said acts were committed. Indeed, Count VIII of Plaintiffs' Complaint provides no specific factual allegations or support for the claim against Lawson. As such, Count VIII fails to sufficiently plead the elements of criminal copyright infringement. Specifically, Plaintiffs' Complaint fails to allege: (1) that Lawson reproduced or distributed one or more of the copyrighted works within a 180-day period; or (2) that Lawson distributed Plaintiffs' copyrighted materials by making them accessible to the public.

Third, when a plaintiff seeks to assert a RICO claim against more than one defendant, as in Count VIII of Plaintiffs' Complaint, the plaintiff is under an obligation to specify which defendant committed the acts giving rise to the claim. *See Internet Archive v. Shell*, 505 F.Supp.2d at 768, *citing Brooks v. Bank of Boulder*, 891 F.Supp. 1469, 1477 (D.Colo. 1995). Plaintiffs' general allegations in the Complaint, and the allegations in Count VIII, fail to specify the acts each defendant engaged in giving rise to RICO activity. *See* Complaint ¶¶ 72-78. Again, nowhere in the Complaint do Plaintiffs allege what Lawson has specifically done to infringe Plaintiffs' copyrights, when Lawson engaged in such conduct, or what wrongful acts Lawson has committed to give rise to a claim for RICO.

Lastly, Count VIII of Plaintiffs' Complaint fails to satisfy the pleading requirements for a RICO enterprise. In order to properly set forth any RICO claim for enterprise liability, the

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

Plaintiffs must properly assert the existence of a racketeering enterprise. *See Internet Archive v. Shell*, 505 F.Supp.2d at 768. Plaintiffs must allege:

1.   an ongoing organization with a decision-making framework or mechanism for controlling the group;

2.   that various associates function as a continuing unit; and

3.   that the enterprise exists separate and apart from the pattern of racketeering activity.

*See id*, *citing U.S. v. Smith*, 413 F.3d 1253, 1266-67 (10th Cir. 2005)

Despite these clear requirements, Count VIII of Plaintiffs' Complaint is completely void of any facts satisfying the requisite pleading allegations. *See* Complaint ¶¶ 72-78. Plaintiffs' Complaint merely alleges "[t]hrough their consistent interactions and dealings with each other, and because their relationship is in part based on the willful and criminal infringement of CoStar's copyrights and other rights, Defendants are associated in fact and constitute an 'enterprise' for the purposes of 18 U.S.C. § 1961(4)." However, such a conclusory and unsupported allegation is insufficient as a matter of law to sustain a claim for RICO enterprise liability. See *id*.

## V.   Plaintiffs' Complaint Should be Dismissed as Plaintiffs Improperly Commingled Various Causes of Action Into a Single Count

Plaintiffs reallege all prior paragraphs in every count. See Complaint ¶¶ 32, 36, 40, 44, 49, 57, 67 and 72. Plaintiffs' Complaint improperly commingles legal and equitable claims, and has also included prayers for injunctive relief after almost every count. See Complaint ¶¶ 35, 39, 43, 56, 66, 71. Even in Plaintiffs' breach of contract claims, clearly a legal claim, Plaintiffs seeks equitable relief in addition to monetary damages. This inconsistency in the relief sought, and commingling of separate causes of action into one paradoxical claim, constitutes a violation of Federal Rule of Civil Procedure 10(b). *See O'Donnell v. Elgin*, 338 U.S. 384 (1949)(improper

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

to combine several causes of action and the "scrambling of claims"). See also *Dodge v. Susquehanna University*, 796 F.Supp. 829 (M.D. Pa. 1992)(court dismissed count for breach of contract, although it was the only federal claim and thus deprived the court of jurisdiction, when Plaintiffs improperly combined breach of contract with age discrimination claim).

<u>Conclusion</u>

For the foregoing reasons, Plaintiffs' Complaint against Lawson should be dismissed, in addition to granting Lawson such further and additional relief as this Court deems just and proper.

**EDWARDS ANGELL PALMER & DODGE LLP**

By:     /s/     Gary A. Woodfield
        **Gary A. Woodfield**
        Florida Bar No.: 563102
        **Simeon D. Brier**
        Florida Bar No.: 525782
        One North Clematis Street, Suite 400
        West Palm Beach, FL  33401
        Telephone: (561) 833-7700
        Facsimile:   (561) 655-8719


        **James E. Armstrong, IV**
        U.S.D.C. of Maryland Bar No.: 14592
        1875 Eye Street, NW
        Washington, DC, 20006
        Telephone (202) 478-7370
        Fax 202.478.7380

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ Gary A. Woodfield
Gary A. Woodfield

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Motion and Supporting Memorandum
To Dismiss Amended Complaint

## SERVICE LIST

CoStar Realty Information, Inc., et al. v. Mar Field d/b/a Alliance Valuation Group, et al.
**Case No.: 8:08-CV-00663-AW**
United States District Court, District of Maryland (GreenBelt Division)

| | |
|---|---|
| **Shari Ross Lahlou**<br>slahlou@crowell.com<br> **Sanya Sarich**<br>ssarich@crowell.com<br>**William J Sauers**<br>wsauers@crowell.com<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Telephone:  (202) 624-2500<br>Facsimile:  (202) 624-2500<br><br>*Attorneys for Plaintiffs' CoStar Realty Information, Inc. and CoStar Group, Inc.* | **R Wayne Pierce**<br>wpierce@adventurelaw.com<br>The Pierce Law Firm LLC<br>133 Defense Hwy Ste 106<br>Annapolis, MD 21401-7015<br>Telephone:  (410) 573-9959<br>Fax: (410) 573-9956<br><br>*Attorneys for Defendant Mark Field doing business as Alliance Valuation Group and Pathfinder Mortgage Company* |
| **Mary Olga Lovett**<br>lovettm@gtlaw.com<br>**Pamela Anne Ferguson**<br>fergusonp@gtlaw.com<br>**Steven M Schneebaum**<br>schneebaums@gtlaw.com<br>Greenberg Traurig LLP<br>1000 Louisiana St Ste 1800<br>Houston, TX 77002<br>Telephone:  (713) 374-3500<br>Fax: (713) 374-3505<br><br>*Attorneys for Defendant Russ A. Gressett* | |