## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CoSTAR REALTY INFORMATION, INC.,
22 Bethesda Metro Center, 10th Floor
Bethesda, Maryland 20814

and

CoSTAR GROUP, INC.
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland 20814

      Plaintiffs,

v.

Mark Field d/b/a Alliance
Valuation Group
2858 Via Bellota
San Clemente, California 92673,

LAWSON VALUATION GROUP, INC.
8895 N. Military Trail, Suite 304E
Palm Beach Gardens, Florida 33410-6263,

RUSS A. GRESSETT
5625 FM 1960 West, Suite 509
Houston, Texas 77069,

GERALD A. TEEL COMPANY, INC.
974 Campbell Rd., Suite 204
Houston, Texas 77024-2813, and

PATHFINDER MORTGAGE COMPANY
23172 Plaza Point Dr., Suite 285
Laguna Hills, California 92653,

and

JOHN DOES 1-4
Addresses Currently Unknown

      Defendants.

CIVIL ACTION NO. AW -08-663

Defendant Gressett's Motion to Dismiss
and alternatively, Motion to Transfer Venue

## DEFENDANT RUSS A. GRESSETT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM, AND ALTERNATIVELY, MOTION TO TRANSFER VENUE

Defendant Russ A. Gressett ("Defendant" or "Mr. Gressett") files this motion to dismiss Plaintiffs' suit for lack of personal jurisdiction, as authorized by Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6). In the alternative, and subject to the motion to dismiss for lack of personal jurisdiction and failure to state a claim, Defendant also files a motion to transfer venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a). For the following reasons, this case should be dismissed for lack of personal jurisdiction over Defendant and failure to state a claim upon which relief can be granted, or in the alternative, transferred to the U.S. District Court for the Southern District of Texas, Houston Division.

### I. INTRODUCTION AND SUMMARY OF THE CASE

1.      Russ A. Gressett is a resident of Houston, Texas.

2.      Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc., Delaware corporations, brought this action against Russ A. Gressett in Greenbelt, Maryland. Plaintiffs have also sued Mark Field D/B/A Alliance Valuation Group, Lawson Valuation Group, Inc., Gerald A. Teel Company, Inc., Pathfinder Mortgage Company, and John Does (1-4).

3.      Plaintiffs allegations against Mr. Gressett are for copyright infringement, breach of contract, Civil RICO, and for fraud and related activity in connection with computers in violation of 18 U.S.C. § 1030.

2

4.    Plaintiffs contend that Mr. Gressett has contacts with the District of Maryland, Greenbelt Division, via his alleged access of Plaintiffs' website. Plaintiffs' Complaint, ¶ 12. Plaintiffs also contend that Mr. Gressett consented to the jurisdiction of this Court based on the "Terms of Use" on Plaintiffs' website, www.costar.com. *Id.,* at ¶ 13. In support of this Court exercising personal jurisdiction over Mr. Gressett, Plaintiffs aver that Defendant has directed behavior at this District by "repeated electronic activity and interaction with CoStar's computer servers in Bethesda, MD when logging into the subscription service at the www.costar.com website for business purposes." *Id.*

5.    Pursuant to FED.R.CIV.P. 12(b)(2), Mr. Gressett moves to dismiss the Complaint due to a lack of personal jurisdiction. Specifically, Mr. Gressett does not have any purposeful contacts with Maryland sufficient to establish specific jurisdiction due to a lack of minimum contacts with Maryland. A finding of jurisdiction would also offend traditional notions of fair play and substantial justice.

6.    Further, Plaintiffs' Complaint is deficient in that Plaintiffs fail to: establish a violation of 18 U.S.C. § 1030; state a cause of action for copyright infringement; and state a cause of action for Civil RICO.

7.    In the alternative, Defendant contends that venue is not proper, or alternatively, it is an inconvenient venue pursuant to 28 U.S.C. § 1404(a). Accordingly, in the alternative, an order transferring venue to the United States District Court for the Southern District of Texas is appropriate.

## II. STANDARD OF REVIEW

8.    Although on a motion to dismiss, a district court must accept as true the allegations in the Complaint, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Allmond v. Bank of America,* 2008 WL 205320 (M.D. Fla. 2008) citing *Jackson v. Bellsouth Telecomms,* 372 F.3d 1250 (11th Cir. 2004). "To survive a motion to dismiss, a complaint must in light of the nature of the action... sufficiently allege each element of the cause of action so as to inform the opposing party of the claim and its general basis." *IFast, Ltd. v. Alliance for Telecommunications,* 2007 WL 3224582 (D. Md. 2007) quoting *Chao v. Rivendell Woods, Inc.,* 415 F.3d 342, 348 (4th Cir. 2005)(internal quotations omitted). "A motion to dismiss under Rule 12(b) should be granted when the facts pled have not nudged a plaintiff's claim across the line from conceivable to plausible..." *Id.* citing *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007). "In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiffs' legal conclusions." *Id.* quoting *Young v. City of Mount Rainer,* 238 F.3d 567, 577 (4th Cir. 2001).

9.    "When, as in this instance, a defendant challenges a court's personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the burden rests ultimately with the plaintiff to prove, by a preponderance of the evidence, grounds for jurisdiction." *Ottenheimer Publishers, Inc. v. Playmore, Inc.,* 158 F.Supp.2d 649 (D. Md. 2001). "The jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Screen v. Equifax Information Systems, LLC.,* 303 F.Supp.2d 685 (D. Md. 2004).

4

## III. UNDISPUTED MATERIAL FACTS

10.     CoStar is a national commercial real estate information service provider. *See* Plaintiffs' Complaint, ¶ 14.

11.     CoStar's photographs and other information in CoStar's databases are not part of a repository of information generally available for free. *See* Plaintiffs' Complaint, ¶ 15.

12.     With the exception of a limited amount of its information services, access to CoStar's information services is offered only to authorized users. *See* Plaintiff's Complaint, ¶ 16.     Individuals may become authorized users by entering an online agreement for *ad hoc* access and use or by subscribing to one or more of CoStar's information services. *See id.*

13.     Authorized users are provided with a user identification and passcode and given authorized use for Internet-based access to CoStar's subscription information services. *See id.*, ¶ 18.     Authorized users must input a valid identification and passcode at the "Subscriber Login Area" to gain authorized access to CoStar's restricted access information services for which they are licensed. *See id.*

14.     Since 1966, the year of his birth, Defendant has been a continuous resident of Texas. *See* Gressett Affidavit, ¶ 2.

15.     Since 1985, Defendant's office and primary place of business has been located in Texas. *See* Gressett Affidavit, ¶ 3.

16.     Defendant has never lived or maintained a principal place of business in Maryland. *See* Gressett Affidavit, ¶¶ 4 - 5.

5

17.     Defendant has never maintained an office, mailing address or telephone number in Maryland.  *See* Gressett Affidavit, ¶ 11.

18.     Defendant has never owned, leased, rented, or controlled any real property in Maryland.  *See* Gressett Affidavit, ¶ 9.

19.     Defendant has never maintained accounts at either savings and loan associations or banks in Maryland.  *See* Gressett Affidavit, ¶ 10.

20.     Defendant has never been required to pay and has never paid taxes in Maryland.  *See* Gressett Affidavit, ¶ 12.

21.     Defendant has never voted or registered to vote in Maryland.  *See* Gressett Affidavit, ¶ 13.

22.     Defendant has never entered into a contract in Maryland or with a Maryland resident.  *See* Gressett Affidavit, ¶ 6.

23.     Defendant has never committed any tort, in whole or in part, within Maryland. *See* Gressett Affidavit, ¶ 7.

## IV.  MOTION TO DISMISS

### A.     MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION IS APPROPRIATE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2).

24.     All aforementioned undisputed material facts are hereby incorporated by reference.

25.     When deciding a motion to dismiss for lack of personal jurisdiction in this District, the Court requires a plaintiff to establish every element of jurisdiction and prove that the defendant is subject to jurisdiction in Maryland.  *Ottenheimer Publishers, Inc. v. Playmore,*

6

*Inc.*, 158 F.Supp.2d 649 (D. Md. 2001). "Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law." *ALS Scan, Inc. v. Digital Service Consultants, Inc.,* 293 F.3d 707, 710 (4th Cir. 2002). "Maryland courts have concluded that the State's long-arm statute... expands Maryland's exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment." *Id.* at 710. As the limits of Maryland's long-arm statute are the same as those imposed by the Due Process Clause, "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essential become one." *Id.* at 710.

26.     Federal courts do not have jurisdiction over a non-resident defendant unless the non-resident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475-76 (1985); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310 (1945).

27.     The first prong of the analysis is whether the court has personal jurisdiction over the defendant, which traditionally hinged on a person's "presence within the territorial jurisdiction of a court." *ALS Scan,* 293 F.3d. at 710. Notably, "[a]lthough the courts have recognized that the standards used to determine the proper exercise of personal jurisdiction may evolve as technological progress occurs, it nonetheless has remained

7

clear that technology cannot eviscerate the constitutional limits on a State's power to exercise jurisdiction over a defendant." *Id.* at 711.

28.     "Determining the extent of a State's judicial power over persons outside of its borders under the *International Shoe* standard can be undertaken through two different approaches-by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *Id.* at 711.   The Supreme Court has held that personal jurisdiction over a defendant comports with the Due Process Clause when that jurisdiction stems from certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Calder v. Jones*, 465 U.S. 783, 788 (1984). "If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction.  In determining specific jurisdiction, we consider (1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Service Consultants, Inc.,* 293 F.3d at 712; see also *Screen v. Equifax Information Systems, LLC.,* 303 F.Supp.2d 685, 688 (D. Md. 2004).

### i.    There Are No Minimum Contacts With Forum State

29.     Plaintiffs' Complaint should be dismissed because there is no basis for asserting personal jurisdiction over Mr. Gressett in Maryland and Plaintiffs have failed to allege a *prima facie* case for personal jurisdiction over Mr. Gressett by this Court.  Under minimum-contacts

8

analysis, the Court must determine whether the non-resident Defendant has purposefully availed himself of the benefits and protections of the forum state by conducting activities within the forum state. *Asahi Metal Indus. Co. v. Superior Ct.,* 480 U.S. 102, 109 (1987); *Bell Paper Box, Inc. v. U.S. Kids, Inc.,* 22 F.3d 816, 818-18 (8th Cir. 1994). In measuring minimum contacts, the court should consider the following: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Bell Paper Box,* 22 F.3d at 819. Minimum contacts are not established unless the court finds it has either specific or general jurisdiction over the defendant. *See Vetrotex CertainTeed Corp. v. Consolidated Fiber Glass Prods. Co.,* 75 F.3d 147, 150-51 (3d Cir. 1996); *Sondergard v. Miles, Inc.,* 985 F.2d 1389, 1392 (8th Cir. 1993).

## (a)    Court Lacks Specific Jurisdiction Over Defendant

30.    All aforementioned undisputed material facts are hereby incorporated by reference.

31.    The Court cannot exercise specific jurisdiction over a non-resident defendant unless the non-resident defendant's activities were "purposefully directed" to the forum state and the litigation resulted from alleged injuries that "arise out of" or "relate to" those activities. *See Helicopteros Nacionales de Columbia. S.A. v. Hall,* 466 U.S. 408 (1984). The Court does not have specific jurisdiction over Defendant because Defendant did not purposefully direct his activities to Maryland and Plaintiffs' cause of action did not arise from or relate to Defendant's contacts with Maryland.

9

32.     Plaintiffs allege that Mr. Gressett is subject to the jurisdiction of this Court because he agreed to the terms and conditions of Plaintiffs' website and thus formed a contract under which Mr. Gressett consented to jurisdiction. *See* Plaintiffs' Complaint ¶ 13. But Plaintiffs have not alleged sufficient facts to support that a contract was ever formed. Specifically, Plaintiffs have not alleged any facts as to when Mr. Gressett supposedly accessed Plaintiffs' website, nor have they submitted any evidence that Mr. Gressett indeed accessed the website and agreed to the terms and conditions thereof, although that information would be readily available to Plaintiffs. Plaintiffs have failed to even allege -- let alone prove, by a preponderance of the evidence -- sufficient grounds to subject Gressett to jurisdiction by this Court. "When, as in this instance, a defendant challenges a court's personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the burden rests ultimately with the Plaintiffs to prove, by a preponderance of the evidence, grounds for jurisdiction." *Ottenheimer Publishers, Inc. v. Playmore, Inc.,* 158 F.Supp.2d 649 (D. Md. 2001).

33.     Further, Plaintiffs' claim that through the assistance of Alliance, Mr. Gressett availed himself of that contractual benefit is equally unavailing, as the Complaint does not set forth any of the aforementioned elements of proof. Indeed, Plaintiffs' Complaint contains nothing more than blanket assertions and conclusory statements, and fails to make any specific allegations as to the basis for Plaintiffs' claims against Gressett. The Complaint does not even permit the Court to infer how Gressett accessed Plaintiffs' website, when

10

Gressett accessed Plaintiffs' website, or when Gressett agreed to the terms and conditions on Plaintiffs' website.

34.     Moreover, even if Plaintiffs' allegations regarding Mr. Gressett's electronic connection with Maryland were true (including the alleged receipt of copyright information), those statements would still be insufficient to establish jurisdiction over Gressett. First, without a showing of additional conduct directed towards the forum, mere generalized exploitation of a copyright in the stream of commerce does not amount to purposeful availment. *See Bridgeport Music, Inc. v. Agarita Music, Inc.,* 182 F.Supp.2d 653, 664 (M.D. Tenn. 2002). "To find otherwise would mean that a copyright infringement defendant would be subject to personal jurisdiction in any forum in which a copy of the allegedly infringing work was ultimately sold by others without the defendant taking any further acts directed at that forum." *Id.* "Such a broad rule would amount to a judicial rewriting of the Copyright Act to provide for nationwide service of process." *Id.* (citing *Johnson v. Tuff N Rumble Mgmt., Inc.,* Civ. No. 99-1374, 1999 WL 1201891, 3 (E.D. La. Dec. 14, 1999)) (no nationwide service of process under Copyright Act); *see also Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587 (9th Cir. 1993) (because "no applicable federal statute" provides for service of process, California's long-arm statute governs in a copyright infringement action).

35.     Notably, in *Ottenheimer,* the plaintiff claimed that defendant, a British company, had infringed on its registered copyright property and should be subject to jurisdiction in Maryland. *Ottenheimer Publishers, Inc. v. Playmore, Inc.,* 158 F.Supp.2d 649 (D. Md. 2001).

11

Playmore had an internet website that could be accessible from Maryland. *Id.* In addition, Ottenheimer and Playmore had previously entered into contracts for the distribution of the copyright materials and the contracts contained a choice of law provision setting forth venue in Maryland. *Id.* And in *Ottenheimer,* as here, plaintiff claimed that the copyright infringement occurred in Maryland because plaintiff's business was located there and its operations were conducted from its Maryland's headquarters. *Id.*

36.     Despite these factors, the *Ottenheimer* court correctly declined personal jurisdiction over defendant. *Id.* The court explained that the alleged copyright infringement of plaintiff's property could not be construed as defendant's express aim at Maryland to invoke jurisdiction under *Calder v. Jones,* 465 U.S. 783 (1984). *Id.* at 653 ("[Defendant's] representatives had never visited Maryland, nor had [defendant] established a physical presence in Maryland.").

37.     Applying the *Ottenheimer* rationale to the case at bar, Mr. Gressett's alleged conduct, including the alleged copyright infringement, even if taken as true, cannot be construed as a basis for jurisdiction since it does not constitute an act expressly aimed at Maryland. As set forth above, Mr. Gressett has not conducted any business in Maryland, nor directed any purposeful action toward the state. *See* Gressett Affidavit, ¶¶ 2-17. Consequently, Plaintiffs' arguments that jurisdiction is proper because Mr. Gressett allegedly obtained copyright materials in Maryland and purposefully "directed… electronic activity" towards the state are equally inapposite, warranting dismissal.

12

Plaintiffs' Complaint ¶ 13 (c) and (d); *see Ottenheimer Publishers, Inc. v. Playmore, Inc.,* 158 F.Supp.2d 649 (D. Md. 2001).

38.     Additionally, in *Screen,* the court held that although defendant sent information which harmed the plaintiff in Maryland, the allegation was "plainly insufficient to satisfy [p]laintiff's burden of establishing a *prima facie* case of personal jurisdiction over [defendant]." *Screen v. Equifax Information Systems, LLC.,* 303 F.Supp.2d 685, 690 (D. Md. 2004). The *Screen* court found that communications with Maryland -- including receiving information from Maryland via telephone -- were also insufficient to establish jurisdiction. *Id.* at 690 ("the record demonstrates that [defendant] attenuated contacts with Maryland, namely the verification form and the telephone calls it received from [p]laintiff, are not enough to confer personal jurisdiction."). As Plaintiffs have failed to produce "competent evidence of these contacts," there is not sufficient evidence to support this Court's jurisdiction over Mr. Gressett.

39.     Therefore, the Court lacks specific jurisdiction over the Defendant.

### (b)     Court Lacks General Jurisdiction Over Defendant

40.     All aforementioned undisputed material facts are hereby incorporated by reference.

41.     Plaintiffs do not specifically contend that the Court has general jurisdiction over Mr. Gressett. In fact, general jurisdiction does not exist. Specifically, a court cannot exercise general jurisdiction over a non-resident defendant unless there are continuous and systematic contacts between the non-resident defendant and the forum state. *See Helicopteros,*

13

466 U.S. at 416. The Court does not have general jurisdiction over Mr. Gressett because he does not have continuous or systematic contacts with Maryland, and there are no allegations of such contacts in the Complaint.

42.     As stated above, since 1966, Defendant has been a continuous resident of Texas. *See* Gressett Affidavit, ¶ 2. Defendant's principal place of business has been in Texas since May of 1985. *Id.* at ¶ 3. Defendant has never lived, or maintained a principal place of business in Maryland. *Id.* at ¶¶ 4-5. Defendant has never maintained an office, mailing address or telephone number in Maryland. *Id.* at ¶ 11. Defendant has never owned, leased, rented, or controlled any real property in Maryland. *Id.* at ¶ 9. Defendant has not entered into any contracts in Maryland or with a Maryland resident. *Id.* at ¶ 6. Defendant has never maintained accounts at either savings and loan associations or banks in Maryland. *Id.* at ¶ 10. Defendant has never been required to pay and has never paid taxes in Maryland. *Id.* at ¶ 12. Defendant has never voted or registered to vote in Maryland. *Id.* at ¶ 13. Defendant has not "purposefully availed" himself of the privileges and benefits of conducting business in Maryland. *Id.* at ¶ 15. Therefore, the Court lacks general jurisdiction over Defendant.

43.     Mr. Gressett has no minimum contacts with Maryland. For this reason, and based on the evidence attached to this motion and incorporated herein, Defendant asks the court to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(2).

B.     **PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION FOR VIOLATION OF 18 U.S.C. § 1030, COMPUTER FRAUD AND ABUSE ACT (CFAA)**

14

44.    Count VII of the Complaint, which asserts a claim for violation of the CFAA, is fatally defective as Plaintiffs have not alleged the enumerated violations which support a civil action, pursuant to the statute. Specifically, 18 U. S.C. § 1030(g) expressly provides that "[a] civil action for a violation of this section may be brought *only* if the conduct involves one of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B)."(emphasis added). Thus, the action can only be brought if there is:

(i)      loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;

(ii)     the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;

(iii)    physical injury to any person;

(iv)     a threat to public health or safety; or

(v)      damage affecting a computer system used by or for a government entity in furtherance of the administration of justice, national defense, or national security;

18 U.S.C. § 1030(a)(5)(B) (emphasis added).

Plaintiffs' claim in Count VII appears to be brought under 18 U.S.C. § 1030(a)(5)(B)(i), as subsections (ii), (iii), (iv) and (v) are inapplicable. "To establish a CFAA claim, [plaintiff] must show that [defendant] intentionally accessed a protected computer without authorization and, as a result, caused an annual loss of at least $5,000." *Cenveo Corp. v. Celumsolutions Software GMBH & Co.,* 504 F.Supp.2d 574, 581 (D. Minn. 2007)(emphasis added). In turn, the loss must be directly related to an *"interruption of service"* not simply that

15

information was allegedly taken from the plaintiff's computer. *Id.* at 581 (emphasis in original). Indeed, the loss as contemplated by the CFAA does not cover a "loss to the business due to defendant's use of proprietary information." *See id.* at 581 (quoting *Resdev, LLC v. Lot Builders Ass 'n, Inc.,* 2005 WL 1924743 (M.D. Fla. 2005)) (rejecting the argument that "loss" can cover a trade secret's exclusive value).

45.     This narrowing of the CFAA's definition of "loss" was part of the CFAA Amendments in 2001, wherein definitions to "damage" and "loss" were added to the statute. *Cohen v. Gulfstream Training Academy, Inc.,* 2008 WL 961472 (S.D. Fla. 2008). "Loss" is now defined as "any reasonable cost to any victim, including the cost of responding to any offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense and any revenue lost, cost incurred, or other consequential damages **incurred because of interruption of service."** 18 U.S.C. § 1030(e) (11)(emphasis added).

46.     In relying on the 2001 Amendments to the CFAA and cases applying the 2001 Amendments to narrowly define "loss", the District Court in *Cohen* held that "any 'loss' must be related to interruption of service." *See Cohen,* 2008 WL 961472 at Page 4. The Court in *Cohen* went on to determine that copying files and stealing clients from a party, did not cause an interruption of service as contemplated by the CFAA, and thus is not a "loss" as defined by the statute. *Id.* In fact, the court in *Cohen* granted the Plaintiffs' Motion for Summary Judgment as to the defendant's counterclaim for violation of the CFAA, finding that the plaintiff's copying of the defendant's files and then contacting customers in those

16

files to take business from the defendant was not a "loss" due to "interruption of service" as required by the CFAA. *Id.*

47.     Similar to the facts of *Cohen*, here, Plaintiffs have failed to even allege that: (1) Mr. Gressett's alleged conduct resulted in an interruption of Plaintiffs' service; and (2) as a result of same, Plaintiffs have suffered damages in excess of $5,000.00. Indeed, Plaintiffs' Complaint is void of any allegation or inference that Mr. Gressett's alleged copying and/or access of Plaintiffs' files had any impact on Plaintiffs' services or website activities. Instead, Plaintiffs apply what appears to be a pre-2001 Amendment analysis of "loss" under the CFAA, which is no longer applicable. As Plaintiffs have predicated their CFAA claim on an alleged infringement of copyright, and not an "interruption of service" resulting in at least $5,000.00 in damages, as now required by the CFAA, the claim must be dismissed as a matter of law. 18 U.S.C. § 1030(e)(11).

## C.     PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT AND CIVIL RICO

### i.     Count V Fails to Meet the Pleading Requirements for Copyright Infringement

48.     Under the modern rules of federal pleading, a plaintiff generally needs to set forth a short and plain statement of the alleged wrong which informs the defendant of the charge and enables him to prepare a responsive pleading. See Fed.Rules of Civ. Proc. 8(a)(2); *Brown v. Califano*, 75 F.R.D. 497-98 (D.D.C. 1977). "An exception to this general rule, however, has been recognized when the claimant is asserting a copyright violation. In such cases, courts have required a greater degree of specificity." *Paragon Services, Inc. v. Hicks*, 843

17

F.Supp. 1077, 1081 (E.D.Va. 1994) (*citing Hartman v. Hallmark Cards, Inc.,* 639 F. Supp. 816, aff'd, 833 D.2d 117 (8th Cir. 1987)).

49.     A claimant alleging a copyright infringement claim **must** state:

(1)     which specific original works are the subject of the claim;

(2)     that plaintiff owns the copyrights in issue;

(3)     that the works in issue have been registered; and

(4)     by what acts and during what time frame defendants have infringed the copyright.

*Id.* (*citing Gee v. CBS, Inc.,* 471 F.Supp. 600, 643 (E.D.Pa. 1979), *aff'd,* 612 F.2d 572 (3rd Cir. 1979)); *Franklin Electronic Publishers, Inc. v. Unisonic Products Corp.,* 763 F. Supp. 1 (S.D.N.Y. 1991).

50.     In *Paragon,* the court dismissed the plaintiff's claim of copyright infringement, finding that such claim was overly broad and lacked the required specificity as to what acts constituted the infringing activity **and** when said acts occurred (the third and fourth pleading requirements). *Paragon Services, Inc.,* 843 F.Supp. at 1081. The Court held that "[w]hile plaintiff states that defendants' alleged conduct occurred at thirty-five installations over the past two years, plaintiff has not identified the particular installations and has not identified a more precise time frame." *Id.* As a result, the court in *Paragon* dismissed said claims.

51.     As in *Paragon,* Count V of Plaintiffs' Complaint is fatally defective in that Plaintiffs have failed to specifically allege the exact infringing acts that Mr. Gressett engaged in, and when those acts occurred. As a result, Plaintiffs have failed to meet the third and fourth pleading elements for their claim of Copyright Infringement in Count V.

18

Plaintiffs' Complaint simply sets forth conclusory allegations that Mr. Gressett and other defendants have infringed Plaintiffs' copyrights merely by their unauthorized access to Plaintiffs' products. Complaint ¶¶ 52 and 53. In fact, Count V even fails to specifically allege that Mr. Gressett did more than access Plaintiffs' products without authorization. While Plaintiffs' Complaint alleges that Mr. Gressett infringed Plaintiffs' copyrights "by reproducing, distributing and/or displaying such photographs", Plaintiffs fail to allege what specific copyrights Mr. Gressett copied, distributed and/or displayed, how they did so, or when they did so. *Id.*

52. Count V of Plaintiffs' Complaint lacks any allegations as to when Mr. Gressett allegedly engaged in **any** infringing activity. Indeed, in Count V, Plaintiffs do not even allege a general timeframe in which Mr. Gressett's alleged infringement occurred, let alone specific dates. Even if the Court can somehow infer a general timeframe in which the alleged infringement occurred, from a subsequent allegation in Count VIII of the Complaint, the District Court in Paragon held that a vague reference, such as Plaintiffs' claim in Paragraph 76 that the Defendants engaged in criminal copyright infringement "over the past four years," is insufficient to withstand a motion to dismiss. *See Paragon Services, Inc.*, 843 F. Supp. at 1081.

### ii. Count VIII for Violation of Civil RICO is Insufficient as a Matter of Law

53. There are several reasons why dismissal of Plaintiffs' RICO claim in Count VIII is warranted. First and foremost, Count VIII fails because it is predicated upon a claim

19

of copyright infringement, which itself is deficient as a matter of law and subject to dismissal (as provided above in greater detail). *See Paragon Services, Inc.*, 843 F.Supp. at 1081.

54. Second, Plaintiffs' RICO claim in Count VIII can not be predicated upon direct copyright infringement, but upon criminal copyright infringement under 17 U.S.C. § 506. See 18 U.S.C. § 1961. Criminal copyright infringement under 17 U.S.C. § 506(a)(1) is committed if the person infringes a copyright:

A. for purposes of commercial advantage or private financial gain;

B. by the reproduction or distribution, including by electronic means, during any 180-day period, of 1 or more copies or phonorecords of 1 or more copyrighted works, which have a total value of more than $1,000; or

C. by the distribution of a work being prepared for commercial distribution, by making it available on a computer network accessible to members of the public, if such person knew or should have known that the work was intended for commercial distribution.

*See Internet Archive v. Shell*, 505 F.Supp.2d 755, 768 (D.Colo. 2007) (citing 17 U.S.C. § 506(a)(1)).

52. Again, Count VIII of Plaintiffs' Complaint contains nothing more than conclusory allegations that Defendants' (including Gressett's) infringement of Plaintiffs' copyright was willful, for the purpose of commercial advantage or private financial gain, and was thus criminal. See Complaint ¶¶ 73 and 74. Plaintiffs' allegations are vague, and the Complaint does not detail what precise acts of infringement were committed by Gressett, or the period during which said acts were committed. Indeed, Count VIII of Plaintiffs' Complaint provides no specific factual allegations or support for the claim against Gressett. As such, Count VIII fails to sufficiently plead the elements of criminal copyright

20

infringement. Specifically, Plaintiffs' Complaint fails to allege: (1) that Gressett, or anyone acting at his direction, reproduced or distributed one or more of the copyrighted works within a 180-day period; or (2) that Gressett, or anyone acting at his direction, distributed Plaintiffs' copyrighted materials by making them accessible to the public.

53.    Third, when a plaintiff seeks to assert a RICO claim against more than one defendant, as in Count VIII of Plaintiffs' Complaint, the plaintiff is under an obligation to specify which defendant committed the acts giving rise to the claim. *See Internet Archive v. Shell,* 505 F.Supp.2d at 768, *citing Brooks v. Bank of Boulder,* 891 F.Supp. 1469, 1477 (D.Colo. 1995). Plaintiffs' general allegations in the Complaint, and the allegations in Count VIII, fail to specify the acts each defendant engaged in giving rise to RICO activity. *See* Plaintiffs' Complaint ¶¶ 72-78. Again, nowhere in the Complaint do Plaintiffs allege what Gressett has specifically done to infringe Plaintiffs' copyrights, when Gressett engaged in such conduct, or what wrongful acts Gressett has allegedly committed to give rise to a claim for RICO.

54.    Lastly, Count VIII of Plaintiffs' Complaint fails to satisfy the pleading requirements for a RICO enterprise. In order to properly set forth any RICO claim for enterprise liability, Plaintiffs must properly assert the existence of a racketeering enterprise. *See Internet Archive v. Shell,* 505 F.Supp.2d at 768. Plaintiffs must allege:

1.    an ongoing organization with a decision-making framework or mechanism for controlling the group;

2.    that various associates function as a continuing unit; and

21

3.     that the enterprise exists separate and apart from the pattern of racketeering activity.

*See id, citing U.S. v. Smith,* 413 F.3d 1253, 1266-67 (10th Cir. 2005)

55.     Despite these clear requirements, Count VIII of Plaintiffs' Complaint is completely void of any facts satisfying the requisite pleading allegations. *See* Plaintiffs' Complaint ¶¶ 72-78.   Plaintiffs' Complaint merely alleges "[t]hrough their consistent interactions and dealings with each other, and because their relationship is in part based on the willful and criminal infringement of CoStar's copyrights and other rights, Defendants are associated in fact and constitute an 'enterprise' for the purposes of 18 U.S.C. § 1961(4)."   However, such a conclusory and unsupported allegation is insufficient as a matter of law to sustain a claim for RICO enterprise liability. *See id.*

## V.     MOTION TO TRANSFER

### A.     IN THE ALTERNATIVE, TRANSFER OF THIS CASE TO THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION IS APPROPRIATE UNDER FED. R. CIV. P. 12(B)(3) AND 28 U.S.C. § 1404(A).

#### i.     Dismissal/Transfer is Appropriate Pursuant to FED.R.CIV.P. 12(b)(3).

55.     All aforementioned undisputed material facts are hereby incorporated by reference.

56.     Venue is improper in the District of Maryland, Greenbelt Division.   Plaintiff contends that venue is proper under 28 U.S.C. § 1391(b).   28 U.S.C. § 1391(b)(2) provides venue in a civil action in a district in which a "substantial part of the events or omissions giving rise to the claim occurred..."   To determine whether a substantial part of the events or omissions occurred in a particular venue, courts examine the entire sequence of events

22

underlying the claim and not a single event. *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001). Mr. Gressett has not traveled to, conducted business in, or committed any tort in Maryland. Thus, no substantial part of the events or omissions giving rise to the claim occurred in Maryland, and Plaintiffs' choice of venue is improper under 28 U.S.C. § 1391(b)(2).

57. Further, the venue provision of the Copyright Act provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). It is widely accepted that, for the purposes of this venue provision, a defendant is "found" wherever personal jurisdiction can be properly asserted against it. *Linzer v. EMI Blackwood Music, Inc.*, 904 F. Supp. 207, 214 (S.D.N.Y. 1995). Therefore, if Mr. Gressett is not subject to the personal jurisdiction of this Court, then venue is not proper in this District.

58. Accordingly, venue is not proper in the District of Maryland pursuant to 28 U.S.C. §§ 1400(a) or 1391(b). As such, an order dismissing the Complaint due to improper venue or, in the alternative, transferring this suit to the United States District Court for the Southern District of Texas, Houston Division, is appropriate.

## ii. Transfer is Appropriate Under 28 U.S.C. § 1404(a)

59. All aforementioned undisputed material facts are hereby incorporated by reference.

23

60.     While Defendant contends that there is no personal jurisdiction over him, as indicated above, the jurisdictional facts also support an alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a). This motion to transfer venue is filed in the alternative and subject to the Defendant's Motion to Dismiss and/or Transfer pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).

61.     Defendant seeks a transfer of this action to the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404(a), which provides as follows:

> "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

62.     A court's decision whether or not to transfer a case under § 1404(a) is discretionary. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

### iii.     Plaintiff's Choice of Forum

63.     A plaintiff's choice of forum is one of several factors to be considered under a 28 U.S.C. §1404(a) venue transfer analysis. *In re Volkswagen of America, Inc.*, 506 F.3d 376, 380 (5th Cir. 2007). Although a plaintiff's choice of forum is entitled to deference, a party seeking to transfer need only show good cause that the transfer is "[f]or convenience of parties and witnesses, in the interest of justice." *Id.* at 384. A plaintiff's choice of forum is a

24

factor to be considered, but it is neither controlling or determinative. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003).

64.     If the court does not dismiss this case against Mr. Gressett, a transfer of this case to the Southern District of Texas, Houston Division would be more convenient for the parties, key witnesses, and would be in the interest of justice.

## V. CONCLUSION

65.     As the facts and analysis above demonstrate, Defendant has no minimum contacts with Texas. Furthermore, the Court's assumption of jurisdiction over Defendant would offend traditional notions of fair play and substantial justice and would be inconsistent with due process. Further, Plaintiff has failed to state a claim for copyright infringement and Civil RICO. For these reasons, Defendant asks the Court to dismiss the Complaint pursuant to FED.R.CIV.P. 12(b)(2) and 12(b)(6).

66.     In the alternative, the relevant factors weigh heavily in favor of Defendant's motion to dismiss and/or transfer pursuant to FED.R.CIV.P. 12(b)(3). Finally, in the alternative, this case should be transferred to the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404(a).

Defendant Gressett's Motion to Dismiss
and alternatively, Motion to Transfer Venue

Respectfully submitted,

*Mary-Olga Lovett*

By: _____

**GREENBERG TRAURIG, L.L.P.**
Mary-Olga Lovett
Texas Bar No. 00789289
Pamela A. Ferguson
Texas Bar No. 24059743
1000 Louisiana, Suite 1800
Houston, Texas 77002
Telephone:   713-374-3500
Facsimile:    713-374-3505

Steven M. Schneebaum
U.S.D.C. of Maryland Bar No. 04160
2101 L Street, N.W.
Suite 1000
Washington, D.C. 20037
Telephone:  202-530-8544
Facsimile:   202-261-2665

**Attorneys for Defendant**
**Russ A. Gressett**

26

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure and has been served upon the following counsel of record this 1st day of May, 2008, by Notices of Electronic Filing generated by CM/ECF.

Pamela A. Ferguson

Shari Ross Lahlou
Sanya Sarich
William J. Sauers
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  2004
Ph:  202 624.2500
Fax: 202 628.5116


R. Wayne Pierce
The Pierce law Firm LLC
133 Defense Hwy Ste 106
Anapolis, MD 21401-7015
Ph:  410 573.9959
Fax: 410 573.9956

Gary A. Woodfield
Simeon D. Brier
One North Clematis Street, Suite 400
West Palm Beach, FL 33401
Ph:  561 833.7700
Fax:  561 655.8719

James E. Armstrong, IV
1875 Eye Street, NW
Washington, DC 20006
Ph:  202 478.7370
Fax:  202 478.7380

27