**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

COSTAR REALTY INFORMATION, INC.,
et anno,

                              Plaintiffs,                              **Case No.: 8:08-CV-00663-AW**

v.

MARK FIELD D/B/A ALLIANCE
VALUATION GROUP, et al.

                              Defendants.
_____/

**DEFENDANT, LAWSON VALUATION GROUP, INC.'S REPLY**
**TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Defendant, Lawson Valuation Group, Inc. ("Lawson"), by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(e), hereby files its Reply to CoStar Realty Information, Inc., and CoStar Group Inc., (collectively "CoStar" or "Plaintiffs") Response in Opposition to Lawson's Motion to Dismiss, and in support thereof states as follows:

**INTRODUCTION**

Lawson is a closely held Florida corporation based in Palm Beach County, Florida that performs real property valuations and appraisals. The company serves the Florida market, with a specialty in South Florida's residential, commercial and agricultural properties. Plaintiffs brought this action against Lawson, amongst others, for copyright infringement, breach of contract, Civil RICO, and for fraud and related activity in connection with computers in violation of 18 U.S.C. § 1030. Lawson moved to dismiss all counts of the Complaint and, on May 19, 2008, Plaintiff filed a Response in opposition to Lawson's motion (the "Response"). This Reply hereby adopts the Reply filed by Defendant Gresset to the Response on June 20, 2008, and further clarifies the misstatements of law raised in Plaintiffs' Response, especially those regarding Plaintiffs' alleged claim for violation under 18 U.S.C. §1030.

PMB 356629.2

Dockets.Justia.com

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Reply to Response to Motion
To Dismiss Amended Complaint

### STANDARD OF REVIEW

Although on a motion to dismiss, a district court must accept as true the allegations in the complaint, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Allmond v. Bank of America*, 2008 WL 205320 (M.D. Fla. 2008) citing *Jackson v. Bellsouth Telecomms*, 372 F.3d 1250 (11th Cir. 2004). "To survive a motion to dismiss, a complaint must in light of the nature of the action...sufficiently allege each element of the cause of action so as to inform the opposing party of the claim and its general basis." *IFast, Ltd. v. Alliance for Telecommunications*, 2007 WL 3224582 (D. Md. 2007) quoting *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005)(internal quotations omitted). "A motion to dismiss under Rule 12(b) should be granted when the facts pled have not nudged a plaintiff claim across the line from conceivable to plausible..." *Id.* citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). "In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiffs' legal conclusions." *Id.* quoting *Young v. City of Mount Rainer*, 238 F.3d 567, 577 (4th Cir. 2001).

### PLAINTIFFS HAVE NOT SUFFERED THE TYPE OF LOSS REQUIRED TO SUPPORT A CLAIM UNDER 18 U.S.C. §1030, NOR HAVE THEY PROPERLY ALLEGED SAID CLAIM TO WITHSTAND DISMISSAL

Plaintiffs make three basic arguments in their response: (1) the statute should include copyright violations; (2) this Court should read the statute broadly and ignore its plain language in order to find in favor of Plaintiffs; and (3) the majority of courts have done so and so should this court. However, none of these arguments are correct and indeed recent case law out of several circuits differs with Plaintiffs.

First, Plaintiffs argue that in the absence of, and instead of showing, an "interruption of service," they should be able to bundle all of their alleged losses for copyright infringement and

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Reply to Response to Motion
To Dismiss Amended Complaint

use them to support a claim under the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. §1030. Plaintiffs attempt to do so when they have conceded that they have not suffered an interruption of service or any of the losses and damages enumerated by the statute. Indeed, Plaintiffs ignore that their alleged "loss" is neither specifically plead nor substantiated with anything more than vague conclusory statements. While Plaintiffs' position might have held ground based upon the prior reading of the statute, as Lawson previously stated in its Motion to Dismiss, the 2001 amendment to the statute made clear that such alleged damages are not recoverable as they are not related to the interruption of service and do not constitute "loss".[1]

In their Response, Plaintiffs contend this Court should interpret the statute to expand its reading to include alleged copyright infringement as a basis for a CFAA claim. Nevertheless, they ignore the axiom that "Title 18, U.S.C. Section 1030 is a criminal statute...[a]s such, it is narrowly construed and encompasses only that conduct Congress intended to criminalize." *Chas S. Winner v. Polistina*, 2007WL1652292 (D. N.J. 2007) citing *Dowling v. United States*, 473 U.S. 207 (1985). See *Id.* ("It follows then-unless it expressly states otherwise-that when Congress created a private cause of action within this criminal statute it intended to limit that cause of action to the conduct reached by the criminal statute.").

Lastly, Plaintiff argues that Lawson's cases "stand in the distinct minority among federal cases" and that the majority of courts support Plaintiffs' own interpretation. *See* Plaintiffs' Response, pages 13-14. However, Plaintiffs' argument is flawed. First, none of the cases cited by Plaintiffs state or represent the majority of courts, nor are they binding upon this Court.

---

[1] See Lawson's Motion to Dismiss: "This narrowing of the CFAA's definition of "loss" was part of the CFAA Amendments in 2001, wherein definitions to "damage" and "loss" were added to the statute. *Cohen v. Gulfstream Training Academy, Inc.*, 2008 WL 961472 (S.D. Fla. 2008). "Loss" is now defined as "any reasonable cost to any victim, including the cost of responding to any offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense and any revenue lost, cost incurred, or other consequential damages **incurred because of interruption of service**." 18 U.S.C. § 1030(e)(11)(emphasis added)."

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Reply to Response to Motion
To Dismiss Amended Complaint

Indeed, Plaintiffs fail to cite any cases from the Fourth Circuit. Instead, the cases cited by Plaintiffs represent a series of decisions in which courts have based their rulings <u>on precedent dated prior to the 2001 amendment to the statute</u>. In fact, *Therapeutic Research, Charles Schwab* and some of the other cases relied upon by these two cases and cited to by Plaintiffs in their Response are based upon the *Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc.* 119 F.Supp.2d 1121 (W.D. Wash. 2000) decision. *See* Plaintiffs' Response, page 14. Several courts have already addressed the improper use of **pre-2001** amendment precedent and held that those cases are no longer persuasive. *See Ceneveo Corp. v. Celumsolutions Software GMBH & Co.,* 504 F.Supp.2d 574, 581 (D. Minn. 2007)("Similarly, *EF Cultural Travel BV v. Explorica, Inc.,* 274 F.3d 577, 585 (1st Cir. 2001) and *Shugard Storage Centers v. Safeguard Self Storage, Inc.,* 119 F.Supp.2d 1121, 1127 (W.D. Wash. 2000) are **inapposite** because **they rely on a previous version of the CFAA that did not define 'loss.'**")(emphasis added); *see also Garelli Wong & Associates v. Nichols,* 2008WL161790 (N.D. Ill. 2008)("We also point out that **the CFAA was amended after the decision in *Shugard*** [citations omitted], a case relied on in *Hostetler*. Such reliance is no longer compelling in light of the statutory amendment and other cases decided **post-amendment**.")(emphasis added).

Furthermore, since the cases relied upon by Plaintiff are predicated upon precedent interpreting the pre-2001 CFAA statute, those cases are now in the minority and frowned upon by recent decisions.[2] *See Garelli Wong,* 2008WL161790 (disapproving case law predicated upon pre-2001 amendment decisions such as *Shurgard*).

---

[2] "Courts disagree on the definition of "loss" and some hold that it is sufficient to plead unauthorized access and use of proprietary information. *See, e.g., Sw. Airlines Co. v. Farechase, Inc.,* 318 F.Supp.2d 435, 439 (N.D.Tex.2004) (complaint that alleged loss of at least $5,000 sufficiently pled CFAA claim); *H & R Block E. Enter., Inc. v. J & M Secs., LLC,* No. 05-1056, 2006 WL 1128744, at *4 (W.D.Mo. Apr. 24, 2006) (allegations that the defendant's "unlawful and unauthorized access and use of ... confidential customer information" caused the plaintiff to suffer at least $5,000 in damages, including response costs, was sufficient to survive motion to dismiss); *HUB Group, Inc. v.*

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Reply to Response to Motion
To Dismiss Amended Complaint

Indeed, a majority of recent decisions agree that the loss/damages must relate to an interruption of service and that attempts to include other alleged damages are inappropriate. *See Cohen v. Gulfstream Training Academy, Inc.*, 2008WL961472 (S.D. Fla. 2008)("The Court grants [defendant's] motion for partial summary judgment in that lost profits stemming from [defendant's] copying of customer information is not compensable under the CFAA."); *see also Modis, Inc. v. Bardelli*, 531 F.Supp.2d 314, 320 (D. Conn. 2008)("The Second Circuit has observed that according to the plain language of the statute, CFAA 'treats lost revenue as a different concept from incurred cost,' and permits recovery of lost revenue **only when connected to 'an interruption in service.'**")(emphasis added); *see also Hasan v. Foley & Lardner, LLP*, 2007WL2225831 (N.D. Ill. 2007)("The additional types of damages awarded by courts under the Act have generally been limited to those costs necessary to assess the damage caused to the plaintiff's computer system or to resecure the system in the wake of a hacking attack...the losses that Foley is alleging are, in a word, speculative."); *see also Chas S. Winner v. Polistina*, 2007WL1652292 (D. N.J. 2007)("We agree with the analysis in *Nexus* that the meaning of the loss under the statute must pertain to a cost of investigating or remedying damage to a computer, or a cost incurred because the computer service was interrupted".... "[i]f such [other] conduct violates the CFAA there would be no principled limit to the kind of business disputes that Section 1030, and perforce its private right of action, would reach."); *see also Garelli Wong & Associates v. Nichols*, 2008WL161790 (N.D. Ill. 2008)("Though Garelli Wong would like us to believe that recent amendments to the CFAA are intended to expand the use of

---

*Clancy*, No. 05-2046, 2006 WL 208684, at *3-4 (E.D.Pa. Jan. 25, 2006) (allegations that the integrity of the plaintiff's computer database was damaged through the defendant's unauthorized access to confidential information constituted damages under CFAA). The Court disagrees with these decisions, as they ignore the plain definition of "loss" provided in § 1030(e)(11), which requires damages caused by an interruption of service. Similarly, *EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 585 (1st Cir.2001) and *Shurgard Storage Centers v. Safeguard Self Storage, Inc.*, 119 F.Supp.2d 1121, 1127 (W.D.Wash.2000) are inapposite because they rely on a previous version of the CFAA that did not define 'loss.'" *Cenveo*, 504 F.Supp.2d at 581.

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Reply to Response to Motion
To Dismiss Amended Complaint

the CFAA to cases where a trade secret has been misappropriated through the use of a computer, we do not believe that such conduct alone can show 'impairment of the integrity or availability of data, a program, a system, or information.'"); *see also Cenveo Corp. v. Celumsolutions Software GMBH & Co.*, 504 F.Supp.2d 574 (D. Minn. 2007)[3].

Even if Plaintiffs' contention that loss does not require interruption of service were correct, Plaintiffs' claim under 18 U.S.C. §1030 is still defective and subject to dismissal as Plaintiffs have failed to properly allege "loss". In support of their CFAA claim, Plaintiffs merely allege that they have suffered "damages" and the amount of their loss in the aggregate exceeds $5,000.00 in a one year period. Plaintiffs fail to provide any clarity to their alleged damages or loss. Plaintiffs do not allege that Lawson's purported infringement of Plaintiffs' copyrights impaired the integrity or availability of data, a program, a system or information, as required. *See id.* Nor have Plaintiffs alleged that their damages or loss are related to the costs of remedying or investigating a computer system damaged by the acts of a defendant. *See Chas S. Winner v. Polistina*, 2007WL1652292 (D. N.J. 2007). Even in applying the specific language of the CFAA, Plaintiffs claim fails as a matter of law. The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030 (e)(11). Plaintiffs have failed to allege, nor can they allege, that their "damages" resulted from the above type of "loss" and as a result, their CFAA claim against Lawson must be dismissed as a matter of law.

---

[3] "The Amended Complaint alleges that Wilker damaged Cenveo by wrongfully and intentionally accessing its computer system. Notably, however, the Amended Complaint is devoid of allegations that Wilker's access caused an interruption in service or that Cenveo incurred costs associated with responding and conducting damage assessment. As such, the Amended Complaint fails to adequately plead "loss" as defined by the CFAA. Consequently, the claim fails as a matter of law."

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Reply to Response to Motion
To Dismiss Amended Complaint

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint against Lawson should be dismissed, in addition to granting Lawson such further and additional relief as this Court deems just and proper.

**EDWARDS ANGELL PALMER & DODGE LLP**

By:     /s/     Gary A. Woodfield
      **Gary A. Woodfield**
      Florida Bar No.: 563102
      **Simeon D. Brier**
      Florida Bar No.: 525782
      One North Clematis Street, Suite 400
      West Palm Beach, FL  33401
      Telephone: (561) 833-7700
      Facsimile:  (561) 655-8719

      **James E. Armstrong, IV**
      U.S.D.C. of Maryland Bar No.: 14592
      1875 Eye Street, NW
      Washington, DC, 20006
      Telephone (202) 478-7370
      Fax 202.478.7380

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Reply to Response to Motion
To Dismiss Amended Complaint

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Gary A. Woodfield
Gary A. Woodfield

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson's Reply to Response to Motion
To Dismiss Amended Complaint

## SERVICE LIST

CoStar Realty Information, Inc., et al. v. Mar Field d/b/a Alliance Valuation Group, et al.
**Case No.: 8:08-CV-00663-AW**
United States District Court, District of Maryland (GreenBelt Division)

| | |
|---|---|
| **Shari Ross Lahlou**<br>slahlou@crowell.com<br>**Sanya Sarich**<br>ssarich@crowell.com<br>**William J Sauers**<br>wsauers@crowell.com<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 624-2500<br>Facsimile: (202) 624-2500<br><br>*Attorneys for Plaintiffs' CoStar Realty Information, Inc. and CoStar Group, Inc.* | **R Wayne Pierce**<br>wpierce@adventurelaw.com<br>The Pierce Law Firm LLC<br>133 Defense Hwy Ste 106<br>Annapolis, MD 21401-7015<br>Telephone: (410) 573-9959<br>Fax: (410) 573-9956<br><br>*Attorneys for Defendant Mark Field doing business as Alliance Valuation Group and Pathfinder Mortgage Company* |
| **Mary Olga Lovett**<br>lovettm@gtlaw.com<br>**Pamela Anne Ferguson**<br>fergusonp@gtlaw.com<br>**Steven M Schneebaum**<br>schneebaums@gtlaw.com<br>Greenberg Traurig LLP<br>1000 Louisiana St Ste 1800<br>Houston, TX 77002<br>Telephone: (713) 374-3500<br>Fax: (713) 374-3505<br><br>*Attorneys for Defendant Russ A. Gressett* | |