**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **CoSTAR REALTY INFORMATION, INC.,** *et al.*, <br>    **Plaintiffs,** <br><br> v. <br><br> **Mark Field d/b/a Alliance Valuation Group,** *et al.*, <br>    **Defendants.** | **CIVIL ACTION NO. <u>AW -08-663</u>** |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY
DEMAND OF DEFENDANT RUSS A. GRESSETT
<u>TO PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

  Defendant Russ A. Gressett ("Gressett" or "Defendant"), by and through undersigned counsel, for his Answer to Plaintiffs' First Amended Complaint (the "Amended Complaint"), denies each and every allegation of the Amended Complaint except as expressly admitted or otherwise responded to herein, and in response to each of the numbered paragraphs of the Amended Complaint, states as follows:

PARTIES

  1. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 1 of Plaintiffs' Amended Complaint.

  2. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 2 of Plaintiffs' Amended Complaint.

  3. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.

  4. Gressett is without knowledge sufficient to admit or deny the

*HOU 406,262,741v2*

allegations in Paragraph 4 of Plaintiffs' Amended Complaint.

5. Gressett admits that he is a Texas resident doing business as TGC Royalty Counselors with a principal place of business in Houston, Texas.

6. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 6 of Plaintiffs' Amended Complaint.

7. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 7 of Plaintiffs' Amended Complaint.

8. Gressett is without knowledge sufficient to admit or deny the allegations in the first and third sentences of Paragraph 8 of Plaintiffs' Amended Complaint. Gressett is without knowledge or information sufficient to admit or deny the allegations in the second an fourth sentences of Paragraph 8 as they pertain to the other defendants. Gressett denies the remaining allegations of Paragraph 8.

## JURISDICTION AND VENUE

9. The allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint are legal in nature, and a response is not required thereto; however, to the extent that a response may be required, Gressett denies the allegations in Paragraph 9.

10. The allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint are legal in nature, and a response is not required thereto; however, to the extent that a response may be required, Gressett denies the allegations in Paragraph 10.

11. The allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint are legal in nature, and a response is not required thereto; however, to the

extent that a response may be required, Gressett denies the allegations in Paragraph 11.

12. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 12 of Plaintiffs' Amended Complaint.

13. The allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint are legal in nature, and a response is not required thereto; however, to the extent that a response may be required, Gressett is without knowledge sufficient to admit of deny the allegations as to the other defendants, and Gressett denies the remaining allegations in Paragraph 13.

## BACKGROUND

14. Gressett admits that CoStar is a national commercial real estate information service provider. Otherwise, Gressett is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 14 of Plaintiffs' Amended Complaint.

15. Gressett admits that CoStar's photographs and other information in CoStar's databases are not part of a repository of information generally available for free. Otherwise, Gressett is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 15 of Plaintiffs' Amended Complaint.

16. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 16 of Plaintiffs' Amended Complaint.

17. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 17 of Plaintiffs' Amended Complaint.

18. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 19 of Plaintiffs' Amended Complaint.

20. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 20 of Plaintiffs' Amended Complaint.

21. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 21 of Plaintiffs' Amended Complaint.

22. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 22 of Plaintiffs' Amended Complaint.

23. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 23 of Plaintiffs' Amended Complaint.

24. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 24 of Plaintiffs' Amended Complaint.

## EVENTS GIVING RISE TO THE LAWSUIT

25. Gressett admits that Alliance Valuation Group signed a License Agreement with CoStar. Otherwise, Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 25 of Plaintiffs' Amended Complaint.

26. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 26 of Plaintiffs' Amended Complaint.

27. Gressett specifically denies any wrongdoing on his part and affirmatively states that he paid Alliance Valuation Group a subscription fee for his

CoStar user name and passcode. Otherwise, Gressett is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 27 of Plaintiffs' Amended Complaint.

28. Gressett specifically denies any wrongdoing on his part and affirmatively states that he paid Alliance Valuation Group a subscription fee for what he believed to be a valid CoStar user name and passcode. Gressett further states that he did not enable third parties to use CoStar's commercial real estate information services without paying subscription fees.

29. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 29 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 29.

30. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 30 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 29.

31. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 31 of Plaintiffs' Amended Complaint.

COUNT I
BREACH OF CONTRACT BY ALLIANCE

32. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 32 of Plaintiffs' Amended Complaint.

33. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 33 of Plaintiffs' Amended Complaint.

34. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 34 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 34.

35. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 35 of Plaintiffs' Amended Complaint.

## COUNT II
## BREACH OF CONTRACT BY
## LAWSON, GRESSETT, GATEEL, PATHFINDER AND DOES

36. Gressett incorporates his answer and defenses to Paragraphs 1-35 by reference as though fully set forth herein.

37. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 37 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 37.

38. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 38 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 38.

39. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 39 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 39.

## COUNT III
## FRAUD BY ALLIANCE AND GRESSETT

40. Gressett incorporates his answer and defenses to Paragraphs 1-39 by reference as though fully set forth herein.

41. Gressett is without knowledge sufficient to admit or deny the

allegations in Paragraph 41 of Plaintiffs' Amended Complaint.

42. Gressett is without knowledge sufficient to admit or deny the allegations in the second sentence of Paragraph 39 of Plaintiffs' Amended Complaint and denies the remaining allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint.

43. Gressett denies the allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT
## AND PROSPECTIVE BUSINESS RELATIONSHIP BY ALLIANCE

44. Gressett incorporates his answer and defenses to Paragraphs 1-43 by reference as though fully set forth herein.

45. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 45 of Plaintiffs' Amended Complaint.

46. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 46 of Plaintiffs' Amended Complaint.

47. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 47 of Plaintiffs' Amended Complaint.

48. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 48 of Plaintiffs' Amended Complaint.

## COUNT V
## DIRECT COPYRIGHT INFRINGEMENT BY
## LAWSON, GRESSETT, GATEEL, PATHFINDER AND DOES

49. Gressett incorporates his answer and defenses to Paragraphs 1-48 by

reference as though fully set forth herein.

50. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 50 of Plaintiffs' Amended Complaint.

51. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 51 of Plaintiffs' Amended Complaint.

52. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 52 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 52.

53. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 53 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 53.

54. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 54 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 54.

55. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 55 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 55.

56. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 56 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 56.

# COUNT VI
# CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT BY ALLIANCE

57. Gressett incorporates his answer and defenses to Paragraphs 1-56 by reference as though fully set forth herein.

58. Gressett denies that he has infringed CoStar's copyrights. Otherwise, Gressett is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 58 of Plaintiffs' Amended Complaint.

59. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 59 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 59.

60. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 60 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 60.

61. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 61 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 61.

62. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 62 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 62.

63. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 63 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 63.

64. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 64 of Plaintiffs' Amended Complaint.

65. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 65 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 65.

66. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 66 of Plaintiffs' Amended Complaint.

## COUNT VII
## VIOLATION BY LAWSON, GRESSETT, GATEEL, PATHFINDER AND DOES OF § 18 U.S.C. 1030: FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

67. Gressett incorporates his answer and defenses to Paragraphs 1-66 by reference as though fully set forth herein.

68. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 68 of Plaintiffs' Amended Complaint.

69. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 69 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 69. Gressett specifically denies any wrongdoing on his part, and he affirmatively states that CoStar authorized him to use its website.

70. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 70 of Plaintiffs' Amended Complaint and denies any wrongdoing on his part.

71. Gressett is without knowledge sufficient to admit or deny the allegations in Paragraph 71 of Plaintiffs' Amended Complaint about the conduct of the other defendants and denies the remaining allegations of Paragraph 71.

## COUNT VIII
## CIVIL RICO VIOLATIONS BY ALL DEFENDANTS

72. The allegations contained in Paragraphs 72 of Plaintiff's Amended Complaint have been dismissed, and therefore, no responsive pleading is necessary.

73. The allegations contained in Paragraphs 73 of Plaintiff's Amended Complaint have been dismissed, and therefore, no responsive pleading is necessary.

74. The allegations contained in Paragraphs 74 of Plaintiff's Amended Complaint have been dismissed, and therefore, no responsive pleading is necessary.

75. The allegations contained in Paragraphs 75 of Plaintiff's Amended Complaint have been dismissed, and therefore, no responsive pleading is necessary.

76. The allegations contained in Paragraphs 76 of Plaintiff's Amended Complaint have been dismissed, and therefore, no responsive pleading is necessary.

77. The allegations contained in Paragraphs 77 of Plaintiff's Amended Complaint have been dismissed, and therefore, no responsive pleading is necessary.

78. The allegations contained in Paragraphs 78 of Plaintiff's Amended Complaint have been dismissed, and therefore, no responsive pleading is necessary.

79. Gressett denies that he is liable to Plaintiffs in any manner whatsoever and denies each and every allegation contained in the Prayer for Relief separately and severally to the extent said allegations imply any wrongdoing by Gressett. Gressett

further denies that Plaintiffs are entitled to any of the relief requested in the "Wherefore" Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

80. Plaintiffs have failed to state a claim in the Complaint against him upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

81. Plaintiffs' claims are barred by laches.

### THIRD AFFIRMATIVE DEFENSE

82. If Plaintiffs suffered the damages alleged, which Gressett expressly denies, then all such damage was caused by persons or parties other than Gressett, including Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

83. If Plaintiffs suffered the damages alleged, which Gressett expressly denies, then such resulted from other and further reason for which Gressett would not be responsible.

### FIFTH AFFIRMATIVE DEFENSE

84. Plaintiffs ratified Gressett's use of one of the user names and passcodes that they issued Alliance Valuation Group.

### SIXTH AFFIRMATIVE DEFENSE

85. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

86. Plaintiffs' claims are barred by the doctrine of unclean hands or *in pari delicto*.

### EIGHTH AFFIRMATIVE DEFENSE

87. Defendant has performed each and every duty, if any, owing by law to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

88. Plaintiffs have not been damaged in the manner or to the extent alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

89. If defendants committed any wrongdoing, which Gressett expressly denies, then Plaintiff's claims are barred by an election of remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

90. Gressett has not infringed copyright registrations which are the subject of the Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

91. If Plaintiffs suffered the damages alleged, which Gressett expressly denies, then such damages were caused, in whole or in part, by Plaintiff's failure to mitigate damages.

### JURY DEMAND

83. Gressett by and through his counsel of record, demands a jury trial of all of the issues triable to a jury in the above-referenced matter.

PRAYER

WHEREFORE, Gressett prays for judgment as follows:

A.      That Plaintiffs be awarded nothing in this action, and the action be dismissed in its entirety;

B.      Judgment be entered in favor of Gressett; and

C.      Gressett be awarded its reasonable attorneys' fees and costs of this suit, and such other and further relief as the Court deems just, merited, and equitable.

Respectfully submitted, this 3rd day of April, 2009.

Respectfully Submitted,

**GREENBERG TRAURIG, L.L.P.**

By: /s/Mary-Olga Lovett
Mary-Olga Lovett (*pro hac vice*)
Pamela A. Ferguson (*pro hac vice*)
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone:    713-374-3500
Facsimile:    713-374-3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

Steven M. Schneebaum
Maryland Bar No. 04160
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: 202-530-8544
Facsimile: 202-261-2665
schneebaums@gtlaw.com

**ATTORNEYS FOR DEFENDANT RUSS A. GRESSETT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2009, I have served, pursuant to FED. R. CIV. P. 5, a copy of Defendant Russ Gressett's Original Answer upon all parties via the Court's CM/ECF system.

/s/Pamela A. Ferguson
Pamela A. Ferguson