UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COSTAR REALTY INFORMATION,
INC., et anno,

        Plaintiff,                Case No.: 8:08-CV-00663-AW

v.

MARK FIELD D/B/A ALLIANCE
VALUATION GROUP, et al.,

        Defendants.
_____/

## DEFENDANT, LAWSON VALUATION GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO FIRST AMENDED COMPLAINT

Defendant, Lawson Valuation Group, Inc. ("Lawson"), by and through its undersigned counsel, hereby files his Answer and Affirmative Defenses to the First Amended Complaint (the "Complaint") filed by Plaintiffs, CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively "Plaintiffs"), and in support thereof states as follows:

1.     Lawson is without knowledge as to the allegations contained in Paragraph 1 of the Complaint and they are therefore denied.

2.     Lawson is without knowledge as to the allegations contained in Paragraph 2 of the Complaint and they are therefore denied.

3.     Lawson is without knowledge as to the allegations contained in Paragraph 3 of the Complaint and they are therefore denied.

4.     Admitted.

5.     Lawson is without knowledge as to the allegations contained in Paragraph 5 of the Complaint and they are therefore denied.

6.     Lawson is without knowledge as to the allegations contained in Paragraph 6 of the

CoStar Realty Information, Inc. et al v. Mark Field, et al

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

Complaint and they are therefore denied.

7. Lawson is without knowledge as to the allegations contained in Paragraph 7 of the Complaint and they are therefore denied.

8. Paragraph 8 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson is without knowledge as to the allegations contained therein and they are therefore denied.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson denies the allegations contained therein.

10. Paragraph 10 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson denies the allegations contained therein.

11. Paragraph 11 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson denies the allegations contained therein.

12. Lawson is without knowledge as to the allegations contained in Paragraph 12 of the Complaint and they are therefore denied.

13. Paragraph 13 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson is without knowledge as to the allegations pertaining to the other defendants and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 13 of the Complaint.

## BACKGROUND

14. Paragraph 14 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson is without knowledge as to the allegations contained

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

therein and they are therefore denied.

15. Lawson admits that CoStar's photographs and other information in CoStar's databases are not part of a repository of information generally available for free. Lawson is without knowledge as to the remaining allegations contained in Paragraph 15 of the Complaint and they are therefore denied.

16. Lawson is without knowledge as to the allegations contained in Paragraph 16 of the Complaint and they are therefore denied.

17. Lawson is without knowledge as to the allegations contained in Paragraph 17 of the Complaint and they are therefore denied.

18. Lawson is without knowledge as to the allegations contained in Paragraph 18 of the Complaint and they are therefore denied.

19. Lawson is without knowledge as to the allegations contained in Paragraph 19 of the Complaint and they are therefore denied.

20. Lawson is without knowledge as to the allegations contained in Paragraph 20 of the Complaint and they are therefore denied.

21. Lawson is without knowledge as to the allegations contained in Paragraph 21 of the Complaint and they are therefore denied.

22. Lawson is without knowledge as to the allegations contained in Paragraph 22 of the Complaint and they are therefore denied.

23. Lawson is without knowledge as to the allegations contained in Paragraph 23 of the Complaint and they are therefore denied.

24. Lawson is without knowledge as to the allegations contained in Paragraph 24 of the

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

Complaint and they are therefore denied.

## EVENTS GIVING RISE TO THE LAWSUIT

25. Lawson admits that Alliance Valuation Group signed a License Agreement with Plaintiffs. Lawson is without knowledge as to the remaining allegations contained In Paragraph 25 of the Complaint and they are therefore denied.

26. Lawson is without knowledge as to the allegations contained in Paragraph 26 of the Complaint and they are therefore denied.

27. Lawson specifically denies any wrongdoing on its part, as it paid a subscription fee to Alliance Valuation Group for access to the CoStar system. Lawson is without knowledge as to the remaining allegations contained in Paragraph 27 of the Complaint and they are therefore denied.

28. Paragraph 28 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson is without knowledge as to the allegations contained therein and they are therefore denied.

29. Lawson specifically denies any wrongdoing on its part, as it paid a subscription fee to Alliance Valuation Group for access to the CoStar system. Lawson is without knowledge as to the remaining allegations contained in Paragraph 29 of the Complaint and they are therefore denied.

30. Lawson is without knowledge as to the allegations contained in Paragraph 30 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. Lawson admits that it paid Alliance Valuation Group a fee for access to the CoStar

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

system. Lawson denies the remaining allegations contained in Paragraph 31 of the Complaint.

## COUNT I

### BREACH OF CONTRACT BY ALLIANCE

32.     Lawson re-asserts its responses to Paragraphs 1-31 of the Complaint, as if fully set forth herein.

33.     Paragraph 33 of the Complaint does not require a response from Lawson. To the extent a response is required, the allegations contained therein are denied.

34.     Paragraph 34 of the Complaint does not require a response from Lawson. To the extent a response is required, the allegations contained therein are denied.

35.     Paragraph 35 of the Complaint does not require a response from Lawson. To the extent a response is required, the allegations contained therein are denied.

## COUNT II

### BREACH OF CONTRACT BY LAWSON, GRESSETT, GATEEL, PATHFINDER AND DOES

36.     Lawson re-asserts its responses to Paragraphs 1-35 of the Complaint, as if fully set forth herein.

37.     Lawson is without knowledge as to the allegations contained in Paragraph 37 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.     Lawson is without knowledge as to the allegations contained in Paragraph 38 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Lawson is without knowledge as to the allegations contained in Paragraph 39 of the

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 39 of the Complaint.

## COUNT III

### FRAUD BY ALLIANCE AND GRESSETT

40. Lawson re-asserts its responses to Paragraphs 1-39 of the Complaint, as if fully set forth herein.

41. Paragraph 41 of the Complaint does not require a response from Lawson. To the extent a response is required, the allegations contained therein are denied.

42. Paragraph 42 of the Complaint does not require a response from Lawson. To the extent a response is required, the allegations contained therein are denied.

43. Paragraph 43 of the Complaint does not require a response from Lawson. To the extent a response is required, the allegations contained therein are denied.

## COUNT IV

### TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE BUSINESS RELATIONSHIP BY ALLIANCE

44. Lawson re-asserts its responses to Paragraphs 1-43 of the Complaint, as if fully set forth herein.

45. Paragraph 45 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson is without knowledge as to the allegations contained therein, and they are therefore denied.

46. Paragraph 46 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson is without knowledge as to the allegations contained therein, and they are therefore denied.

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

47. Paragraph 47 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson is without knowledge as to the allegations contained therein, and they are therefore denied.

48. Paragraph 48 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson is without knowledge as to the allegations contained therein, and they are therefore denied.

## COUNT V

## DIRECT COPYRIGHT INFRINGEMENT BY LAWSON, GRESSETT, GATEEL, PATHFINDER AND DOES

49. Lawson re-asserts its responses to Paragraphs 1-48 of the Complaint, as if fully set forth herein.

50. Lawson is without knowledge as to the allegations contained in Paragraph 50 of the Complaint and they are therefore denied.

51. Lawson is without knowledge as to the allegations contained in Paragraph 51 of the Complaint and they are therefore denied.

52. Lawson is without knowledge as to the allegations contained in Paragraph 52 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 52 of the Complaint.

53. Lawson is without knowledge as to the allegations contained in Paragraph 53 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 53 of the Complaint.

54. Lawson is without knowledge as to the allegations contained in Paragraph 54 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

denies the remaining allegations contained in Paragraph 54 of the Complaint.

55. Lawson is without knowledge as to the allegations contained in Paragraph 55 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 55 of the Complaint.

56. Lawson is without knowledge as to the allegations contained in Paragraph 56 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 56 of the Complaint.

## COUNT VI

## CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT BY ALLIANCE

57. Lawson re-asserts its responses to Paragraphs 1-56 of the Complaint, as if fully set forth herein.

58. Lawson denies that it infringed CoStar's copyrights. Lawson is without knowledge as to the remaining allegations contained in Paragraph 58 of the Complaint and they are therefore denied.

59. Lawson is without knowledge as to the allegations contained in Paragraph 59 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 59 of the Complaint.

60. Lawson is without knowledge as to the allegations contained in Paragraph 60 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 60 of the Complaint.

61. Lawson is without knowledge as to the allegations contained in Paragraph 61 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

denies the remaining allegations contained in Paragraph 61 of the Complaint.

62. Lawson is without knowledge as to the allegations contained in Paragraph 62 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 62 of the Complaint.

63. Lawson is without knowledge as to the allegations contained in Paragraph 63 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson is without knowledge as to the allegations contained therein, and they are therefore denied.

65. Lawson is without knowledge as to the allegations contained in Paragraph 65 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson denies the remaining allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint does not require a response from Lawson. To the extent a response is required, Lawson is without knowledge as to the allegations contained therein, and they are therefore denied.

## COUNT VII

### VIOLATION BY LAWSON, GRESSETT, GATEEL, PATHFINDER AND DOES OF § 18 U.S.C. 1030: FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

67. Lawson re-asserts its responses to Paragraphs 1-66 of the Complaint, as if fully set forth herein.

68. Lawson is without knowledge as to the allegations contained in Paragraph 68 of the

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

Complaint and they are therefore denied.

69. Lawson is without knowledge as to the allegations contained in Paragraph 69 of the Complaint pertaining to the actions of other defendants, and they are therefore denied. Lawson specifically denies any wrongdoing on its part and denies the remaining allegations contained in Paragraph 69 of the Complaint.

70. Lawson is without knowledge as to the allegations contained in Paragraph 70 of the Complaint and they are therefore denied. Lawson specifically denies any wrongdoing on its part.

71. Lawson is without knowledge as to the allegations contained in Paragraph 71 of the Complaint and they are therefore denied. Lawson specifically denies any wrongdoing on its part.

## COUNT VIII

## CIVIL RICO VIOLATIONS BY ALL DEFENDANTS

72. Count VIII and the allegations contained in Paragraph 72 of the Complaint have been dismissed, and therefore, no response is required.

73. Count VIII and the allegations contained in Paragraph 73 of the Complaint have been dismissed, and therefore, no response is required.

74. Count VIII and the allegations contained in Paragraph 74 of the Complaint have been dismissed, and therefore, no response is required.

75. Count VIII and the allegations contained in Paragraph 75 of the Complaint have been dismissed, and therefore, no response is required.

76. Count VIII and the allegations contained in Paragraph 76 of the Complaint have been dismissed, and therefore, no response is required.

77. Count VIII and the allegations contained in Paragraph 77 of the Complaint have been

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

dismissed, and therefore, no response is required.

78. Count VIII and the allegations contained in Paragraph 78 of the Complaint have been dismissed, and therefore, no response is required.

79. Lawson denies that it is liable to Plaintiffs for any actions whatsoever. To the extent any allegations in the Complaint, or any inferences drawn from same, have not been specifically stated herein, Lawson denies said allegations/inferences and demands strict proof thereof. Lawson further denies the right to any recovery or relief as requested by Plaintiffs against Lawson.

## AFFIRMATIVE DEFENSES

1. As its First Affirmative Defense, Lawson states that Plaintiffs have failed to state a claim against it upon which relief may be granted.

2. As its Second Affirmative Defense, Lawson states that to the extent Plaintiffs have suffered any injury and/or damage, said injury and/or damage was caused by individuals/entities/third-parties over whom Lawson has no control and for which Lawson is not responsible.

3. As its Third Affirmative Defense, Lawson states that Plaintiffs' claims are barred by the doctrine of laches.

4. As its Fourth Affirmative Defense, Lawson states that Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

5. As its Fifth Affirmative Defense, Lawson states that any alleged wrongful conduct by Lawson, was known to and ratified by Plaintiffs, thus barring recovery on their claims.

6. As its Sixth Affirmative Defense, Lawson states that Plaintiffs' claims are barred in

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

equity as Plaintiffs are guilty of unclean hands.

7. As its Seventh Affirmative Defense, Lawson states that Plaintiffs are barred from recovery against Lawson under Count VII as Plaintiffs have failed to allege and cannot prove that Lawson's actions satisfy the statutory prerequisites for said claim.

8. As its Eighth Affirmative Defense, Lawson states that to the extent it owed any legal duties to Plaintiffs, it has performed same.

9. As its Ninth Affirmative Defense, Lawson states that Plaintiffs' claims are barred by an election of remedies.

10. As its Tenth Affirmative Defense, Lawson states that it has not infringed Plaintiffs' copyrights as alleged in the Complaint.

11. As its Eleventh Affirmative Defense, Lawson states that Plaintiffs have failed to mitigate their damages.

## Demand for Trial by Jury

Lawson, by and through its undersigned counsel, demands a trial by jury of all issues triable to a jury in the instant action.

**WHEREFORE**, Lawson respectfully requests that this Court enter judgment in its favor and against Plaintiffs, awarding Plaintiffs nothing as to Lawson, awarding Lawson its reasonable attorney's fees and costs incurred, and awarding Lawson such further relief as this Court deems necessary and just.

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

**EDWARDS ANGELL PALMER & DODGE LLP**

By:   s/ Gary A. Woodfield
      Gary A. Woodfield
      Florida Bar No.: 563102
      Simeon D. Brier
      Florida Bar No.: 525782
      One North Clematis Street, Suite 400
      West Palm Beach, FL 33401
      Telephone: (561) 833-7700
      Facsimile: (561) 655-8719

      James E. Armstrong, IV
      U.S.D.C. of Maryland Bar No.: 14592
      1875 Eye Street, NW
      Washington, DC, 20006
      Telephone (202) 478-7370
      Facsimile (202) 478-7380

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 10, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      s/ Gary A. Woodfield
      Gary A. Woodfield

*CoStar v. Mark Field, et al.*
Case No.: 8:08-CV-00663-AW
Lawson Valuation Group's Answer and Affirmative
Defenses to First Amended Complaint

## SERVICE LIST

CoStar Realty Information, Inc., et al. v. Mar Field d/b/a Alliance Valuation Group, et al.
**Case No.: 8:08-CV-00663-AW**
United States District Court, District of Maryland (GreenBelt Division)

| | |
|---|---|
| **Shari Ross Lahlou**<br>slahlou@crowell.com<br>**Sanya Sarich**<br>ssarich@crowell.com<br>**William J Sauers**<br>wsauers@crowell.com<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 624-2500<br>Facsimile: (202) 624-2500<br><br>*Attorneys for Plaintiffs' CoStar Realty Information, Inc. and CoStar Group, Inc.* | **R Wayne Pierce**<br>wpierce@adventurelaw.com<br>The Pierce Law Firm LLC<br>133 Defense Hwy Ste 106<br>Annapolis, MD 21401-7015<br>Telephone: (410) 573-9959<br>Fax: (410) 573-9956<br><br>*Attorneys for Defendant Mark Field doing business as Alliance Valuation Group and Pathfinder Mortgage Company* |
| **Mary Olga Lovett**<br>lovettm@gtlaw.com<br>**Pamela Anne Ferguson**<br>fergusonp@gtlaw.com<br>**Steven M Schneebaum**<br>schneebaums@gtlaw.com<br>Greenberg Traurig LLP<br>1000 Louisiana St Ste 1800<br>Houston, TX 77002<br>Telephone: (713) 374-3500<br>Fax: (713) 374-3505<br><br>*Attorneys for Defendant Russ A. Gressett* | |