IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

COSTAR REALTY INFORMATION and
COSTAR GROUP, INC.,

    Plaintiffs,

v.

MARK FIELD D/B/A ALLIANCE
VALUATION GROUP, *et al*.

    Defendants.

Civil Action No. 8:08-CV-663-AW

**STIPULATED ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL**

(Local Rule 104.13)

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this _____ day of _____, 2009, by the United States District Court for the District of Maryland, ORDERED:

1.    Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a)    The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or

other confidential research, development, or commercial information. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

    (b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL", as described above, shall also be deemed to be designated as "CONFIDENTIAL".

    (c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within

their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

    (f)  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

  2.  Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED", together with a simultaneous motion pursuant to L.R. 104.13(c)(hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶4 of this Confidentiality Order.

  3.  Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5. Return of Confidential Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

**[SIGNATURES FOLLOW ON SEPARATE PAGE]**

**AGREED TO:**

_____
*Attorneys for CoStar Group, Inc. and CoStar Realty Information, Inc.*:

Shari Ross Lahlou, Bar. No. 16570
William J. Sauers, Bar No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116

_____
*Attorneys for Defendant Lawson Valuation Group*:

Simeon Brier
Gary A. Woodfield
Edwards Angell Palmer Dodge LLP
350 East Las Olas Blvd., Suite 1150
Fort Lauderdale, FL 33301
Telephone: 954.667.6140
Facsimile: 954.727.2601
sbrier@eapdlaw.com
gwoodfield@eapdlaw.com

*/s/ R Wayne Pierce*
*Attorney for Pathfinder Mortgage Company*:

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Telephone: 410.573.9959
Facsimile: 410.573.9956
wpierce@adventurelaw.com

_____
*Attorneys for Defendant Russ A. Gressett*:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

_____
*Mark Field D/B/A Alliance Valuation Group, et al.*:

Mark Field (*pro se*)
638 Camino De Los Mares #H130A
San Clemente, CA 92673
Telephone: 949.230.8590
mark.field@cox.net

**AGREED TO:**


_____

*Attorneys for CoStar Group, Inc. and CoStar Realty Information, Inc.*:

Shari Ross Lahlou, Bar. No. 16570
William J. Sauers, Bar No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116

_____

*Attorneys for Defendant Lawson Valuation Group*:

Simeon Brier
Gary A. Woodfield
Edwards Angell Palmer Dodge LLP
350 East Las Olas Blvd., Suite 1150
Fort Lauderdale, FL 33301
Telephone: 954.667.6140
Facsimile: 954.727.2601
sbrier@eapdlaw.com
gwoodfield@eapdlaw.com

_____

*Attorney for Pathfinder Mortgage Company*:

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Telephone: 410.573.9959
Facsimile: 410.573.9956
wpierce@adventurelaw.com

_____

*Attorneys for Defendant Russ A. Gressett*:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

_____

*Mark Field D/B/A Alliance Valuation Group, et al.*:

Mark Field (*pro se*)
638 Camino De Los Mares #H130A
San Clemente, CA 92673
Telephone: 949.230.8590
mark.field@cox.net

# AGREED TO:

---

*Attorneys for CoStar Group, Inc. and CoStar Realty Information, Inc.:*

Shari Ross Lahlou, Bar. No. 16570
William J. Sauers, Bar No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116

---

*Attorney for Pathfinder Mortgage Company:*

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Telephone: 410.573.9959
Facsimile: 410.573.9956
wpierce@adventurelaw.com

---

*Mark Field D/B/A Alliance Valuation Group, et al.:*

Mark Field (*pro se*)
638 Camino De Los Mares #H130A
San Clemente, CA 92673
Telephone: 949.230.8590
mark.field@cox.net

---

*Attorneys for Defendant Lawson Valuation Group:*

Simeon Brier
Gary A. Woodfield
Edwards Angell Palmer Dodge LLP
350 East Las Olas Blvd., Suite 1150
Fort Lauderdale, FL 33301
Telephone: 954.667.6140
Facsimile: 954.727.2601
sbrier@eapdlaw.com
gwoodfield@eapdlaw.com

*Attorneys for Defendant Russ A. Gressett:*

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

**APPROVED AND SO ORDERED:**

                                                                                                                       _____
                                                                                                                       Hon. Alexander Williams, Jr.
                                                                                                                       UNITED STATES DISTRICT JUDGE