IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al.* <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW <br><br> **FILED UNDER SEAL** <br><br> **REDACTED VERSION** |

### COSTAR'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANT PATHFINDER TO CONDUCT AN ADEQUATE SEARCH, PROPERLY PREPARE ITS RULE 30(B)(6) WITNESS, AND RESPOND TO DEPOSITION QUESTIONS

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(i), Plaintiffs CoStar Realty Information, Inc., and CoStar Group, Inc. (collectively, "CoStar") submit this memorandum in support of their motion to compel Defendant Pathfinder Mortgage Company ("Pathfinder") to conduct an adequate search, properly prepare its Rule 30(b)(6) witness, and respond to deposition questions. Pathfinder failed to conduct anything approaching a reasonable investigation in preparing for its deposition in this matter, even though the information sought was within Pathfinder's possession, custody, or control. Pathfinder has provided no plausible explanation for its failure to adequately search for information responsive to CoStar's Rule 30(b)(6) deposition topics, and in some instances, has even admitted that responsive information likely exists, but that it simply never sought the information.

Moreover, Pathfinder is aware that an electronic folder containing information associated with the past president of Pathfinder, Brad Christenson, was deleted upon Mr. Christenson's resignation as president. Yet, Pathfinder has not attempted to contact Mr. Christenson to request the missing or any other information, even though Pathfinder is in contact with Mr. Christenson and has obtained written responses to at least one Interrogatory from him. Instead, Pathfinder made the amazing assertion that Mr. Christenson ████████████████████████████████████████ was not under Pathfinder's control.

Pathfinder cannot have it both ways. It cannot assert the existence of potentially responsive information and documents, but then not produce or even search for them. It cannot assert that Mr. Christenson is not under Pathfinder's control, but then selectively obtain responsive information from him to suit Pathfinder's purposes.

Accordingly, CoStar respectfully requests that the Court enter an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Pathfinder to conduct an adequate search, properly prepare its Rule 30(b)(6) witness, and provide complete responses to CoStar's Rule 30(b)(6) deposition topics.[1] CoStar also moves pursuant to Rule 37 for the an award of attorneys' fees and costs incurred as the result of Pathfinder's failures, including fees associated with this motion to compel and in taking Pathfinder's deposition.

---

[1] A copy of the deposition notice is attached as Exhibit 1. Given that Pathfinder testified that the facts underlying its insufficient responses and search related to all of the various topics, CoStar requests that the Court require Pathfinder to conduct a proper search for responsive information and to properly prepare a witness regarding all of CoStar's deposition topics to Pathfinder.

I. **ARGUMENT**

A. **The Court Should Compel Pathfinder to Provide a Properly Prepared Corporate Witness**

1. **Pathfinder's Actions Regarding the "Missing" Folder and Mr. Christenson**

During the meet-and-confer process preceding this motion, Pathfinder's counsel informed CoStar's counsel by phone of a "missing" folder belonging to a former employee that Pathfinder believed had been deleted when that employee had resigned. Although CoStar's counsel asked for the name of the former employee whose folder was "missing," Pathfinder's counsel refused to provide it, presumably to prevent CoStar from issuing a subpoena. *See* Ex. 2 (8/12/09 email from Sauers to Pierce). Later, CoStar followed up with Pathfinder's counsel regarding the individual's name. *Id.* Pathfinder once again refused to provide the name. *See* Ex. 6 (8/13/09 email from Pierce to Sauers).

CoStar subsequently took the Fed. R. Civ. P. Rule 30(b)(6) deposition of Pathfinder on August 17, 2009. Ex. 3, Transcript of Deposition of Rule 30(b)(6) Designee of Pathfinder Mortgage Co. Samuel Wu ("Wu Depo"). Pathfinder's corporate designee, Mr. Sam Wu, CEO of Pathfinder, testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 3, Wu Depo at 59. According to Mr. Wu, Mr. Christensen ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 33, 34. Mr. Christensen had also been ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 62. Yet, Mr. Wu testified that Pathfinder never contacted Mr. Christensen to ask him about the missing folder. *Id.* at 61, 79-80. Mr. Wu further testified that, despite the fact that Mr. Christensen was in possession of other responsive information, including but not limited to individuals affiliated with Pathfinder who

have used CoStar's services, document retention policies, Pathfinder's IP address, and communications with Defendant Mark Field, Pathfinder never attempted to contact Mr. Christensen to ask him about this information.[2] *Id.* at 32-33, 78-81, 106-08, 110-13, 132, 160-164. Moreover, when asked why Pathfinder did not ask Mr. Christensen about having received a voice mail and an e-mail from co-defendant Mark Field, Mr. Wu responded ███████████████ *Id.* at 108.

Pathfinder's assertion that it failed to contact Mr. Christenson for responsive information and documents or in preparation for its Rule 30(b)(6) deposition because Mr. Christenson is not under Pathfinder's control is without merit. Mr. Christensen currently ███████████████ ███████████████ *Id.* at 62. Moreover, Pathfinder admitted that it could contact Mr. Christenson if it chose to do so. *Id.* at 79-80.

And, in fact, Pathfinder did contact Mr. Christenson when it suited Pathfinder. The first time was to provide a response to CoStar's Interrogatory No. 11, which requested communications between Pathfinder and Field regarding this lawsuit. *Id.* at 99-100. Mr. Christensen provided an answer that was copied verbatim into Pathfinder's interrogatory response. *Id.* But Pathfinder never inquired of Mr. Christenson the basis for the statements contained in the response to that Interrogatory. *Id.* at 102, 106-108. The second time was a request to Mr. Christenson to provide access to Pathfinder's internet service provider account. *Id.* at 111-12, 168. Yet, Pathfinder never contacted Mr. Christenson to ask him about the account or Pathfinder's IP address. *Id.* at 112-13.

Other than these two instances, Pathfinder made no attempts to contact Mr. Christensen, despite Pathfinder's admissions that Mr. Christensen was in possession of much more responsive information

---

[2] According to Mr. Wu, Mr. Christensen had represented ███████████████ ███████████████ Ex. 3, Wu Depo. at 27-28. Pathfinder, via Mr. Wu, also admitted that Mr. Christensen was Defendant Mark Field's only contact at Pathfinder. *Id.* at 101.

-4-

than he had already provided. *Id.* at 26, 32-33, 64, 78-81, 106-08, 111-13, 132, 160-164. Given Pathfinder's admitted ability to contact Mr. Christenson and obtain responsive information from him, its failure to contact him (other than when it suited Pathfinder) is simply unacceptable.

### 2. Pathfinder's Insufficient Deposition Preparation

Pathfinder admitted it conducted a single investigation in connection with both its discovery responses and in preparing for its Rule 30(b)(6) deposition. *See, e.g.,* Ex. 3, Wu Depo. at 64-70, 72-73, 75-78, 81-82, 87, 89-91, 94, 97-104, 107-109, 111-113, 122-130, 133-35. The only additional action taken by Mr. Wu to prepare for the deposition was to discuss a handful of topics with a Pathfinder board member. *Id.* at 122-30. And, as demonstrated by the meet-and-confer process regarding Pathfinder's insufficient written discovery responses and by Mr. Wu's deposition testimony, Pathfinder's investigation was woefully deficient.[3]

Pathfinder served its responses to CoStar's first set of document requests and interrogatories on July 27, 2009. Exs. 4 and 5. These responses were deficient in a number of ways, and counsel for Costar scheduled a meet-and-confer call with counsel for Pathfinder to discuss these deficiencies, including the response to four requests for production that "Pathfinder has ceased business operations and any such documents . . . are now in long-term storage." Ex. 4, Pathfinder's Response to CoStar's First Request for Production at Nos. 1, 3, 16, and 17. During the call, Pathfinder's counsel informed CoStar's counsel that no one from Pathfinder had reviewed the documents that were "in long term storage." The only step taken up until that point in time was to call a former Pathfinder employee who may have had some information about the content of the documents. *Id.* However, that employee

---

[3] Although CoStar is not moving to compel on the grounds that Pathfinder's written discovery responses were insufficient, CoStar notes that Pathfinder has an ongoing obligation to supplement its written

never responded to Pathfinder's inquiries. CoStar followed up with Pathfinder's counsel regarding the status of the search of the documents in storage. Ex. 1. Pathfinder's counsel noted that someone had searched the "long term storage" site. Ex. 6. However, no additional documents were produced based on that search.

At the Rule 30(b)(6) deposition, Pathfinder testified that the "search" Pathfinder had conducted of the long term storage facility was to look at the indices of the 40 boxes at the site and search through six of those boxes. Ex. 3, Wu Depo at 38-39. Although there is a server in the long term storage facility, Pathfinder did not attempt to turn it on or look for responsive documents or emails. *Id.* at 57. Pathfinder claimed that it did attempt to contact its internet service provider to obtain its web-based emails; however, Pathfinder never followed up after receiving no response from the provider. *Id.* at 22-24, 165-167; *see also* 160-164.

Pathfinder also admitted that it "has reason to believe that there may be electronically-generated information related to" Document Request Nos. 12 and 13 (which were identical to Deposition Topics 15 and 16), which asked for documents regarding the destruction of documents and document retention policies and that Mr. Christensen and Pathfinder's former bookkeeper would have information concerning both, but that it never attempted to ask Mr. Christensen or the bookkeeper about it. *Id.* at 32, 37, 80-81. CoStar also asked for documents concerning Pathfinder's revenues and expenses in Request Nos. 14 and 15 (identical to Topic Nos. 17 and 18), and Pathfinder admitted that ███████████████████████████████████████████ *Id.* at 87-89. Again, no such documents have been produced.

---

discovery responses in light of any responsive information that would be discovered as the result of a search for documents.

In fact, Mr. Wu testified that Pathfinder did not look at emails. *Id.* at 42. He admitted that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ it no one ever looked at them to see whether there were references to this case. *Id.* at 34-35. Pathfinder's total time spent searching for responsive documents from the long term storage facility was only one hour and 15 minutes. *Id.* at 40-41. It is therefore unsurprising that Mr. Wu only spent two to three hours in preparation for the deposition of Pathfinder, and never bothered to contact Mr. Christenson to discuss the notice topics, even though he testified that he was aware Mr. Christenson was likely to have relevant information. *Id.* at 50-51. In light of the amount of responsive information available to Pathfinder though review of its documents and discussion with Mr. Christenson, Pathfinder's objections and failure to comply with its discovery obligations are particularly troublesome.

Accordingly, CoStar requests that the Court grant its motion and require Pathfinder to conduct a proper search for responsive information, including a review of the materials in long term storage, the computer server, and contact with Mr. Christenson, and – then and only then – to provide a properly prepared corporate witness for deposition.

### B. The Court Should Award CoStar its Attorneys' Fees

Pathfinder left CoStar with no option but to file this motion. Despite CoStar's attempts to meet and confer regarding Pathfinder's discovery deficiencies, and the availability of additional responsive information to Pathfinder both at its long term storage facility and from Mr. Christenson, Pathfinder failed to provide a properly educated corporate witness and failed to search for responsive information that Pathfinder itself believed may exist. Pathfinder's utter refusal to comply with its discovery obligations warrants the award of attorneys' fees by the Court.

If this motion is granted, the court "must" require Pathfinder to pay its reasonable expenses incurred as a result of Pathfinder's failures, including attorney's fees, unless Pathfinder can establish that one of three exceptions applies. Fed. R. Civ. P. 37(a)(5). The exceptions are (1) that CoStar filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's nondisclosure, response or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. None of those exceptions apply here. CoStar has attempted every reasonable avenue to resolve Pathfinder's discovery shortcomings, but Pathfinder has chosen instead to ignore its discovery obligations. As described above, before the Rule 30(b)(6) deposition, CoStar attempted, in good faith, to meet and confer with Pathfinder regarding the insufficiency of Pathfinder's discovery responses. During the deposition, CoStar's counsel left the deposition open on the ground that the answers to a number of the questions would change based on additional investigation; however, Pathfinder's counsel did not agree to that. *Id.* at 174. Prior to filing this motion, CoStar's counsel asked Pathfinder's counsel whether Pathfinder would be supplementing its discovery or producing a witness to continue the deposition, but no agreement could be reached. Moreover, as set forth in detail herein, Pathfinder's deficient responses to CoStar's deposition questions were wholly unjustified, and there are no other circumstances that exist that would preclude the award of fees.

Not only should fees associated with this motion be awarded, but fees in connection with preparing for and taking Pathfinder's August 17, 2009 deposition should also be awarded. Pathfinder clearly acted in bad faith by asserting baseless objections, essentially admitting that responsive information exists but not looking for or producing such information, and failing to obtain information and documents from Mr. Christenson based on the baseless position that he is not under Pathfinder's

control. All discovery procedures impose an obligation on the responding party to diligently, timely, and completely respond in good faith, and the Rules empower the Court to grant appropriate relief, or to impose appropriate sanctions for discovery when a party does not fulfill its obligations. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976). Pathfinder has not fulfilled its obligations and sanctions against it are therefore appropriate.

CoStar cannot begin to estimate the amount of prejudice it has suffered as a result of Pathfinder's actions. Pathfinder has failed to obtain responsive information and documents from the very person that Pathfinder stated controlled the litigation and had control over Pathfinder during the relevant time period, even as it contacted Mr. Christenson when it suited Pathfinder. Pathfinder knew of a server that contained relevant information, but simply didn't look at it. And, even though Pathfinder's written discovery responses admit to the likely existence of responsive information, it never looked for the information. Without an imposition of sanctions there will be no deterrence for Pathfinder to continue such improper delay tactics.

Accordingly, CoStar therefore requests the expenses and attorneys' fees associated with both bringing this motion and in preparing for and taking Pathfinder's deposition.

## II. CONCLUSION

At a minimum, CoStar respectfully requests that the Court require Pathfinder to:

(1) contact Brad Christensen and request that he provide to Pathfinder any and all responsive documents and information to CoStar's discovery requests and deposition topics;

(2) conduct a search of Pathfinder's long-term storage for responsive documents that exist in both paper form and in electronic form;

(3) conduct a search for documents bearing the CoStar trademark;

(4) produce a corporate witness for deposition pursuant to Rule 30(b)(6) after Pathfinder has conducted an adequate investigation and after the corporate witness for Pathfinder has been properly educated, including but not limited to, by obtaining knowledge related to documents and information obtained by Pathfinder orally or otherwise from Mr. Christenson.

CoStar also respectfully requests that sanctions be awarded pursuant to Federal Rule of Civil Procedure 37 for CoStar's reasonable costs and fees for bringing this Motion.

Dated: September 24, 2009

Respectfully submitted,

/s/
Shari Ross Lahlou, Bar. No. 16570
William Sauers Bar. No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email slahlou@crowell.com
　　　 wsauers@crowell.com
　　　 skerksiek@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc., a Delaware Corporation, and CoStar Group, Inc., a Delaware Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record for the following parties by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on September 24, 2009:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

*Attorneys for Defendant Russ A. Gressett*

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Telephone: 410.573.9959
Facsimile: 410.573.9956
wpierce@adventurelaw.com

*Attorney for Defendant Pathfinder Mortgage Company*

**I FURTHER CERTIFY** that on September 24, 2009, a true copy of the foregoing was sent by electronic and first class mail to the attorneys listed above and to:

Mark Field
Alliance Valuation Group
638 Camino De Los Maries, Suite H130A
San Clemente, CA 92673
mark.field@cox.net

and

Lawson Valuation Group, Inc.
8895 N. Military Trail, Suite 304E
Palm Beach Gardens, FL 33410-6263
lawsonmai@aol.com

Dated: September 24, 2009                    Respectfully submitted,

                                                                            /s/
                                          William Sauers Bar. No. 17355
                                          Crowell & Moring LLP
                                          1001 Pennsylvania Avenue, N.W.
                                          Washington, D.C. 20004
                                          Telephone (202) 624-2500
                                          Facsimile (202) 628-5116
                                          Email  wsauers@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc., a Delaware Corporation, and CoStar Group, Inc., a Delaware Corporation*