CoStar Realty Information, Inc. et al v. Mark Field, et al

Doc. 70 Att.

# EXHIBIT 4

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al*. <br><br> Defendants. | Civil Action No. 8:08-cv-663-AW |

**DEFENDANT PATHFINDER MORTGAGE COMPANY'S
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: CoStar Realty Information and CoStar Group, Inc., Plaintiffs

FROM: Pathfinder Mortgage Company, Defendant

Defendant, Pathfinder Mortgage Company, by its attorney R. Wayne Pierce,

responds as follows to the plaintiff's request for production of documents:

**GENERAL OBJECTIONS**

A. These parties object to producing any documents requested that are privileged, including those protected by the attorney-client privilege and/or the work-product doctrine.

B. These parties object to those instructions and definitions set forth in the Request for Production of Documents that exceed the scope of the rules of procedure.

C. These parties object to the production schedule in the document requests. These parties will produce documents responsive to the Request for Production of Documents as they are kept in the usual course of business at Pathfinder's long-term storage facility, on a date and at a time agreeable to counsel.

D. The statement that "documents will be produced" is not a representation that responsive documents exist, have ever existed, or can be found, only that such responsive documents as may be located will be provided.

# REQUESTS AND RESPONSES

**REQUEST NO. 1.**

All documents referring or relating to ALLIANCE, GRESSETT, TEEL, or LAWSON.

**RESPONSE NO. 1:** Pathfinder has ceased business operations and any such documents (*e.g.,* invoices) are now in long-term storage. Pathfinder will "produce them as they are kept in the usual course of business." Fed. R. Civ. Proc. 34 (b). Pathfinder objects to producing its long-term storage in CoStar's counsel's office in Washington, D.C., because this would be unduly burdensome.

**REQUEST NO. 2.**

All DOCUMENTS reflecting, referring to, describing or constituting any relationship, including but not limited to any legal or contractual relationship, between (a) PATHFINDER and ALLIANCE; (b) PATHFINDER and LAWSON; (c) PATHFINDER and GRESSETT; and (d) PATHFINDER and TEEL.

**RESPONSE NO. 2:** Pathfinder is unaware of any such documents currently in its possession.

**REQUEST NO. 3.**
All DOCUMENTS reflecting, referring to, describing or constituting any payments made by PATHFINDER to ALLIANCE.

**RESPONSE NO. 3:** Pathfinder has ceased business operations and any such documents (*e.g.,* cancelled checks) are now in long-term storage. Pathfinder will "produce them as they are kept in the usual course of business." Fed. R. Civ. Proc. 34 (b). Pathfinder objects to producing its long-term storage in CoStar's counsel's office in Washington, D.C., because this would be unduly burdensome.

**REQUEST NO. 4.**
All DOCUMENTS reflecting, referring to, describing or constituting any payments made by PATHFINDER to GRESSETT.

**RESPONSE NO. 4:** Pathfinder is unaware of any such documents currently in its possession.

**REQUEST NO. 5.**
Copies of all DOCUMENTS, data, or other tangible or intangible computer records that were printed, copied from or otherwise derived from COSTAR.

**RESPONSE NO. 5:** Based on the information available to it, Pathfinder is not able to identify which documents in its possession are responsive.

**REQUEST NO. 6.**
All DOCUMENTS comprising, reflecting or relating to communications between PATHFINDER and ALLIANCE, GRESSETT, LAWSON or TEEL referring or relating to COSTAR.

**RESPONSE NO. 6:** Copies of any non-privileged documents now known to be responsive to this request and in Pathfinder's possession are attached.

**REQUEST NO. 7.**
All DOCUMENTS comprising, reflecting or relating to communications between PATHFINDER and ALLIANCE, GRESSETT, LAWSON or TEEL referring or relating to ALLIANCE's subscription to COSTAR's products or services.

**RESPONSE NO. 7:** Pathfinder is unaware of any such documents currently in its possession.

**REQUEST NO. 8.**
All DOCUMENTS comprising, reflecting or relating to communications between PATHFINDER and ALLIANCE, GRESSETT, LAWSON or TEEL relating to this lawsuit.

**RESPONSE NO. 8:** Pathfinder is unaware of any such documents currently in its possession.

**REQUEST NO. 9.**
All DOCUMENTS comprising, reflecting or relating to communications concerning COSTAR's allegations that PATHFINDER improperly used COSTAR's products and/or services.

**RESPONSE NO. 9:** Copies of any non-privileged documents now known to be responsive to this request and in Pathfinder's possession are attached.

**REQUEST NO. 10.**
All DOCUMENTS comprising, reflecting or relating to communications concerning COSTAR.

**RESPONSE NO. 10:** Copies of any non-privileged documents now known to be responsive to this request and in Pathfinder's possession are attached.

**REQUEST NO. 11.**
All electronic records of the IP addresses or website addresses visited by PATHFINDER or persons AFFILIATED with PATHFINDER using computers or Internet connectivity provided by PATHFINDER from June 2002 to the present.

**RESPONSE NO. 11:** *Objection.* Irrelevant and unlikely to lead to admissible evidence. CoStar has not made any attempt to restrict this request to discoverable information. Without waiving this objection, Pathfinder is not able to identify which IP addresses or website addresses were visited, nor is it able to identify all electronic records for those IP addresses or website addresses.

**REQUEST NO. 12.**
All DOCUMENTS comprising, reflecting or relating to the destruction of DOCUMENTS by PATHFINDER (including all defined third parties) since January 2008.

**RESPONSE NO. 12:** Pathfinder is unaware of any such documents currently in its possession. Nevertheless, Pathfinder has reason to believe that there may be electronically-generated information related to this request.

**REQUEST NO. 13.**
Copies of any document retention policies in place at PATHFINDER since June 2002.

**RESPONSE NO. 13:** Pathfinder is unaware of any such documents currently in its possession.

**REQUEST NO. 14.**
DOCUMENTS sufficient to show the revenues earned by PATHFINDER since June 2002.

**RESPONSE NO. 14:** Copies of any non-privileged documents now known to be responsive to this request and in Pathfinder's possession are attached.

**REQUEST NO. 15.**
DOCUMENTS sufficient to show the amount of expenses accrued or paid by PATHFINDER since June 2002.

**RESPONSE NO.15:** Copies of any non-privileged documents now known to be responsive to this request and in Pathfinder's possession are attached.

**REQUEST NO. 16.**
DOCUMENTS sufficient to show the identities of the commercial real estate clients served by PATHFINDER since June 2002.

**RESPONSE NO. 16:** Pathfinder has ceased business operations and any such documents (*e.g.,* invoices) are now in long-term storage. Pathfinder will "produce them as they are kept in the usual course of business." Fed. R. Civ. Proc. 34 (b). Pathfinder objects to producing its long-term storage in CoStar's counsel's office in Washington, D.C., because this would be unduly burdensome.

**REQUEST NO. 17.**
DOCUMENTS sufficient to identify each and every client or potential client of PATHFINDER on whose behalf PATHFINDER used COSTAR's products or services.

**RESPONSE NO. 17:** Based on the information available to it, Pathfinder is not able to identify which documents in its possession are responsive. Moreover, Pathfinder has ceased business operations and any such documents are now in long-term storage. Pathfinder will "produce them as they are kept in the usual course of business." Fed. R. Civ. Proc. 34 (b). Pathfinder objects to producing its long-term storage in CoStar's counsel's office in Washington, D.C., because this would be unduly burdensome.

/s/ R. Wayne Pierce
R. WAYNE PIERCE
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Phone: 410-573-9959
Fax: 410-573-9956
Email: wpierce@adventurelaw.com
***Attorney for Defendant Pathfinder Mortgage Corporation***

# CERTIFICATE OF SERVICE

    I, R. Wayne Pierce, hereby certify that on July 27, 2009, I served the **Answers to Request for Production of Documents** by e-mailing and mailing an exact copy thereof, postage prepaid, to all counsel of record:

Simeon Brier
Gary A. Woodfield
Edwards Angell Palmer Dodge LLP
350 East Las Olas Blvd., Suite 1150
Fort Lauderdale, FL 33301
Telephone: 954.667.6140
Facsimile: 954.727.2601
Email: sbrier@eapdlaw.com
    gwoodfield@eapdlaw.com
*Attorneys for Defendant Lawson Valuation Group*

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: 713.374.3500
Facsimile: 713.374.3505
Email: lovettm@gtlaw.com
    fergusonp@gtlaw.com
*Attorneys for Defendant Russ A. Gressett*

Shari Ross Lahlou, Bar. No. 16570
William Sauers Bar. No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email: slahlou@crowell.com
    wsauers@crowell.com
    skerksiek@crowell.com
*Attorneys for Plaintiffs CoStar Realty*
*Information, Inc., a Delaware Corporation,*
*and CoStar Group, Inc., a Delaware Corporation*

I further certify that on July 27, 2009, a true copy of the foregoing was sent by e-mail to:

Mr. Mark Field
dba Alliance Valuation Group
2858 Via Bellota
San Clemente, CA 92673
mark.field@cox.net


_____
R. WAYNE PIERCE