# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br>Plaintiffs, <br><br>v. <br><br>MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al.* <br><br>Defendants. | Civil Action No. 8:08-cv-663-AW |

### DEFENDANT PATHFINDER MORTGAGE CORPORATION'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:       Costar Realty Information and Costar Group, Inc., Plaintiffs

FROM:    Pathfinder Mortgage Corporation, Defendant

         Defendant, Pathfinder Mortgage Corporation, by its attorney, R. Wayne Pierce, answers the Plaintiff's interrogatories and says:

         A.      The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

         B.      The word usage and sentence structure is that of the attorneys who in fact prepared these answers and language does not purport to be the exact language of the executing party.

         C.      These interrogatories have been interpreted and answered in accordance with the Rules of Procedure and plain English usage. To the extent the definitions and instructions included with the interrogatories are inconsistent therewith, this party disavows any intention to abide by them.

# INTERROGATORIES

**Interrogatory No. 1.** Describe the nature of the relationship between PATHFINDER and ALLIANCE, including but not limited to any contractual agreements concerning the referral of clients or business or the sharing of expenses.

**Answer No. 1:** To the best of our knowledge, Alliance provided independent appraisal services to Pathfinder on an "as needed" or "as ordered" basis. To the best of our knowledge, there were no contractual agreements between Alliance and Pathfinder regarding the referral of clients or business, or the sharing of any expenses.

**Interrogatory No. 2.** Describe the nature of the relationship between PATHFINDER and GRESSETT, including but not limited to any contractual agreements concerning the referral of clients or business or the sharing of expenses.

**Answer No. 2:** To the best of our knowledge, we have no contractual or any other relationship with Gressett.

**Interrogatory No. 3.** Describe the nature of the relationship between PATHFINDER and LAWSON, including but not limited to any contractual agreements concerning the referral of clients or business or the sharing of expenses.

**Answer No. 3:** To the best of our knowledge, we have no contractual or any other relationship with Lawson.

**Interrogatory No. 4.** Describe the nature of the relationship between PATHFINDER and TEEL, including but not limited to any contractual agreements concerning the referral of clients or business or the sharing of expenses.

**Answer No. 4:** To the best of our knowledge, we have no contractual or any other relationship with Teel.

**Interrogatory No. 5.** Describe the nature of PATHFINDER's business, including a description of the nature of the goods or services provided to PATHFINDER's customers.

**Answer No. 5:** Pathfinder is a commercial loan brokerage business. We assist borrowers to place commercial real estate mortgages with various lending sources. These sources include life

insurance companies, banks, Wall Street conduits, credit unions, and private lenders. We act strictly as an intermediary between the lending source and the borrower.

**Interrogatory No. 6.** IDENTIFY all clients to whom PATHFINDER provided goods or services from the period March 18, 2008 to the present.

**Answer No. 6:** This answer is "CONFIDENTIAL." Based on "such information as is available to" Pathfinder, Fed. R. Civ. Proc. 33 (a), Pathfinder identifies:

> Symetra Life Insurance Co.
>
> Standard Life Insurance Co.
>
> Guardian Life Insurance Co.
>
> Thrivent Financial for Lutherans
>
> Berkshire Life Insurance Co.
>
> Farm Bureau of Iowa Life Insurance Co.

**Interrogatory No. 7.** Provide the total revenues obtained by PATHFINDER during the period June 2002 and March 13, 2008.

**Answer No. 7:** This answer is "CONFIDENTIAL." Attached are financial statements for fiscal years ending 9-30-2002 through 2008.

**Interrogatory No. 8.** Provide the total expenses by category incurred by PATHFINDER during the period June 2002 and March 13, 2008.

**Answer No. 8:** See attached operating statement.

**Interrogatory No. 9.** Itemize all payments made by PATHFINDER to ALLIANCE from June 2002 through the present, including the date on which such payments were made, the amount of such payments, and the purpose for which such payments were made by PATHFINDER.

**Answer No. 9:**

| Date | Check # | From Account # | Memo | Amount |
|---|---|---|---|---|
| 06/01/04 | 3041 | 20097 - Payable - PMC Trust | PMC 1242 - LA Pacific Plaza - Retainer fee for appraisal | 3,450.00 |
| 06/02/04 | 3251 | 20097 - Payable - PMC Trust | PMC 1245-Norlene Deloye-appraisal retainer fee | 1,950.00 |
| 07/01/04 | 3280 | 20097 - Payable - PMC Trust | PMC1242 Bal due-MAI Appraisal-Inv#040605 | 3,450.00 |
| 08/20/04 | 3302 | 20097 - Payable - PMC Trust | #1245-Norlene DeLoye-Bal due on MAI Apprsl | 1,950.00 |

| 05/16/05 | 3377 | 20097 - Payable - PMC Trust | PMC 1271 M&L Financial - (MAI Appraisal) | 6,900.00 |
|---|---|---|---|---|
| 08/02/05 | 3423 | 20097 - Payable - PMC Trust | PMC 1274- AC Plato - MAI Appraisal | 4,900.00 |
| 12/30/05 | 3503 | 20097 - Payable - PMC Trust | PMC 1288 - SJT Entertainment (Inv#051112) | 4,400.00 |
| 05/08/06 | 3590 | 20097 - Payable - PMC Trust | PMC 1299 Castaic Lake Storage - INV# 060302) MAI Appraisal | 3,700.00 |
| 05/11/07 | 3756 | 20097 - Payable - PMC Trust | PMC 1312 - Arkina - Invoice #070337 | 3,900.00 |
| 01/30/08 | 3878 | 20097 - Payable - PMC Trust | PMC 1319-Eddy- MAI appraisal-Inv#071229 | 3,400.00 |
| | | | TOTAL | 38,000.00 |

**Interrogatory No. 10.** Itemize all payments made by PATHFINDER to GRESSETT from June 2002 through the present, including the date on which such payments were made, the amount of such payments, and the purpose for which such payments were made by PATHFINDER.

**Answer No. 10:** To the best of our knowledge, we made no payments to Gressett.

**Interrogatory No. 11.** Describe all communications between PATHFINDER and ALLIANCE concerning this lawsuit, including the date on which such communications were made and the substance of such communications.

**Answer No. 11:** Brad Christensen contacted Mark Field by telephone soon after receiving a letter from CoStar dated March 13th, 2008. Alliance was named in the letter and Mr. Christensen wanted to know what was going on. Field related his side of the story. Sometime in April, 2008, Mr. Christensen was served with notice that Pathfinder Mortgage Corporation was being sued by CoStar. He again contacted Mark Field by telephone to ask what attorney he was using. He provided the name of the attorney he had hired, Wayne Pierce. They then spoke a while about the case and then hung up. Mr. Christensen remembers receiving a voicemail and an email from Mark Field sometime after April, 2008, but he does not recall when. He left a return voice message for Mr. Field, but they were never able to hook up and never did speak. We have reasonably searched and have not identified any written communication with Mr. Field that is responsive.

**Interrogatory No. 12.** Describe all communications between PATHFINDER and GRESSETT concerning this lawsuit, including the date on which such communications were made and the substance of such communications.

**Answer No. 12:** To the best of our knowledge, no communication has occurred between Pathfinder and Gressett.

**Interrogatory No. 13.** Describe all communications between PATHFINDER and LAWSON concerning this lawsuit, including the date on which such communications were made and the substance of such communications.

**Answer No. 13:** To the best of our knowledge, no communication has occurred between Pathfinder and Lawson.

**Interrogatory No. 14.** Describe all communications between PATHFINDER and TEEL concerning this lawsuit, including the date on which such communications were made and the substance of such communications.

**Answer No. 14:** To the best of our knowledge, no communication has occurred between Pathfinder and Teel.

**Interrogatory No. 15.** IDENTIFY all persons AFFILIATED with PATHFINDER who have used COSTAR's products or services since June 2002.

**Answer No. 15:** Based on "such information as is available to" Pathfinder, Fed. R. Civ. Proc. 33 (a), Pathfinder is not able to identify individuals who used CoStar's products or services since June, 2002.

**Interrogatory No. 16.** IDENTIFY all persons AFFILIATED with PATHFINDER who, during their AFFILIATION with PATHFINDER and during the period June 2002 to the present, have observed or received information or products derived from COSTAR's services, such as COSTAR market reports, printouts of search results, property details, or other such information.

**Answer No. 16:** Based on "such information as is available to" Pathfinder, Fed. R. Civ. Proc. 33 (a), Pathfinder is not able to identify individuals who observed or received CoStar's information or products since June, 2002.

I, SAMUEL WU, am Chief Executive Officer and Chairman of PATHFINDER MORTGAGE CORPORATION and am duly authorized by the corporation to execute these answers to interrogatories under oath on its behalf. The information set forth in these answers was collected by others and such information is not necessarily within my personal knowledge. However, on behalf of the corporation, I solemnly affirm under penalties of perjury that the foregoing answers to interrogatories are true to the best of my knowledge, information and belief.

_____
SAMUEL WU


_____
R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401
Telephone: 410-573-9955
Fax: 410-573-9956
Email: wpierce@adventurelaw.com
*Attorney for Defendant Pathfinder Mortgage Corporation*

## CERTIFICATE OF SERVICE

I, R. Wayne Pierce, hereby certify that on July 27, 2009, I served the foregoing by e-mailing and mailing an exact copy thereof, postage prepaid, to all counsel of record:

Simeon Brier
Gary A. Woodfield
Edwards Angell Palmer Dodge LLP
350 East Las Olas Blvd., Suite 1150
Fort Lauderdale, FL 33301
Telephone: 954.667.6140
Facsimile: 954.727.2601
Email: sbrier@eapdlaw.com
      gwoodfield@eapdlaw.com
*Attorneys for Defendant Lawson Valuation Group*

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: 713.374.3500
Facsimile: 713.374.3505
Email: lovettm@gtlaw.com
      fergusonp@gtlaw.com
*Attorneys for Defendant Russ A. Gressett*

Shari Ross Lahlou, Bar. No. 16570
William Sauers Bar. No. 17355
Sanya Sarich Kerksick (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue. N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email: slahlou@crowell.com
      wsauers@crowell.com
      skerksick@crowell.com
*Attorneys for Plaintiffs CoStar Realty*
*Information, Inc., a Delaware Corporation,*
*and CoStar Group, Inc., a Delaware Corporation*

I further certify that on July 27, 2009, a true copy of the foregoing was sent by e-mail to:

Mr. Mark Field
dba Alliance Valuation Group
2858 Via Bellota
San Clemente, CA 92673
mark.field@cox.net

-7-

_R Wayne Pierce_
R. WAYNE PIERCE