# EXHIBIT 6

**Sauers, William**

| | |
|---|---|
| **From:** | Wayne Pierce [wpierce@adventurelaw.com] |
| **Sent:** | Thursday, August 13, 2009 8:23 AM |
| **To:** | Sauers, William |
| **Subject:** | Re: CoStar v. Mark Field d/b/a Alliance Valuation Group, et al. 8:08-cv-663-AW - Protective Order |

Bill

Because of traveling through the mountains with spotty cell phone coverage and a heavy meeting schedule for the remainder of the week, it has not been easy for me to turn around a response to you. Here is where things stand:

1. When we talked on Monday, I do not recall sending any signal whatsoever that there was any question that the deposition was proceeding on Monday. I am not sure what you think you heard, but I was not been aware of any contrary information.
2. However, not to string you along, but there has been a development that does give me reason to question whether there will be a deposition on Monday. With the time zone differences and my meeting schedule, I am not going to be able to do anything until this evening. I will try to update you tonight or tomorrow.
3. I will now respond to the items that I identified in my notes when we discussed this on Monday. First, I am not aware that you have asked any written discovery requesting that we identify any individual who may have deleted electronic files, so we are declining to respond further at this time.
4. Although I am not aware that you have asked any written discovery regarding our further contact with former employees, we respond as follows: Yes, someone from Pathfinder has been to long-term storage and reviewed documents filed there for purposes of responding to your document request.
5. Although I am not aware that you have asked any written discovery regarding contact with the former employee who now has cancer, we respond as follows: There apparently has been one or more voice mails exchanged between those parties, but I understand that they have not talked directly.
6. I am not aware of (nor have you cited me to) any requirement that we identify in advance our corporate representative deponent (s), and we decline to do so.
7. Regarding interrogatory number 9, we have already identified all such payments precisely as you asked, and we see no reason to answer further interrogatories that you never bothered to ask. Certainly, you are free to pursue this further during the deposition -- provided it is one of your scheduled topics.
8. Regarding interrogatory numbers 15-16, we have already answered the question as you asked it, and we see no reason to answer further interrogatories that you never bothered to ask. Certainly, you are free to pursue this further during the deposition -- provided it is one of your scheduled topics.

This covers everything that I have in my notes from our discussion. If there is something that I have omitted, please advise.


Sincerely,

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, Maryland 21401-7015
Office:   410-573-9955
Fax:      410-573-9956
E-mail:   wpierce@adventurelaw.com

Dictated with voice recognition software.

9/23/2009