IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al*. <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW |

**COSTAR'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN ORDER
TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED
<u>AGAINST DEFENDANT MARK FIELD</u>**

Pursuant to Rules 37(d) and 55(a) of the Federal Rule of Civil Procedure, Plaintiffs CoStar Realty Information, Inc., and CoStar Group, Inc. (collectively, "CoStar") submit this memorandum in support of their Motion for an Order to Show Cause Why Default Should Not Be Entered Against Defendant Mark Field d/b/a Alliance Valuation Group ("Alliance" or "Field"). Field has completely failed to participate in discovery in this case. He has not responded to one written discovery request and failed to appear for his properly noticed deposition. He has not responded to numerous letters, e-mails, and voicemails from CoStar's counsel informing him that if he does not participate in discovery, then sanctions could be entered against him, including but not limited to the entry of default.

CoStar has suffered considerable prejudice due to Field's abuse of the discovery process. CoStar's copyright infringement, breach of contract, and fraud claims are all centered on Field's unauthorized distribution of user names and passwords for CoStar's database of commercial real estate

information.  Field is therefore at the heart of the wrongdoing in this case, and discovery from Field is critical to CoStar in developing its case against both Field and the other defendants.

Accordingly, CoStar is left with no choice but to file this motion.  As set forth in more detail below, CoStar respectfully requests that the Court enter an order:  (1) to show cause why default should not be entered against Field pursuant to Rules 37(d) and 55(a) of the Federal Rule of Civil Procedure, and (2) sanctioning Field for his failure to participate in discovery to date, including awarding CoStar the attorneys' fees and costs incurred in appearing for his deposition and bringing this motion.

I.  **BACKGROUND**

While Field is currently representing himself *pro se*, CoStar's discovery requests and the deposition notice were served on him while he was still being represented by an attorney.  Specifically, (1) CoStar's First Request for Production of Documents and (2) CoStar's First Set of Interrogatories were originally served on June 18, 2009, and (3) CoStar's Notice of Deposition to Mark Field was originally served on June 30, 2009.  Exs. 1, 2 and 3.  The Court did not grant the request of Field's attorney, Mr. Wayne Pierce, to withdraw from the case until July 1, 2009.  D.E. 59.  Thus, Field's attorney had notice of the written discovery requests well in advance of his withdrawal, and had ample opportunity to inform his client of his obligations to respond to them.  Likewise, Field's attorney had the deposition notice while he was still representing Field and therefore should have informed Field of his obligation to attend.  Indeed, Field's attorney signed a declaration in connection with his motion to withdraw swearing that he advised Field that Alliance "must have new counsel enter an appearance or be subject to a default judgment on the claims entered against Alliance Valuation Group."  D.E. 58-2 (Declaration of R. Wayne Pierce (June 29, 2009)) at ¶ 7.

In addition, also in connection with the motion to withdraw, Field signed a declaration swearing that "I understand my responsibility to represent myself or engage new counsel for my business." D.E. 58-3 (Declaration of Mark Field (May 15, 2009) at ¶ 6).

Since the time Field's attorney was given leave to withdraw from the representation, CoStar has personally served Field with the discovery requests and deposition notice, and has repeatedly cautioned him that his failure to respond to the requests or appear for his deposition could result in sanctions, including the entry of default judgment against him. On July 16, 2009, the request for production, interrogatories, and deposition notice were forwarded directly to Field via Federal Express.[1] *See* Exs. 4 and 5. On August 4, 2009, all three documents were forwarded to Field again, this time via registered mail and electronic mail along with a letter informing Field that failure to respond "could result in sanctions or other adverse consequences, including an order imposing sanctions and/or attorneys' fees and costs, or entry of default judgment . . . ." Ex. 6 (August 4, 2009 E-mail, Letter (without attachments), and signed registered mail receipt). CoStar never received any response from Field regarding these requests.

CoStar's counsel also attempted to contact Field via telephone and electronic mail several times. On August 11, 2009, counsel attempted to call Field using a phone number that Field had provided to CoStar's counsel in July during the one conversation that CoStar's counsel had with Field. However, the voicemail message stated that the mailbox "belonging to Mark Field is full and cannot accept additional messages." *See* Ex. 7. Counsel followed up with Field on the same day via e-mail, and

---

[1] CoStar had originally sent the sent the requests and notice on July 1, 2009, to the address at which Field had been served with the Complaint. Ex. 4. This package was returned. CoStar then promptly forwarded the requests and notice to the address provided by Field's former counsel in his motion to withdraw. D.E. 58-2.

informed him that his deposition was scheduled for August 18, 2009, and requested that he indicate in writing whether he will attend. *Id*. Counsel noted that discovery closes on August 31, and that if he did not respond, CoStar may have to involve the court. *Id*. Field never responded to these inquiries.

On August 17, 2009, CoStar's counsel succeeded in leaving Field a voicemail message regarding his outstanding discovery responses and his scheduled deposition. *See* Ex. 8. CoStar's counsel informed Field that CoStar intended to proceed with the deposition, and again notified Field that his failure to respond could result in sanctions or other adverse consequences, including the entry of default judgment. *See id*. CoStar's counsel followed up with an email that stated the same. *Id*. No response to these messages was received.

Ultimately, Field failed to appear for his deposition and never responded to the written discovery requests. Ex. 9 (Transcript of Deposition of Mark Field (August 18, 2009)). Despite numerous attempts to contact him via e-mail and phone, CoStar has heard nothing from Field since July 2009. And in fact, as of today, the e-mail address that had Field verbally confirmed to counsel for CoStar to be the correct e-mail address is no longer in existence. Ex. 10 (September 24, 2009 Service E-mail and Undeliverable Receipt).

## II.  **ARGUMENT**

As explained below, entry of default by the clerk pursuant to Rule 55(a) is appropriate at this time under both Rule 37(d) and Rule 55(a) of the Federal Rules of Civil Procedure. In light of the fact that Field is *pro se*, CoStar requests a show cause order so that Field may be provided with every opportunity to be heard and so that the Court may be satisfied that he has been given sufficient fair warning that default may be entered against him. CoStar further respectfully requests that the show

cause order provide that, in the event Field does not respond to the show cause order within 14 days, that default will be entered against him.

### A. Entry of Default is Appropriate Under Rule 37(d) and Rule 55(a)

This Court has the authority to enter default judgment against Field under either Rule 37(d) or Rule 55(a). Rule 37 provides that a court may issue an order "rendering a default judgment . . ." if a party fails to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection. Fed. R. Civ. P. 37(d)(1), 37(b)(2)(A)(vi). Courts consider four factors to determine whether entry of default judgment is appropriate under Rule 37: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. and Empl. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (citing *Wilson v Volkswagen of Am., Inc.*, 561 F.2d 494, 505-06 (4th Cir. 1977)). In addition, before default is entered, the court must be satisfied that the defendant had sufficient fair warning of the possibility of default. *See Steigerwald v. Bradley*, 229 F. Supp. 2d 445, 450 (D. Md. 2002).

Default is also available under Rule 55 "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Default is appropriate under Rule 55 where, for example, a party fails to participate in its defense against the case for a lengthy period of time. *See, e.g., Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (default judgment under Rule 55 appropriate where defendant failed to appear at show cause hearing and did not respond to certified notices by the court); *Securities and*

*Exchange Commn. v. Lawbaugh*, 359 F. Supp. 2d 418, 421-22 (D. Md. 2005) (default judgment under Rule 55 appropriate where court "ha[d] not heard from" defendant in over a year).

Entry of default is warranted here under either standard. First, Field has acted in bad faith. Despite CoStar's numerous attempts to give Field ample notice of his deposition, and of the possibility that serious sanctions could result if Field did not respond to discovery or produce documents, Field has altogether failed to participate in discovery. Field's failure to participate in discovery is particularly egregious in light of the fact that he was represented by counsel when he first received CoStar's written discovery requests and deposition notice, and that he declared under oath that he understood the necessity to obtain new counsel.

Second, CoStar already has been and will be prejudiced by Field's failure to fulfill his discovery obligations. Field's activities are at the heart of CoStar's complaint; it is Field who illicitly provided the CoStar usernames and passwords to the other defendants in this case. Without information from Field, CoStar is at risk of being left without evidence necessary to prove its affirmative case against Field and potentially against the other defendants as well.

Third, deterrence is warranted in light of Field's repeated failures to respond to numerous attempts to contact him. Not only did Field have notice of the requests and deposition notice while he was still being represented by an attorney, but since the time his attorney was given leave to withdraw from the representation, CoStar has repeatedly served Field with the discovery requests and deposition notice, and has repeatedly cautioned him that his failure to respond to the requests or appear for his deposition could result in sanctions, including the entry of default judgment against him. Yet Field has never provided any explanation for his complete failure to participate in discovery, nor has he ever responded to any of CoStar's inquiries.

Fourth, a less drastic remedy would not be effective. In this motion, CoStar does not yet move for entry of default judgment against Field; rather, CoStar moves for an order to show cause why default under Rule 55(a) should not be entered. In the event that Field fails to respond to the show cause order, CoStar requests that the Court order the clerk to enter default against Field under Rule 55(a). CoStar would then file a motion for entry of default judgment pursuant to Rule 55(b).

For similar reasons, the Court can be satisfied that Field received sufficient fair warning of the possibility of the entry of default and default judgment. Field has already received sufficient notice through his attorney's advice and CoStar's numerous letters. He would receive additional notice of that risk through a show cause order and the entry of default.

In short, whether considered under Rule 37(d) or Rule 55(a), entry of default against Mark Field in this matter is appropriate due to Field's abuse of the discovery process by a complete failure to participate. *Anderson*, 155 F.3d at 504; *Home Port Rentals*, 957 F.2d at 133; *see also Carter v. Prince Georges County*, 155 F.R.D. 128, 130 (D. Md. 1994) (under Rule 37(b), dismissing plaintiff's complaint without prejudice as sanction after she failed to attend two properly noticed depositions, supplement her discovery regarding interrogatories and documents, and pay her experts so that they would appear at deposition). Field should be ordered to show cause why that is not the case.

**B.     The Court Should Award CoStar its Attorneys' Fees**

If this motion is granted, the court "must" require Field to pay its reasonable expenses incurred as a result of Field's failures, including attorney's fees, unless Field can establish that his failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Neither of those circumstances exist here. As explained above, CoStar has attempted every reasonable avenue to resolve Field's discovery shortcomings, but Field has chosen instead to ignore his

discovery obligations. CoStar accordingly asks for the imposition of sanctions against Field in the form of CoStar's attorneys' fees and costs associated with bringing this motion pursuant to Fed. R. Civ. P. 37(d)(3).

**III.    CONCLUSION**

At a minimum, CoStar respectfully requests that the Court:

(a)  Enter an Order to Show Cause Why Default Should Not Be Entered Against Mark Field d/b/a Alliance Valuation Group, specifically providing that, in the event Mark Field does not respond to the Order to Show Cause within fourteen (14) days, the Court will order the Clerk to enter default against him; and

(b)  Award CoStar its attorneys' fees and costs associated with bringing this motion pursuant to Fed. R. Civ. P. 37(d)(3).

Dated:  September 24, 2009                                    Respectfully submitted,

                              /s/
Shari Ross Lahlou, Bar. No. 16570
William Sauers Bar. No. 17355
Sanya Sarich Kerksiek Bar No. 17636
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email   slahlou@crowell.com
             wsauers@crowell.com
             skerksiek@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc., a Delaware Corporation, and CoStar Group, Inc., a Delaware Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record for the following parties by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on September 24, 2009:

| | |
|---|---|
| Mary-Olga Lovett<br>Pamela Ferguson<br>Greenberg Traurig<br>1000 Louisiana Street, Suite 1800<br>Houston, TX 7700<br>Telephone: 713.374.3500<br>Facsimile: 713.374.3505<br>lovettm@gtlaw.com<br>fergusonp@gtlaw.com<br><br>*Attorneys for Defendant Russ A. Gressett* | R. Wayne Pierce<br>The Pierce Law Firm, LLC<br>133 Defense Highway, Suite 106<br>Annapolis, MD 21401-7015<br>Telephone: 410.573.9959<br>Facsimile: 410.573.9956<br>wpierce@adventurelaw.com<br><br>*Attorney for Defendant Pathfinder Mortgage Company* |

I further certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record listed above and on the following parties by U.S. Mail and electronic mail on September 24, 2009:

| | |
|---|---|
| Mark Field<br>Alliance Valuation Group<br>638 Camino De Los Maries, Suite H130A<br>San Clemente, CA 92673<br>mark.field@cox.net<br><br>Pro se *defendant* | Lawson Valuation Group, Inc.<br>c/o Douglas Lawson<br>8895 N. Military Trail, Suite 304E<br>Palm Beach Gardens, FL 33410-6263<br>Lawsonmai@aol.com<br><br>Pro se *defendant* |

Dated: September 24, 2009

        /s/
William Sauers Bar. No. 17355
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: wsauers@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc., and CoStar Group, Inc.*