# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al*. <br><br> Defendants. | Civil Action No. 8:08-cv-663-AW |

## COSTAR REALTY INFORMATION, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT MARK FIELD D/B/A ALLIANCE VALUATION GROUP

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Plaintiffs, CoStar Realty Information, Inc. and CoStar Group, Inc., (collectively, "CoStar"), hereby requests that the Defendant Mark Field d/b/a Alliance Valuation Group ("ALLIANCE"), answer in writing, in full and under oath, the following interrogatories within thirty (30) days from the date of the service of this Request, or at such other time as may be mutually agreed by the parties.

## DEFINITIONS AND INSTRUCTIONS

1. "COSTAR" means CoStar Realty Information, CoStar Group Inc. and/or all their past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on their behalf.

1

2. "ALLIANCE," "YOU," and "YOUR" means MARK FIELD and/or all of his affiliated companies or corporations (including but not limited to Alliance Valuation Group, Inc.), employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

3. "LAWSON" means LAWSON VALUATION GROUP, INC. and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

4. "GRESSETT" means Russ A. Gressett and/or all of his affiliated companies or corporations, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on his behalf.

5. "TEEL" means Gerald A. Teel Company, Inc. and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

6. "PATHFINDER" means Pathfinder Mortgage Company and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

7. Separate and complete sworn responses (or, as the case may be, separate objections) are required for each interrogatory.

8. The term "relating to" shall have the same meaning as the term "concerning."

9. The term "including" shall be construed broadly to mean "including but not limited to" or "including without limitation."

10. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Interrogatory most broad.

11. As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

12. As used herein the present tense shall also include the past tense.

13. "And" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make each Interrogatory inclusive rather than exclusive.

14. "Each" shall be construed to include and encompass "all."

15. Any pronoun shall be construed to refer to the masculine, feminine or neutral gender, in singular or plural, as in each case is most appropriate.

16. "IDENTIFY" means to state or list (a) for a natural person, his or her full name, last known home and business addresses, telephone number, and e-mail address, present or last known position and job title or description, and (b) for a corporation, company, or other legal entity, its full name, a description of the entity, and the address of its principal place of business.

17. "PERSON" means any natural person, legal entity, governmental entity, or business entity, including without limitation any corporation, partnership, unincorporated association, joint venture, sole proprietorship, or any and/or all other organization or group of individuals together with the employees, agents, consultants and attorneys thereof.

18. "ENTITY" or "ENTITIES" includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments, including foreign national governments, the government of the U.S. or any state or local government, and all departments and agencies thereof, political subdivisions, groups, associations, or organizations.

19. "DOCUMENT" and/or "THING" shall be construed to mean, without limitation any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not. "DOCUMENT" specifically includes all forms of electronic data. A draft or nonidentical copy is a separate document within the meaning of this term. As used herein, "THING" also means any tangible item(s), other than a "DOCUMENT" as defined herein, which constitute or contain matters within the scope of Rule 34 of the Federal Rules of Civil Procedure.

20. "AFFILIATED" and "AFFILIATION" shall mean any type or kind of relationship between two persons or entities, including an employer-employee relationship, an independent contractor relationship, or a contractual relationship.

21. ALLIANCE shall respond with all responsive information. Where a claim of privilege is asserted, please provide the information required pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, identifying without limitation: 1) the type of document withheld; 2) its date, if any; 3) its possessor; 4) the name, position and business affiliation of its author(s) and recipient(s); 5) its general subject matter; 6) the number of pages; 7) the paragraph of the request to which it is responsive; and 8) the nature of the privilege claimed.

22. If you object to any portion of any interrogatory, respond to the portions to which your objection does not apply.

23. If you are unable to answer any of the following interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, so state. In addition, answer each such interrogatory to the fullest extent possible, specifying your knowledge and your inability to answer the remainder, and state whatever information or knowledge you may have concerning the unanswered portions of the interrogatory.

24. If in answering these interrogatories you claim any ambiguity in either the interrogatory or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation of the language you used to respond.

25. Unless otherwise specified, all terms shall be interpreted as they are used in the Federal Rules of Civil Procedure. These interrogatories and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by law.

26. Words and phrases are to be given their ordinary meaning and shall not be unduly or restrictively construed so as to avoid responding to the fair scope of the interrogatories.

27. None of the definitions or interrogatories set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or interrogatories.

## **INTERROGATORIES**

**Interrogatory No. 1.**

Describe the nature of the relationship between ALLIANCE and LAWSON, including but not limited to any contractual agreements concerning the referral of clients or business or the sharing of expenses.

**Interrogatory No. 2.**

Describe the nature of the relationship between ALLIANCE and GRESSETT, including but not limited to any contractual agreements concerning the referral of clients or business or the sharing of expenses.

**Interrogatory No. 3.**

Describe the nature of the relationship between ALLIANCE and TEEL, including but not limited to any contractual agreements concerning the referral of clients or business or the sharing of expenses.

**Interrogatory No. 4.**

Describe the nature of the relationship between ALLIANCE and PATHFINDER, including but not limited to any contractual agreements concerning the referral of clients or business or the sharing of expenses.

**Interrogatory No. 5.**

Describe the nature of ALLIANCE's business, including a description of the nature of the goods or services provided to ALLIANCE's customers.

**Interrogatory No. 6.**

IDENTIFY all clients to whom ALLIANCE provided goods or services from the period March 18, 2008 to the present.

**Interrogatory No. 7.**

Provide the total revenues obtained by ALLIANCE during the period June 2002 and March 13, 2008.

**Interrogatory No. 8.**

Provide the total expenses by category incurred by ALLIANCE during the period June 2002 and March 13, 2008.

**Interrogatory No. 8.**

Itemize all payments made by GRESSETT to ALLIANCE from June 2002 through the present, including the date on which such payments were made, the amount of such payments, and the purpose for which such payments were made.

**Interrogatory No. 9.**

Itemize all payments made by LAWSON to ALLIANCE from June 2002 through the present, including the date on which such payments were made, the amount of such payments, and the purpose for which such payments were made.

**Interrogatory No. 10.**

Itemize all payments made by TEEL to ALLIANCE from June 2002 through the present, including the date on which such payments were made, the amount of such payments, and the purpose for which such payments were made.

**Interrogatory No. 11.**

Itemize all payments made by PATHFINDER to ALLIANCE from June 2002 through the present, including the date on which such payments were made, the amount of such payments, and the purpose for which such payments were made.

**Interrogatory No. 12.**

Describe all communications between ALLIANCE and GRESSETT concerning this lawsuit, including the date on which such communications were made and the substance of such communications.

**Interrogatory No. 13.**

Describe all communications between ALLIANCE and LAWSON concerning this lawsuit, including the date on which such communications were made and the substance of such communications.

**Interrogatory No. 14.**

Describe all communications between ALLIANCE and TEEL concerning this lawsuit, including the date on which such communications were made and the substance of such communications.

**Interrogatory No. 15.**

Describe all communications between ALLIANCE and PATHFINDER concerning this lawsuit, including the date on which such communications were made and the substance of such communications.

**Interrogatory No. 16.**

IDENTIFY all persons AFFILIATED with ALLIANCE who have used COSTAR's products or services since June 2002.

**Interrogatory No. 17.**

IDENTIFY all persons AFFILIATED with ALLIANCE who, during their AFFILIATION with ALLIANCE and during the period June 2002 to the present, have observed or received information or products derived from COSTAR's services, such as COSTAR market reports, printouts of search results, property details, or other such information.

Dated: June 18, 2009

William J. Sauers (Bar No. 17355)
Shari Ross Lahlou (Bar No. 16570)
Sanya Sarich Kerksiek (Bar No. 17636)
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-8844
wsauers@crowell.com
slahlou@crowell.com
skerksiek@crowell.com

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 18, 2009, a true copy of the foregoing was sent by electronic mail and first class mail to:

| | |
|---|---|
| Simeon Brier<br>Gary A. Woodfield<br>Edwards Angell Palmer Dodge LLP<br>350 East Las Olas Blvd., Suite 1150<br>Fort Lauderdale, FL 33301<br>Telephone: 954.667.6140<br>Facsimile: 954.727.2601<br>sbrier@eapdlaw.com<br>gwoodfield@eapdlaw.com<br><br>*Attorneys for Defendant Lawson Valuation Group* | R. Wayne Pierce<br>The Pierce Law Firm, LLC<br>133 Defense Highway, Suite 106<br>Annapolis, MD 21401-7015<br>Telephone: 410.573.9959<br>Facsimile: 410.573.9956<br>wpierce@adventurelaw.com<br><br>*Attorney for Defendants Mark Field d/b/a Alliance Valuation Group and Pathfinder Mortgage Company* |

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

*Attorneys for Defendant Russ A. Gressett*

                                                /s/
                                  William J. Sauers (Bar No. 17355)
                                  Crowell & Moring LLP
                                  1001 Pennsylvania Ave.
                                  Washington, DC  20004
                                  Telephone:  (202) 624-2500
                                  Facsimile: (202) 628-8844
                                  wsauers@crowell.com

                                  *Attorneys for Plaintiffs CoStar Realty Information, Inc., and CoStar Group, Inc.*