# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al.* <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW |

## **PATHFINDER'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56, defendant Pathfinder Mortgage Co. moves for summary judgment and says:

## **FACTS**

At all material times, defendant Pathfinder has been in the mortgage business providing various services to its real estate customers. **Exhibit 3, ¶ 4.** During the times alleged in the Complaint, Pathfinder intermittently engaged the services of co-defendant Mark Field as an independent contractor to perform property appraisals. Exhibit 3, ¶ 5. In part to perform such services for clients, Mr. Field contracted with plaintiff CoStar to receive authorization to use the CoStar database. **Exhibit 1, ¶ 4.** A copy of the contract between Mr. Field and CoStar is attached as **Exhibit 2.** Exhibit 1, ¶ 4. Under the Field-CoStar contract:

- Mr. Field paid for and received the use of a "key token" that allowed him to

access the CoStar database from computers other than Mr. Field's primary personal computer. Exhibit 1, ¶ 5; Exhibit 2, p.3, ¶ 13 (b).

- the Field-CoStar contract superseded any inconsistent terms that might otherwise be found on the CoStar website. Exhibit 1, ¶ 6; Exhibit 2, p. 1.

- Mr. Field was authorized to provide information from the CoStar database regarding particular properties and marketing trends to his clients and prospective clients. Exhibit 1, ¶ 7; Exhibit 2, p. 2, ¶ 2 (a) (2).

From time to time, Mr. Field used his key token while away from his office to obtain authorized access to the CoStar database through computers other than his primary personal computer. Exhibit 1, ¶ 8. At all relevant times, defendant Pathfinder was a client of Mr. Field. Exhibit 1, ¶ 9. From time to time, Mr. Field used his key token while away from his office to obtain authorized access to the CoStar database through one or more computers located at Pathfinder's office. Exhibit 1, ¶ 10. Mr. Field accessed the CoStar database through one or more Pathfinder computers for the authorized purpose of providing information regarding particular properties and marketing trends to his client, Pathfinder. Exhibit 1, ¶ 11.

Pathfinder has been particularly hard hit by the current economic recession. Exhibit 3, ¶ 6. Pathfinder effectively ceased business operations earlier this year. Exhibit 3, ¶ 7. As a result, Pathfinder's former employees no longer work for the company. Exhibit 3, ¶ 8. Further, Pathfinder's records have been placed in long-term storage and no current employee is familiar with the organization or content of those records. Exhibit 3, ¶ 9. After investigating, Pathfinder has been unable to identify any evidence within its control that allows it to determine whether any of its former employees accessed the CoStar database

without authorization. Exhibit 3, ¶ 10. Pathfinder uses numerous, alternative sources by which it obtains sales data for the purpose of providing comparable sales in Pathfinder reports. These alternative sources include other deals, other brokers, or other research sources. Exhibit 3, ¶ 11. For the reports generated by Pathfinder, Pathfinder has no use for CoStar's copyrighted photographs, only the non-copyrighted sales comps widely available from numerous sources. Exhibit 3, ¶ 12. Pathfinder has no way of determining whether particular sales comps that might appear in particular reports were derived from the CoStar database or from alternative sources. Exhibit 3, ¶ 13. Pathfinder is unaware of any contractual restriction that would have prohibited Mr. Field from accessing the CoStar database from a Pathfinder computer and making those sales comps available to Pathfinder. Exhibit 3, ¶ 14.

## ARGUMENT

### I. STANDARDS FOR SUMMARY JUDGMENT.

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 327(1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970); *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir. 1991).

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In determining whether there is a genuine issue of material fact, the Court must view the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. *Pulliam Inv. Co. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir. 1987). The Court must take care not to foreclose trial when the case presents genuinely disputed, material facts.

Nevertheless, as the Fourth Circuit made clear in *Thompson Everett, Inc. v. National Cable Advertising, L.P,* 57 F.3d 1317, 1322 (4th Cir. 1995), (i) "the mere existence of some disputed facts does not require that a case go to trial," (ii) "the disputed facts must be material to an issue necessary for the proper resolution of the case," and (iii) "the quality and quantity of the evidence offered to create a question of fact must be adequate to support a jury verdict." *Id.* at 1323 (citations omitted)(emphasis added). Moreover,

> if the evidence is merely colorable or not significantly probative, it may not be adequate to oppose entry of summary judgment.... While we have recognized generally that when considering a motion for summary judgment, the district court must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion, we hasten to add that those inferences must, in every case, fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture.

*Id.* at 1323 (citations omitted)(emphasis added).

A defendant moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Where, as here, the nonmoving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party

[at the summary judgment stage] may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Paramount Brokers, Inc. v. Digital River, Inc.,* 126 F. Supp. 2d 939, 944 (D. Md. 2000).

One of the purposes of Rule 56 of the Federal Rules of Civil Procedure is to require a plaintiff, in advance of trial and after a motion for summary judgment has been filed and properly supported, to come forward with some minimal facts to show that the defendant may be liable under the claims alleged. *See* F.R.Civ.P. 56(e). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." *Catrett*, 477 U.S. at 323.

While the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The "mere existence of a scintilla of evidence in support of the plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252; "'there must be evidence on which a jury might rely.'" *Barwick*, 736 F.2d at 958-59 (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 640 (E.D.N.C. 1966), *aff'd*,

388 F.2d 987 (4th Cir. 1967), *cert. denied*, 390 U.S. 959 (1968)). Moreover, only disputed issues of *material* fact, determined by reference to the applicable substantive law, will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the absence of the necessary minimal showing by the plaintiff that the defendant may be liable under the claims alleged, the defendant should not be required to undergo the considerable expense of preparing for and participating in a trial. *See Catrett*, 477 U.S. at 323-24; *Anderson*, 477 U.S. at 256-57. Indeed, the Fourth Circuit has stated that, with regard to motions for summary judgment, the district courts have "an affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Catrett*, 477 U.S. at 323-24).

## II. PLAINTIFF HAS NO EVIDENCE THAT PATHFINDER ENGAGED IN UNAUTHORIZED ACCESS TO THE COSTAR DATABASE.

In the first amended Complaint, CoStar has sued Pathfinder as follows

- Count II -- Breach of Contract
- Count V -- Direct Copyright Infringement
- Count VII -- Violation of 18 U.S.C. § 1030
- Count VIII -- RICO

Most of these counts are expressly premised on CoStar proving that Pathfinder received "unauthorized access" to the CoStar database. First Amended Complaint ¶ 38 ("without authorization"), ¶ 52 ("unauthorized access"), ¶¶ 69-70 ("without authorization" and "unauthorized access"). The RICO violations are premised on copyright "infringement," ¶ 73, therefore implicitly incorporating the same notion of "unauthorized access."

In this case, Pathfinder has met its burden of establishing that it did not engage in unauthorized access of the CoStar database. This is an element on which CoStar bears the burden of proof. CoStar has failed to introduce any evidence that Pathfinder gained unauthorized access to the CoStar database. Because CoStar cannot raise a triable issue of fact on an issue for which it bears the burden of proof, summary dismissal is appropriate. The facts of record here "taken as a whole could not lead a rational trier of fact to find for the non-moving party," so there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587.

### III. PATHFINDER SHOULD INURE TO THE PRIOR DISMISSAL OF THE RICO COUNT.

This Court has previously dismissed the RICO allegations against most of the defendants. Doc. No. 51, at 21-24. The Court's rationale applies equally to Pathfinder, so Pathfinder alternatively prays that the RICO count be dismissed against it on these further grounds.

### CONCLUSION

Wherefore, defendant Pathfinder prays that the allegations in the first amended complaint be summarily dismissed against it.

Respectfully submitted,

*/s/ R. Wayne Pierce*

R. Wayne Pierce, Esquire
Federal Bar No. 7999
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, Maryland 21401-7015
Direct: 410-573-9959
Fax: 410-573-9956
E-mail: wpierce@adventurelaw.com
**Attorney for Pathfinder Mortgage Co.**

# CERTIFICATE OF SERVICE

A copy of the foregoing motion, exhibits, and proposed order were served through the court's electronic notification service on September 28, 2009:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
Email:  lovettm@gtlaw.com
          fergusonp@gtlaw.com
*Attorneys for Defendant Russ A. Gressett*

Shari Ross Lahlou, Bar. No. 16570
William Sauers Bar. No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email: slahlou@crowell.com
          wsauers@crowell.com
          skerksiek@crowell.com
*Attorneys for Plaintiffs CoStar Realty
Information, Inc., a Delaware Corporation,
and CoStar Group, Inc., a Delaware Corporation*

I further certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document and exhibits was served upon the following parties by U.S. mail on September 28, 2009:

| | |
|---|---|
| Mark Field | Lawson Valuation Group, Inc. |
| Alliance Valuation Group | c/o Douglas Lawson |
| 638 Camino De Los Maries, Suite H130A | 8895 N. Military Trail, Suite 304E |
| San Clemente, CA 92673 | Palm Beach Gardens, FL  33410-6263 |
| | |
| *Pro se* defendant | *Pro se* defendant |

_____
R. Wayne Pierce, Esquire