IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al.*<br><br>    Defendants. | Civil Action No. 8:08-CV-663-AW |

### DEFENDANT PATHFINDER'S MOTION TO STRIKE
### PLAINTIFF'S MOTION TO COMPEL

Pursuant to Rule 7 (b), defendant Pathfinder Mortgage Co. moves to strike plaintiff's motion to compel and says:

### FACTS

Defendant Pathfinder was originally served all the way back on April 9, 2008. When several other defendants filed preliminary motions to dismiss, plaintiff was content to allow its case against Pathfinder to languish. For more than one year, plaintiff never suggested pursuant to Local Rule 104.4 that the parties stipulate to allow discovery to proceed. **Exhibit 1,** ¶ 4**.** Plaintiff's tardiness has proven extremely prejudicial for defendant. Because defendant is in real estate services, defendant experienced a precipitous drop in its business, and has been particularly hard hit by the current economic recession. Doc. No. 75, Defendant's Motion for Summary Judgment, Exhibit 3, ¶ 6. Pathfinder effectively ceased

business operations and closed its office earlier this year. *Id.,* ¶ 7. As a result, Pathfinder's former employees no longer work for the company. *Id.,* ¶ 8. Further, Pathfinder's records have been placed in long-term storage and no current employee is familiar with the organization or content of those records. *Id.,* ¶ 9. As a vendor to the real estate industry, plaintiff was well aware that its tardiness and "playing for time" was driving defendant into oblivion. Exhibit 1, ¶ 5. In fact, one co-defendant in this very case has filed for bankruptcy and another has ceased all operations.

Once the preliminary motions from the other defendants were resolved, a scheduling order was entered on April 16, 2009. In the scheduling order, the Court reminded all parties of Local Rule 104 governing discovery disputes. The scheduling order also set a date to end discovery and submit an end-of-discovery status report. Doc. No. 55.

Despite the obvious need for deliberate attention, plaintiff continued to ignore this case for more than 2 months. It was not until June 18, 2009, when plaintiff finally breathed life into this moribund case by filing interrogatories and document requests directed to Pathfinder. **Exhibits 2 & 3**, Notice of Service for CoStar Interrogatories and Document Requests. Because its inattention had now left it short of time, plaintiff attempted to rush discovery. For example, plaintiff chose to schedule defendant's deposition for August 17, 2009. **Exhibits 4 & 5**. Because defendant was no longer operating and relevant witnesses and documents had dispersed, defendant was forced to make a timely request on July 14, 2009, for an additional 2 weeks to respond to written discovery. Exhibit 1, ¶ 6. Even though plaintiff was well aware that defendant was no longer a functioning entity, Exhibit 1, ¶ 7, plaintiff refused the 2-week extension and begrudgingly agreed to an extension of a single week. **Exhibit 6**. In addition to the obvious strategic advantage of hamstringing a

hapless entity, plaintiff acknowledged that it now had to rush the case because it had left itself precious little time under the scheduling order. Exhibit 1, ¶ 8. On July 27, 2009, defendant served its written discovery responses. **Exhibits 7 & 8.**

Defendant anticipated that some discovery disputes could be avoided if the parties communicated more effectively. On July 17, 2009, defendant requested that plaintiff "further identify the information that" it hoped to obtain from the corporate representative deposition because, under the notice as written, "it [was] not possible for [defendant] to properly prepare a corporate representative." **Exhibit 9**. Defendant renewed that request during a "meet and confer" session on August 10, 2009. Exhibit 1, ¶ 9. Nevertheless, plaintiff declined to amplify on its topics in any way. Exhibit 1, ¶ 10.

At the start of the corporate representative deposition, defense counsel reminded plaintiff that the corporate representative topics were very broad and therefore difficult to prepare for. Exhibit 1, ¶ 11.[1] Once again, plaintiff made no further attempt to narrow or amplify its topics.

From the moment that the corporate representative deposition ended on August 17, 2009, plaintiff took no further action.

1. It was obvious from the deposition that Brad Christensen was a potential witness, but plaintiff took no steps to depose him. Exhibit 1, ¶ 13.

2. It was obvious that defendant was making available for inspection those records in defendant's long-term storage, but plaintiff took no steps to inspect them. Exhibit 1, ¶ 14.

3. Discovery closed on August 31, 2009, but plaintiff took no steps to conduct further discovery of any kind, request an extension of the discovery deadline, or file a timely

---

[1] Defendant does not have the funds to buy the deposition transcript to cite to where this occurred, Exhibit 1, ¶ 12, and the partial version attached to plaintiff's motion omitted this exchange.

motion to compel. Exhibit 1, ¶ 15.

4. Although the Scheduling Order called for a status report on August 31, 2009, Doc. No. 55, plaintiff failed to act in any way until September 22, 2009. Exhibit 1, ¶ 16.

5. Although plaintiff had a burden to resolve this discovery dispute in good faith, Local Rule 104.7, plaintiff did utterly nothing from the date of the deposition until the time it filed its motion to compel. Exhibit 1, ¶ 17.[2]

# ARGUMENT

## I. STANDARDS FOR A MOTION TO STRIKE

Defendant files this motion to strike based on the court's inherent power to control its docket.

## II. PLAINTIFF'S MOTION TO COMPEL WAS UNTIMELY

Normally, there is no specific deadline for filing a motion to compel, so the court must impose reasonable deadlines. *Gault v. Nabisco Biscuit Co.,* 184 F.R.D. 620, 622 (D. Nev. 1999).

### A. Plaintiff's Dilatory Motion to Compel Willfully Violated the Scheduling Order

In this case, the Scheduling Order imposed a discovery deadline of August 31, 2009, as well as a concurrent report that discovery was completed. Plaintiff willfully disregarded the scheduling order. Wayne D. Brazil, *Failure to Make Disclosures Are to Cooperate in Discovery; Sanctions*, 7 James W. Moore, *Moore's Federal Practice* § 37.05 [2], at 37-25 (3d ed. 2009) (When determining the timeliness of a motion to compel, the court should consider: whether granting the discovery would interfere with the scheduling order). The scheduling

---

[2] Although plaintiff paid lip service to its recitation of using good faith to resolve a discovery dispute, Motion to Compel p. 3, all of the actions cited by it occurred before the deposition (when there was no dispute with the deposition), and none of its actions occurred after the deposition (after which the purported deposition disputes had become apparent).

order requires at least good faith and earnest effort to comply with it. Courts have the right to demand at least substantial compliance with the scheduling order. Plaintiff failed to substantially comply with the scheduling order. Further, they failed to submit a timely status report that would have advised the court and all parties of plaintiff's intentions.

### B. Plaintiff's Dilatory Motion to Compel Further Deposition Questions Is a Subterfuge to Get Written Discovery

A careful review of the plaintiff's motion to compel reveals that it is nothing more than an improper subterfuge to obtain written discovery. In multiple locations in plaintiff's motion, it refers repeatedly to alleged inadequacies in defendant's written discovery responses. As such, plaintiff's motion should be treated for what it is: plaintiff is merely attempting to compel further written discovery responses.

The problem for plaintiff is that even plaintiff acknowledges that it is too late to file a motion to compel further written discovery responses. Plaintiff's Memo. at 5, n. 3. This is nothing more than a concession of the obvious. "Interrogatories [and] request for production ... must be made at a sufficiently early time to assure that they are **answered before the expiration of the discovery deadline** set by the Court. Unless otherwise ordered by the Court, no discovery deadline will be extended because written discovery requests remained unanswered at its expiration." Local Rule 104.2 (emphasis added).

Furthermore, plaintiff was obligated to conduct good faith discussions and file any motion to compel challenging the sufficiency of the written discovery no later than 30 days from July 27, 2009, when the answers were served. Local Rule 104.8.a. Despite the court's reminder in its scheduling order, plaintiff's motion to compel was still nearly 1 month late.

Nevertheless, plaintiff still had multiple options available to it after the deposition.

1. Plaintiff could have asked for documents in conjunction with the deposition. Fed. R. Civ. Proc. 30 (b) (2).

2. The discovering party should come back to the producing party if it is dissatisfied with a document production.

3. Plaintiff could have advised the court in a timely status report that discovery was not completed, and requested an extension of discovery.

4. Plaintiff was free to merely re-schedule any new deposition topics.

For reasons known only to plaintiff, plaintiff declined to pursue any of these options.

None of the purported remedies requested in plaintiff's motion to compel are available to it.

**1. Contact Brad Christensen and procure his responsive documents and pertinent information.** Fundamentally, this request seeks to obtain through the backdoor what has already been closed through the front door. Plaintiff is merely trying to remedy its inattention to written discovery, including document production. That issue has already been resolved. Further, the notice to depose did not identify this particular topic.

**2. Search defendant's long-term storage records.** Plaintiff never even filed a document production as part of the corporate representative deposition. Fundamentally, plaintiff is merely trying to remedy its inattention to defendant's document production. That issue has already been resolved. Further, the notice to depose did not identify this particular topic.

**3. Search defendant's records for the CoStar trademark.** Plaintiff never even filed a document production as part of the corporate representative deposition. Fundamentally, plaintiff is merely trying to remedy its inattention to defendant's document production.

That issue has already been resolved. Further, the notice to depose did not identify this particular topic.

**4. Properly prepare the defendant's corporate representative.** This purported remedy is, simply, bootstrapping of the prior, deficient requests. Plaintiff slept on its rights to controvert defendant's discovery responses.

Under the circumstances, plaintiff's motion to compel further deposition questions should be treated as it was intended: a motion to compel further written discovery responses. As such, plaintiff's motion should be denied. *Carter v. United States,* 164 F.R.D. 131, 133 (D. Mass. 1995) (the motion to compel was directed more at the documents than the testimony, and the deadline for written discovery had expired); Jeffrey W. Stempel, *Depositions by Oral Examination*, in 7 James W. Moore, *Moore's Federal Practice* § 30.22 [2], at 30-49 (3d ed. 2009) (a party cannot use a notice to depose to circumvent a deadline for written discovery).

**C. Defendant Is Unduly Prejudiced by Plaintiff's Dilatory Motion to Compel**

When ruling on dilatory motions to compel, courts look to characteristic factors to help them reach the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. Proc. 1. There is no reason to belatedly punish defendant or re-open discovery at this late date. *Gutierrez v. AT&T Broadband, LLC,* 382 F.3d 725 (7th Cir. 2004).

**1. Surprise.** If plaintiff succeeds in obtaining additional discovery after the discovery deadline has expired, defendant is prejudiced because it had no valid notice that plaintiff would pursue and be permitted to undertake discovery after the deadline. Plaintiff provided no hint that it would pursue this additional discovery after the discovery deadline. Accordingly, defendant had no opportunity to develop critical facts through discovery in a

timely manner. Discovery was terminated long before plaintiff revealed its true intentions. Defendant was effectively denied the opportunity to develop facts by discovery because of a lack of notice. Discovery is now closed and defendant has no effective means to develop its own defenses.

  **2. Belated Motion**. Another appropriate consideration is why plaintiff did not move to compel discovery at an earlier date. 7 James W. Moore, *Moore's Federal Practice* § 37.05 [2], at 37-25 (3d ed. 2009) (When determining the timeliness of a motion to compel, the court should consider: whether the movant had no control over the delay, or was justifiably ignorant of the need for further discovery). Plaintiff could have easily

- initiated discovery far earlier, including before filing suit. *See* Fed. R. Civ. Proc. 27(a).
- scheduled the deposition of defendant's corporate representative far earlier.
- moved to compel long before the discovery deadline expired.
- noted and deposed other witnesses, such as defendant's former employees, including Brad Christensen.
- moved in a timely manner for an extension of the discovery period.

Plaintiff has offered no excuse why it failed to file its motion to compel earlier. Any delay is entirely plaintiff's own fault. Defendant responded to all of plaintiff's discovery as expeditiously as possible. Even after defendant's corporate representative was deposed, plaintiff still waited 38 days before moving to compel further deposition questions. 7 James W. Moore, *Moore's Federal Practice* § 37.05 [2], at 37-25 (3d ed. 2009) (When determining the timeliness of a motion to compel, the court should consider: the length of the delay before filing the motion).

**3. Expense.**  The motion to compel will immediately prejudice defendant by inequitably increasing the cost of this litigation to defendant.  The "new" discovery will force defendant to move for additional discovery.  Defendant does not know what additional deposition questions plaintiff intends to pose.  Moreover, this additional expense will fall inequitably on defendant because plaintiff apparently knows what it wishes to discover.  This is inefficient and would have been largely avoided if the matters had been pursued during the original discovery period with timely notice.  Plaintiff's belated motion will protract discovery by some months, and in turn delay ruling on dispositive motions by many more months.  This will prejudice defendant by delaying an ultimate trial and leading to loss of evidence, because memories and even the location of witnesses will become problematic as time goes by.

**4. Further Round of Protracted Discovery**.  If plaintiff is permitted to undertake further discovery, this will provoke a further round of defensive motions.  Defendant may be motivated to seek, for example, a motion for protective order or request its own additional discovery, even though discovery is now closed.

**5. Prejudice to Defendant**.  When determining the timeliness of a motion to compel, the court should consider: whether the delay was likely to prejudice or cause undue hardship on any other party. 7 James W. Moore, *Moore's Federal Practice* § 37.05 [2], at 37-25 (3d ed. 2009).  Because defendant had no notice that plaintiff would pursue this additional discovery after the discovery deadline, defendant was denied an opportunity to undertake its own discovery before the discovery deadline.  Defendant has been deprived of an opportunity to identify further witnesses to rebut plaintiff's new theories or allegations.  This is the worst form of trial by ambush.  Defendant properly operated within the discovery

deadline to pursue a just, speedy, and inexpensive conclusion, so it should not be penalized. Defendant was entitled to rely on the discovery deadline and prepare trial strategy accordingly. Defendant has already filed its motion for summary judgment based on the state of discovery, and further discovery will force defendant to re-evaluate that motion for possible amendment. A discovery deadline is important to avoid impairing the deadline for dispositive motions. A motion to compel further deposition questions should not be filed after a discovery deadline, especially when the movant failed to request an extension of additional discovery time. 7 James W. Moore, *Moore's Federal Practice* § 37.05 [2], at 37-24 (3d ed. 2009). This prejudice cannot be cured.

      **6. Prejudice to Plaintiff**. It is also appropriate to point out that any hardship to plaintiff is entirely self-created. Plaintiff could have easily precluded this situation by pursuing all discovery -- including its motion to compel -- at an earlier date. Whatever minimal prejudice the plaintiff may sustain by striking its motion to compel is entirely of its own making.

      **7. Undue Delay and Lack of Diligence**. It is also appropriate to consider plaintiff's "undue delay." 7 James W. Moore, *Moore's Federal Practice* § 37.05 [2], at 37-25 (3d ed. 2009) (When determining the timeliness of a motion to compel, the court should consider whether the movant's delay was strategically motivated or the result of negligence). In this case, plaintiff allowed the discovery deadline to expire without any remedial action, such as filing a timely motion for extension or a timely status report to the court. "[U]pon motion made after the expiration of the specified period, the court may "permit the act to be done where the failure to act was the result of excusable neglect ...." Fed. R. Civ. Proc. 6(b). Plaintiff has not even bothered to file such a motion to enlarge. "[D]elay becomes fatal at

some period of time," and "[w]hen there has been an apparent lack of diligence, the burden shifts to the movant to prove that the delay was due to excusable neglect." *Chitamacha Tribe v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied,* 464 U.S. 814 (1983). There was no "excusable neglect" because plaintiff was aware for some time of the need for expedited discovery as well as the need to file any purported motion to compel. The movant must demonstrate some valid reason for its neglect and delay, especially when the case and the need for action have been pending for a considerable amount of time. Plaintiff has not offered a single reason why its grossly untimely motion is the result of "excusable neglect." Plaintiff made a tactical decision not to insist that defendant produce a better witness. Plaintiff knew that better witnesses existed. It is far more likely the plaintiff delayed its motion to compel strictly for the strategic value of driving defendant out of business with unnecessary litigation costs. More than adequate time transpired for plaintiff to complete all necessary discovery. Plaintiff refused to go forward with supplemental depositions. Plaintiff had ample opportunity within the discovery deadline to obtain the discovery it now seeks to compel. Granting the motion to compel merely rewards plaintiff for its disregard of the discovery rules and scheduling order, a practice which surely will invite abuse and further disregard of the court's deadlines. Deviating from a scheduling order without a showing of good cause is, on its face, prejudicial and fundamentally unfair.

## III.  PLAINTIFF'S MOTION TO COMPEL WAS PROCEDURALLY DEFECTIVE

### A.  Plaintiff Failed to Use Good Faith

Plaintiff's motion should be denied because plaintiff failed to use good faith to resolve a discovery disputes. Counsel must confer with each other concerning a "discovery dispute" and make "sincere attempts to resolve the differences between them." The court

will not consider any discovery motion unless the moving party has filed a certificate reciting the date, time, and place of the discovery conference and the names of all persons participating therein, as well as "an itemization of the issues requiring resolution by the Court." Local Rule 104.7. The party filing a motion to compel must certify good-faith efforts to resolve the dispute. Fed. R. Civ. Proc. 37 (a) (1). A certificate of good faith must certify the "specific discovery disputes discussed" and sufficient details to evaluate the adequacy and sincerity of the good-faith efforts. 7 James W. Moore, *Moore's Federal Practice* § 37.05 [4], at 37-31 (3d ed. 2009). A motion to compel should be denied when there is no good-faith effort to meet and confer. *Id.*, at 37-29.

This case merely reflects the wisdom that "as you sew, so shall you reap." Defendant properly advised plaintiff that its purported topics were so broad that it was nearly impossible to prepare a corporate representative to be deposed. Nevertheless, plaintiff refused to further clarify any of its ostensible topics. That was not a good-faith attempt to resolve a discovery dispute.

In this case, plaintiff made no attempt to resolve any disputes once they became apparent at the deposition. Plaintiff failed to use good faith by broaching the topic after the problem emerged. Moreover, plaintiff has made no attempt to identify the "specific discovery disputes discussed" in good faith.

### B. Plaintiff Failed to Identify What Was Requested and What Was Missing

Plaintiff's motion to compel should be denied because it failed to specify the requested topics, the testimony on those topics, and how those answers were unsatisfactory. The notice to depose a corporate representative must describe the topics with "reasonable particularity." Fed. R. Civ. Proc. 30 (b) (6). A motion to compel further deposition answers

should identify the inadequacies of the original deposition answers, as well as the information that is missing.  7 James W. Moore, *Moore's Federal Practice* § 37.05 [5], at 37-32 (3d ed. 2009).

Plaintiff's motion is a hodgepodge of perceived slights, but that is merely a reflection of the fact that plaintiff failed to properly present what was requested and what was received.  Plaintiff's disarray is a calculated attempt to "hide the ball."  This allows it to avoid the "inconvenient truth" that the vast majority of plaintiff's motion to compel further deposition responses is actually directed to defendant's interrogatory answers and document responses, something for which plaintiff does not even seek a remedy. Effectively, plaintiff's motion to compel is an elaborate bootstrap: plaintiff "blew" the deadline for disputing defendant's written discovery responses, so it is now attempting to use the corporate representative deposition and a vague motion to compel to cover for its own inattention.

An overbroad notice to depose a corporate representative subjects the responding party to an impossible task.  When the responding party cannot identify the outer limits of the area of inquiry noticed, compliant designation is not feasible.  The vast majority of plaintiff's perceived slights were never on plaintiff's list of topics.  Plaintiff's intentional omission to state what was asked and what was received merely allows it to foster that very dilemma.

## **CONCLUSION**

Wherefore, defendant Pathfinder prays that plaintiff's motion to compel be stricken as untimely and procedurally defective.

Respectfully submitted,

*R. Wayne Pierce*

R. Wayne Pierce, Esquire
Federal Bar No. 7999
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, Maryland 21401-7015
Direct:  410-573-9959
Fax:     410-573-9956
E-mail:  wpierce@adventurelaw.com
**Attorney for Pathfinder Mortgage Co.**

## CERTIFICATE OF SERVICE

A copy of the foregoing motion, exhibits, and proposed order were served through the court's electronic notification service on October 13, 2009:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
Email:  lovettm@gtlaw.com
        fergusonp@gtlaw.com
*Attorneys for Defendant Russ A. Gressett*

Shari Ross Lahlou, Bar. No. 16570
William Sauers Bar. No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email: slahlou@crowell.com
       wsauers@crowell.com
       skerksiek@crowell.com
*Attorneys for Plaintiffs CoStar Realty*

*Information, Inc., a Delaware Corporation,
and CoStar Group, Inc., a Delaware Corporation*

I further certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document and exhibits was served upon the following parties by U.S. mail on October 13, 2009:

| | |
|---|---|
| Mark Field<br>Alliance Valuation Group<br>638 Camino De Los Maries, Suite H130A<br>San Clemente, CA 92673 | Lawson Valuation Group, Inc.<br>c/o Douglas Lawson<br>8895 N. Military Trail, Suite 304E<br>Palm Beach Gardens, FL 33410-6263 |
| *Pro se* defendant | *Pro se* defendant |

_____
R. Wayne Pierce, Esquire