# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

|  |  |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al*. <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW |

## EXHIBIT 1 -- AFFIDAVIT OF R. WAYNE PIERCE

I, R. Wayne Pierce, make the following certificate under oath:

1. I am over the age of 18 years.

2. I am competent to testify and have personal knowledge regarding the facts contained herein.

3. I am defense counsel for defendant Pathfinder Mortgage Co.

4. Defendant Pathfinder was originally served all the way back on approximately April 9, 2008. When several other defendants filed preliminary motions to dismiss, plaintiff allowed its case against Pathfinder to languish. For more than one year, plaintiff never suggested pursuant to Local Rule 104.4 that the parties stipulate to allow discovery to proceed.

5. During an initial discussion regarding possible settlement on April 24, 2008, I first advised opposing counsel that the economy had placed my client in a precarious

posture. During several conversations over the following months, I told opposing counsel that all of the defendants, as members of the real estate business, were at risk of going out of business. During the "meet and confer" on August 10, 2009, I told opposing counsel that my client had ceased all operations months earlier.

6. Because my client was no longer operating and its relevant witnesses and documents had dispersed, we were forced to make a timely request on July 14, 2009, for an additional 2 weeks to respond to written discovery.

7. Plaintiff was well aware in July, 2009, that defendant was no longer a functioning entity.

8. During our discussion on July 14, 2009, opposing counsel acknowledged that he now had to rush the case because he had left precious little time under the scheduling order.

9. On July 17, 2009, I requested that plaintiff "further identify the information that" it hoped to obtain from the corporate representative deposition because, under the notice as written, "it [was] not possible for [defendant] to properly prepare a corporate representative." I renewed that request during a "meet and confer" session on August 10, 2009.

10. Plaintiff declined to amplify on its deposition topics in any way.

11. On August 10, 2009, I reminded plaintiff that the corporate representative topics were very broad and therefore difficult to prepare for. I further stated that my client was no longer in business and lacked the funds to be able to respond to such a broad and potentially burdensome request. Once again, opposing counsel declined to narrow or further amplify the nature of the topics on which he sought inquiry.

12. My client does not have the funds to buy deposition transcripts to cite to relevant

testimony.

13. During our corporate representative deposition, it was obvious that Brad Christensen was a potential witness, but plaintiff took no steps to depose him.

14. It was obvious from our discovery responses that we were making available for inspection those records in my client's long-term storage, but plaintiff took no steps to inspect them.

15. Discovery closed on August 31, 2009, but plaintiff took no steps to conduct further discovery of any kind, request an extension of the discovery deadline, or file a timely motion to compel.

16. Although the Scheduling Order called for a status report on August 31, 2009, plaintiff failed to act in any way until September 22, 2009.

17. Plaintiff did utterly nothing from the date of the corporate representative deposition until the time it filed its motion to compel to address these issues.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 13, 2009.

Respectfully submitted,

*R Wayne Pierce*
_____
R. Wayne Pierce