# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., | |
| Plaintiffs, | Civil Action No. 8:08-cv-663-AW |
| v. | |
| MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al*. | |
| Defendants. | |

**PLAINTIFF COSTAR REALTY INFORMATION, INC.'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT PATHFINDER MORTGAGE COMPANY**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff

CoStar Realty Information, Inc. ("COSTAR"), hereby requests that the Defendant

Pathfinder Mortgage Company ("PATHFINDER"), produce for inspection and copying

the documents and things identified below at the offices of Crowell & Moring LLP, 1001

Pennsylvania Ave., NW, Washington, DC 20004, within thirty (30) days of the service of

this Request, or at such other time and place as may be ordered by the Court or agreed to

by the parties.

**DEFINITIONS AND INSTRUCTIONS**

1.      "COSTAR" means CoStar Realty Information, CoStar Group Inc. and/or

all their past or present predecessors, successors, partners, investors, corporate parents,

affiliated companies or corporations, divisions, departments, direct or indirect

1

subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on their behalf.

2.     "PATHFINDER," "YOU," and "YOUR" means Pathfinder Mortgage Company and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

3.     "ALLIANCE" means Mark Field and/or all of his affiliated companies or corporations (including but not limited to Alliance Valuation Group), employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on his behalf.

4.     "LAWSON" means LAWSON VALUATION GROUP, INC. and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

5.     "GRESSETT" means Russ A. Gressett and/or all of his affiliated companies or corporations, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on his behalf.

6.     "TEEL" means Gerald A. Teel Company, Inc. and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors,

employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

7.    "ENTITY" or "ENTITIES" includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments, including foreign national governments, the government of the U.S. or any state or local government, and all departments and agencies thereof, political subdivisions, groups, associations, or organizations.

8.    "DOCUMENT" and/or "THING" shall be construed to mean, without limitation any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not.   "DOCUMENT" specifically includes all forms of electronic data.   A draft or nonidentical copy is a separate document within the meaning of this term.   As used herein, "THING" also means any tangible item(s), other than a "DOCUMENT" as defined herein, which constitute or contain matters within the scope of Rule 34 of the Federal Rules of Civil Procedure.

9.    "AFFILIATED" and "AFFILIATION" shall mean any type or kind of relationship between two persons or entities, including an employer-employee relationship, an independent contractor relationship, or a contractual relationship.

10.    The document Requests herein shall be deemed to include any and all documents and things within the possession, custody, or control of PATHFINDER.

11.    PATHFINDER shall respond with all responsive information.   With respect to any document responsive to this Request that is withheld from production

based upon a claim of privilege, please provide the information required pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, identifying without limitation: 1) the type of document withheld; 2) its date, if any; 3) its possessor; 4) the name, position and business affiliation of its author(s) and recipient(s); 5) its general subject matter; 6) the number of pages; 7) the paragraph of the Request to which it is responsive; and 8) the nature of the privilege claimed.

12.     If, for reasons other than a claim of privilege, you refuse to produce any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal, including, but not limited to, a description of 1) the type of document withheld; 2) its date, if any; 3) its possessor; 4) the name, position and business affiliation of its author(s) and recipient(s); 5) its general subject matter; 6) the number of pages; and 7) the paragraph of the Request to which it is responsive.

13.     If PATHFINDER objects or otherwise refuses to respond or produce documents in response to any portion of a document request, PATHFINDER shall provide all documents and information called for by that portion of the request for production that PATHFINDER does not object to and/or which PATHFINDER does not refuse to respond as follows:

(a)     If PATHFINDER objects to a document request on the ground that it is too broad (*i.e.*, if PATHFINDER believes it calls for information outside the scope of permissible discovery as defined by Rules 26 and Rule 34 of the Federal Rules of Civil Procedure), PATHFINDER shall produce documents and things in response to that Request by producing all documents and things that are within

the permissible scope of discovery and identify all categories of documents being withheld;

(b)      If PATHFINDER objects to a document request on the ground that to produce documents and things would constitute an undue burden, then PATHFINDER shall produce as many of the requested documents and things as can be provided without undertaking an undue burden;

(c)      If PATHFINDER objects to any portion of a document request on the ground that it is vague or indefinite, then PATHFINDER shall set forth its understanding of the allegedly vague or indefinite term and shall then produce documents and things based upon that stated understanding.

14.      In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

15.      If any of the documents requested herein are no longer in PATHFINDER's possession, custody or control, identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and provide a summary of its pertinent contents and identify the PERSON or ENTITY in whose possession, custody, or control the document was last known to reside.

16.      If any document responsive to these Requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction and the name of the person who ordered or authorized such destruction.

17.     The documents produced in response to these Requests shall be organized and designated to correspond to the categories in these Requests or, if not, produced as they are maintained in the normal course of business, and in either case:

(a)     all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file and each file shall be identified as to its owner or custodian;

(b)     all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies;

(c)     all photocopies shall be stapled or clipped as the originals; and

(d)     each page shall be given a discrete production number.

18.     Produce documents responsive to individual Requests as soon as possible and without waiting to produce documents responsive to other Requests whenever possible.

19.     Unless otherwise specified, all terms shall be interpreted as they are used in the Federal Rules of Civil Procedure.  These Requests and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by law.

20.     Words and phrases are to be given their ordinary meaning and shall not be unduly or restrictively construed so as to avoid responding to the fair scope of the interrogatories.

21.     None of the definitions or Requests set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or Request.

22. The term "relating to" shall have the same meaning as the term "concerning."

23. The term "including" shall be construed broadly to mean "including but not limited to" or "including without limitation."

24. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Request most broad.

25. As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

26. As used herein the present tense shall also include the past tense.

27. "And" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make each Request inclusive rather than exclusive.

28. "Each" shall be construed to include and encompass "all."

29. Any pronoun shall be construed to refer to the masculine, feminine or neutral gender, in singular or plural, as in each case is most appropriate.

## DOCUMENT REQUESTS

**Request No. 1.**

All documents referring or relating to ALLIANCE, GRESSETT, TEEL, or LAWSON.

**Request No. 2.**

All DOCUMENTS reflecting, referring to, describing or constituting any relationship, including but not limited to any legal or contractual relationship, between (a) PATHFINDER and ALLIANCE; (b) PATHFINDER and LAWSON; (c) PATHFINDER and GRESSETT; and (d) PATHFINDER and TEEL.

**Request No. 3.**

All DOCUMENTS reflecting, referring to, describing or constituting any payments made by PATHFINDER to ALLIANCE.

**Request No. 4.**

All DOCUMENTS reflecting, referring to, describing or constituting any payments made by PATHFINDER to GRESSETT.

**Request No. 5.**

Copies of all DOCUMENTS, data, or other tangible or intangible computer records that were printed, copied from or otherwise derived from COSTAR.

**Request No. 6.**

All DOCUMENTS comprising, reflecting or relating to communications between PATHFINDER and ALLIANCE, GRESSETT, LAWSON or TEEL referring or relating to COSTAR.

**Request No. 7.**

All DOCUMENTS comprising, reflecting or relating to communications between PATHFINDER and ALLIANCE, GRESSETT, LAWSON or TEEL referring or relating to ALLIANCE's subscription to COSTAR's products or services.

**Request No. 8.**

All DOCUMENTS comprising, reflecting or relating to communications between PATHFINDER and ALLIANCE, GRESSETT, LAWSON or TEEL relating to this lawsuit.

**Request No. 9.**

All DOCUMENTS comprising, reflecting or relating to communications concerning COSTAR's allegations that PATHFINDER improperly used COSTAR's products and/or services.

**Request No. 10.**

All DOCUMENTS comprising, reflecting or relating to communications concerning COSTAR.

**Request No. 11.**

All electronic records of the IP addresses or website addresses visited by PATHFINDER or persons AFFILIATED with PATHFINDER using computers or Internet connectivity provided by PATHFINDER from June 2002 to the present.

**Request No. 12.**

All DOCUMENTS comprising, reflecting or relating to the destruction of DOCUMENTS by PATHFINDER (including all defined third parties) since January 2008.

**Request No. 13.**

Copies of any document retention policies in place at PATHFINDER since June 2002.

**Request No. 14.**

DOCUMENTS sufficient to show the revenues earned by PATHFINDER since June 2002.

**Request No. 15.**

DOCUMENTS sufficient to show the amount of expenses accrued or paid by PATHFINDER since June 2002.

**Request No. 16.**

DOCUMENTS sufficient to show the identities of the commercial real estate clients served by PATHFINDER since June 2002.

**Request No. 17.**

DOCUMENTS sufficient to identify each and every client or potential client of PATHFINDER on whose behalf PATHFINDER used COSTAR's products or services.

Dated: June 18, 2009

William J. Sauers (Bar No. 17355)
Shari Ross Lahlou (Bar No. 16570)
Sanya Sarich Kerksiek (Bar No. 17636)
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-8844
wsauers@crowell.com
slahlou@crowell.com
skerksiek@crowell.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 18, 2009, a true copy of the foregoing was

sent by electronic mail and first class mail to:

Simeon Brier
Gary A. Woodfield
Edwards Angell Palmer Dodge LLP
350 East Las Olas Blvd., Suite 1150
Fort Lauderdale, FL 33301
Telephone: 954.667.6140
Facsimile: 954.727.2601
sbrier@eapdlaw.com
gwoodfield@eapdlaw.com

*Attorneys for Defendant Lawson Valuation Group*

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

*Attorneys for Defendant Russ A. Gressett*

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Telephone: 410.573.9959
Facsimile: 410.573.9956
wpierce@adventurelaw.com

*Attorney for Defendants Mark Field d/b/a Alliance Valuation Group and Pathfinder Mortgage Company*

William J. Sauers (Bar No. 17355)
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC  20004
Telephone:  (202) 624-2500
Facsimile: (202) 628-8844
wsauers@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc., and CoStar Group, Inc.*