# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al*. <br><br> Defendants. | Civil Action No. 8:08-cv-663-AW |

**PLAINTIFFS COSTAR REALTY INFORMATION, INC.
AND COSTAR GROUP INC.'S NOTICE OF DEPOSITION TO
DEFENDANT PATHFINDER MORTGAGE COMPANY PURSUANT TO
<u>RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. ("CoStar"), by their counsel, shall take the deposition upon oral examination of Pathfinder Mortgage Company ("PATHFINDER"), 23172 Plaza Pointe Dr., Suite 285, Laguna Hills, CA 92653, at the offices of Crowell & Moring LLP, 1001 Pennsylvania Ave. NW, Washington, DC, on August 17, 2009, beginning on each day at 9:00 a.m., and continuing from time to time until completed. The deposition shall be taken before a duly certified court reporter authorized to administer oaths and shall be recorded by stenographic and videotape means.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, PATHFINDER is requested to identify the person or persons who will testify on its behalf on each of the topics described in the attached

Schedule A. CoStar requests that, prior to the commencement of the deposition, PATHFINDER shall supply a written designation of persons who will testify on its behalf and an indication of the topic(s) for which each such person is designated.

Dated: June 30, 2009

William J. Sauers (Bar No. 17355)
Shari Ross Lahlou (Bar No. 16570)
Sanya Sarich Kerksiek (Bar No. 17636)
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-8844
wsauers@crowell.com
slahlou@crowell.com
skerksiek@crowell.com

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 30, 2009, a true copy of the foregoing, with attachment, was sent by electronic mail and first class mail to:

| | |
|---|---|
| Simeon Brier<br>Gary A. Woodfield<br>Edwards Angell Palmer and Dodge LLP<br>One N Clematis St. Ste. 400<br>West Palm Beach, FL 33401<br>Telephone: 561.833.7700<br>Facsimile: 561.655.8719<br>sbrier@eapdlaw.com<br>gwoodfield@eapdlaw.com<br><br>*Attorneys for Defendant Lawson Valuation Group* | R. Wayne Pierce<br>The Pierce Law Firm, LLC<br>133 Defense Highway, Suite 106<br>Annapolis, MD 21401-7015<br>Telephone: 410.573.9959<br>Facsimile: 410.573.9956<br>wpierce@adventurelaw.com<br><br>*Attorney for Defendants Mark Field d/b/a Alliance Valuation Group and Pathfinder Mortgage Company* |

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

*Attorneys for Defendant Russ A. Gressett*

William J. Sauers (Bar No. 17355)
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-8844
wsauers@crowell.com

*Counsel for Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*

# SCHEDULE A

## DEFINITIONS

1. "COSTAR" means CoStar Realty Information, CoStar Group Inc. and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

2. "PATHFINDER," "YOU," and "YOUR" means Pathfinder Mortgage Company and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives and all other persons acting, or purporting to act, on its or their behalf.

3. "LAWSON" means LAWSON VALUATION GROUP, INC. and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives and all other persons acting, or purporting to act, on its or their behalf.

4. "ALLIANCE" means Mark Field and/or all of his affiliated companies or corporations (including but not limited to Alliance Valuation Group), employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on his behalf.

5. "GRESSETT" means Russ A. Gressett and/or all his past or present and/or all of his affiliated companies or corporations, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on his or their behalf.

6. "TEEL" means Gerald A. Teel Company, Inc. and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives and all other persons acting, or purporting to act, on its or their behalf.

7. "Document" shall be construed as broadly as permitted under the Federal Rules of Civil Procedure and includes, without limitation, any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not. "Document" specifically includes all forms of electronic data. A draft or nonidentical copy is a separate document within the meaning of this term.

8. In construing these definitions and instructions: (i) the term "relating to" shall have the same meaning as the term "concerning"; (ii) the term "including" shall be construed broadly to mean "including but not limited to" or "including without limitation"; (iii) the singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the request most broad; (iv) "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible; (v) the present tense shall also include the past tense; (vi)

"and" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make each request inclusive rather than exclusive; (vii) "each" shall be construed to include and encompass "all"; (viii) any pronoun shall be construed to refer to the masculine, feminine or neutral gender, in singular or plural, as in each case is most appropriate.

9. The term "concern" or "concerning" shall be construed in its broadest sense, and shall include: pertaining, describing, referring, evidencing, reflecting, discussing, showing, supporting, contradicting, refuting, constituting embodying, containing, comprising, relating to, identifying, or in any way logically or factually connected with the matter discussed.

10. The term "communication" means any manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally, electronically or by document and whether face-to-face, in person, by telephone, telecopy, email, facsimile, mail, delivery service, personal delivery, or otherwise, and includes correspondence, memoranda, reports and records of telephone calls, reports of meetings, and all accounts or summaries of oral conversations.

11. The term "person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or any legal business entity, including governmental bodies and/or agencies.

12. The term "date" as used herein means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationships to other events).

13. The term "identify" when used in reference to:

a. an individual means to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

b. a business entity means to state its form, full name, address of its present or last principal place of business and its principal line of business;

c. a document means to state its date, author, recipients (including recipients of copies), type (i.e., letter, memorandum, book, telegram, chart, etc.), title (or identifying or descriptive code number, file number or label), a brief description of its subject matter, its present location and the name of all persons having possession, custody or control of it; and

d. a communication means to state its date, the communicator, the communicatee, the type of communication (i.e., conversation, telephone call, letter, note, etc.) and a brief description of the subject matter.

14. "ENTITY" or "ENTITIES" includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments, including foreign national governments, the government of the U.S. or any state or local government, and all departments and agencies thereof, political subdivisions, groups, associations, or organizations.

15. "AFFILIATED" and "AFFILIATION" shall mean any type or kind of relationship between two persons or entities, including an employer-employee relationship, an independent contractor relationship, or a contractual relationship.

# TOPIC AREAS FOR COSTAR'S RULE 30(b)(6)
# DEPOSITION OF PATHFINDER

**Topic No. 1.**

Any use of any CoStar database by any person or entity affiliated with PATHFINDER.

**Topic No. 2.**

The legal or contractual relationship between (a) PATHFINDER and GRESSETT; (b) PATHFINDER and ALLIANCE; (c) PATHFINDER and TEEL; and (d) PATHFINDER and LAWSON.

**Topic No. 3.**

Any agreements, written or otherwise, between (a) PATHFINDER and GRESSETT; (b) PATHFINDER and ALLIANCE; (c) PATHFINDER and TEEL; and (d) PATHFINDER and LAWSON.

**Topic No. 4.**

The legal or contractual relationship between PATHFINDER and CoStar.

**Topic No. 5.**

Any agreements, written or otherwise, between PATHFINDER and CoStar.

**Topic No. 6.**

Identity of every client or potential client of PATHFINDER on whose behalf PATHFINDER used COSTAR's products or services.

**Topic No. 7.**

Payments made by PATHFINDER to GRESSETT or ALLIANCE.

**Topic No. 8.**

Ownership structure of PATHFINDER, including the identity of the equity owners of PATHFINDER and PATHFINDER's ownership interest in its subsidiaries, affiliates or related companies.

**Topic No. 9.**

Communications between PATHFINDER and GRESSETT, ALLIANCE, TEEL, or LAWSON referring or relating to COSTAR.

**Topic No. 10.**

Communications between PATHFINDER and GRESSETT, ALLIANCE, TEEL, or PATHFINDER referring or relating to ALLIANCE's subscription to COSTAR's products or services.

**Topic No. 11.**

Communications between PATHFINDER and GRESSETT, ALLIANCE, TEEL, or LAWSON relating to this lawsuit.

**Topic No. 12.**

Communications concerning COSTAR's allegations that PATHFINDER improperly used COSTAR's products and/or services, including all internal PATHFINDER communications concerning those allegations.

**Topic No. 13.**

Communications concerning COSTAR.

**Topic No. 14.**

Sales of products or services by PATHFINDER related to the use of any CoStar database.

**Topic No. 15.**

Document retention policies in place at PATHFINDER since June 2002.

**Topic No. 16.**

Destruction of documents by PATHFINDER (including all defined third parties) since January 1, 2008.

**Topic No. 17.**

Revenues earned by PATHFINDER since June 2002.

**Topic No. 18.**

Amount of expenses accrued or paid by PATHFINDER since June 2002.

**Topic No. 19.**

Identities of the commercial real estate clients served by PATHFINDER since June 2002.