IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al.*<br><br>    Defendants. | Civil Action No. 8:08-CV-663-AW |

### DEFENDANT PATHFINDER'S OPPOSITION TO
### PLAINTIFF'S MOTION TO COMPEL

Defendant Pathfinder Mortgage Co. opposes plaintiff's motion to compel and says:

### FACTS[1]

On June 30, 2009, plaintiff served a notice to depose defendant's corporate representative. The list of proposed topics was extremely broad and potentially involved extremely burdensome preparation. On July 17, 2009, defense counsel wrote to plaintiff requesting that it further amplify the precise topics on which it desired corporate testimony so that the corporate representative could be properly prepared. Plaintiff declined to do so. Defendant's Motion to Strike, Exhibit 1, ¶¶ 9-10.

During a "meet and confer" telephone discussion on August 10, 2009, defense counsel again raised the failure of the notice to depose to state with reasonable particularity

---

[1] Most of the relevant facts are recounted in defendant's concurrent motion to strike. Those facts are incorporated herein.

P:\CoStar\2009.1013.2 Our AMTC.doc

the topics on which the corporate representative was to be deposed. Defense counsel further stated that the company was no longer in business and lacked the funds to be able to respond to such a broad and potentially burdensome request. Once again, plaintiff declined to narrow or further amplify the nature of the topics on which it sought inquiry. Defendant's Motion to Strike, Exhibit 1, ¶ 11.

## ARGUMENT

### I. STANDARDS FOR A MOTION TO COMPEL FURTHER DEPOSITION RESPONSES

Fed. R. Civ. Proc. 37 (a) (3) (C) governs motions to compel for refusing to answer deposition questions. Under Rule 37, a failure to answer deposition questions can be met by a motion to compel further responses.

### II. PLAINTIFF'S MOTION TO COMPEL HAS NOT -- AND CAN NOT -- CHALLENGE THE ADEQUACY OF DEFENDANT'S WRITTEN DISCOVERY RESPONSES

As already demonstrated in defendant's motion to strike, plaintiff's motion to compel is nothing more than a subterfuge. Because plaintiff "blew the deadline" for objecting to defendant's written discovery responses, plaintiff is now attempting to accomplish through the back door what it no longer is allowed to do through the front door. This is improper under the local rules. The door is so firmly closed on the propriety of defendant's written discovery that plaintiff did not even bother to challenge it.

### III. DEFENDANT PROPERLY RESPONDED TO THE DEPOSITION QUESTIONS

#### A. Plaintiff Failed to State the Deposition Topics With Reasonable Particularity

To the extent that there was a problem at defendant's deposition, it began when plaintiff abdicated its responsibility to state deposition topics with particularity. In fact, this responsibility under Rule 30 (b) (6) has been described as placing on the requesting party a

duty to designate with painstaking particularity the subject matters that are intended to be covered in deposition questions. *EEOC v. Thorman & Wright Corp.,* 243 F.R.D. 426 (D. Kan. 2007). Defendant entreated plaintiff to clarify the precise topics that it wanted to cover, and defendant properly advised plaintiff that its purported topics were so broad that it was nearly impossible to prepare a corporate representative. Nevertheless, plaintiff refused on each occasion to further clarify any of its ostensible topics.

The plaintiff's failure to provide clear guideposts as to the content of the deposition precipitated the defendant's inability to prepare with precision. *Philbrick v. Encom, Inc.,* 593 F. Supp. 2d 352, 363 (D.N.H. 2009) (there is one important limitation on obligation to educate witness: it extends only so far as party issuing deposition notice has described with reasonable particularity the matters for examination). Defendant did not use technicalities to force plaintiff to re-depose the witness as an individual. Plaintiff's overly broad deposition topics also placed a substantive limit on the questions that could be posed during the deposition. *Falchenberg v. New York State Dep't of Educ.,* 567 F. Supp. 2d 513, 521 (S.D.N.Y. 2008) (if party opts to use Rule 30 (b) (6), party must confine examination to matters stated with reasonable particularity in deposition notice). These restrictions were particularly appropriate in this instance. Defendant is no longer operating its business, so it has no control over anyone other than the deponent. The farther afield plaintiff's questions went, the greater the likelihood that plaintiff would create a self-fulfilling prophecy of disappointment. Under the circumstances, it was both necessary and appropriate for the corporate witness to be able to testify: "I don't know." Jeffrey W. Stempel, *Depositions by Oral Examination*, in 7 James W. Moore, *Moore's Federal Practice* § 30.25 [4], at 30-73 (3d ed. 2009) ("If a corporate deponent is unable to answer a question, he or she may simply so

advise opposing counsel and a further deposition before a more knowledgeable corporate representative may be arranged.")

To compound the error, plaintiff's motion to compel merely worsens the situation. Plaintiff's proposed remedial deposition topics are even broader than the original deposition topics, and defendant has no hope of being able to prepare for such open-ended questioning.

**B. Defendant Properly Responded Within Its Means**

The parties diverge dramatically on the burden that defendant must shoulder. When determining the appropriate burden to place on a party providing discovery such as defendant, the court must consider that party's resources. Fed. R. Civ. Proc. 26 (b) (2) (C) (iii). As such, our responsibility to conduct a reasonable search is tempered by our wherewithal to do so. In this case, defendant is out of business and does not have the means by which to undertake an exhaustive or in-depth investigation or review of documents. Furthermore, defendant is so close to bankruptcy that it has no ability to "control" witnesses, especially former employees. It does not have the ability to pay for employee time, coordination with former employees, or to solicit their participation in the case. For all practical purposes, those employees are no longer available to defendant, and they are certainly not under defendant's control.

The same is true of defendant's documents. Because defendant is no longer operating, it does not have the ability to pay for employees to review documents or former company computers. Because it no longer has the manpower, defendant lacks the ability to engage in the sort of "scorched-Earth" litigation preferred by plaintiff. In short, those witnesses and documents are no longer reasonably available, nor are they in our possession or control. The alternative is bankruptcy.

Plaintiff was fully aware that there were no employees still working for the company, and it was also aware that defendant lacked the resources to review documents. Plaintiff was also aware that this lack of information might make it necessary to depose former employees in California. Nevertheless, plaintiff had sufficient time to register an objection, but decided to go ahead with the deposition. As such, plaintiff cannot now be heard to complain. *Dwelly v. Yamaha Motor Corp.,* 214 F.R.D. 537 (D. Minn. 2003).

**C. Defendant Properly Responded Based on What Was Reasonably Available**

Within the extremely limited means available to it, defendant attempted in good faith and as best as it was able to respond to plaintiff's "scorched-Earth" litigation demands. Once the plaintiff met its burden of stating with particularity the topics on which the corporate representative was to be deposed, defendant then had the burden to designate one or more individuals to testify regarding matters "known or reasonably available" to the company. Fed. R. Civ. Proc. 30 (b) (6). Given that there is virtually nothing left of the company, and because it lacks the means to know, there was very little that the defendant could be charged with knowing. *See* 7 James W. Moore, *Moore's Federal Practice* § 30.25 [3] (3d ed. 2009).

Because defendant's ability to "reasonably know" was so drastically limited, its ability to respond to deposition questions was correspondingly limited. If a company does not possess knowledge as to the matters listed in the notice, and is unable to prepare a witness, it has no duty to make a designation of a corporate representative, because the witness need only testify to matters known or reasonably available to the company. 7 James W. Moore, *Moore's Federal Practice* § 30.25 [3], at 30-69 (3d ed. 2009). *See also Dravo Corp. v. Liberty Mut. Ins. Co.,* 164 F.R.D. 70, 76 (D. Neb. 1995) (if entity does not possess knowledge of matters

listed in subpoena so as to prepare witness to give knowledgeable answers, its obligations under Rule 30 (b) (6) cease, because rule requires testimony only as to "matters known or reasonably available to the organization"); *EEOC v. Caesars Entertainment, Inc.,* 237 F.R.D. 428, 432 (D. Nev. 2006) (if deponent does not know the answer to questions outside scope of noticed issues, deponent may truthfully answer that he or she does not know, without consequence to entity); *Detoy v. City & County of San Francisco,* 196 F.R.D. 362, 367 (N.D. Cal. 2000) (if deponent does not know answer to question outside scope of matters described in deposition notice, "that is the examining party's problem").

### D.  Defendant Had No Alternative Witnesses to Offer

In nearly all cases, a corporation is charged with designating alternative employees whenever one corporate representative is unable to cover all deposition topics.  In this case, defendant has no other corporate personnel other than the deponent, so nominating another corporate representative was not feasible.  Literally, the deponent was plaintiff's only option.

## IV.  THIS IS NOT AN APPROPRIATE CASE FOR COUNSEL FEES

Predictably, plaintiff now moves for counsel fees related to its motion.  For reasons stated in this opposition, as well as defendant's concurrent motion to strike, defendant contends that its response to the discovery was appropriate.  Attorney's fees cannot be granted when the opposition was substantially justified.  Fed. R. Civ. Proc. 37(a) (5) (A) (ii) & 37 (a) (5) (B).

Even if it were possible to construe defendant's deposition answers as unjustified, counsel fees would still be inappropriate.  Before imposing sanctions for an unprepared corporate representative, "the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in certain areas."  7 James W. Moore, *Moore's*

*Federal Practice* § 30.25 [3], at 30-72 (3d ed. 2009). *See also Bank of N.Y. v. Meridien Biao Bank Tanzania, Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y. 1997). Although the witness was not able to testify fully on all topics in the notice to depose, that failure was not tantamount to a complete failure to appear, and the inability to testify fully was not willful or in bad faith, so the court should not order a second deposition. *United States v. Massachusetts Industrial Fin. Agency,* 162 F.R.D. 410 (D. Mass. 1995).

There are several other factors counseling against an award of counsel fees. Without citing any authority, plaintiff has also requested counsel fees for conducting the original deposition. Such an award is not appropriate under Rule 37. *American Hangar, Inc. v. Basic Line, Inc.,* 105 F.R.D. 173, 175-76 (D. Mass. 1985). Second, defendant could have insisted that its corporate representative be deposed at its business locality in Southern California. Wayne D. Brazil, *Failure to Make Disclosures Are to Cooperate in Discovery; Sanctions*, 7 James W. Moore, *Moore's Federal Practice* § 37.23 [7], at 37-55 (3d ed. 2009). Instead, defendant acceded to plaintiff's request that the deposition be held in opposing counsel's office in Washington, D.C. This courtesy alone saved plaintiff thousands of dollars in counsel fees and travel expenses. Finally, although plaintiff gives lip service to a purported claim for counsel fees, it has utterly failed to support its motion with required elements under Local Rule 109.2.b.

## CONCLUSION

Wherefore, defendant Pathfinder prays that plaintiff's motion to compel be denied.

Respectfully submitted,

*R Wayne Pierce* (signature)

R. Wayne Pierce, Esquire
Federal Bar No. 7999
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, Maryland 21401-7015
Direct: 410-573-9959
Fax: 410-573-9956
E-mail: wpierce@adventurelaw.com
**Attorney for Pathfinder Mortgage Co.**

## CERTIFICATE OF SERVICE

A copy of the foregoing motion, exhibits, and proposed order were served through the court's electronic notification service on October 13, 2009:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
Email: lovettm@gtlaw.com
fergusonp@gtlaw.com
*Attorneys for Defendant Russ A. Gressett*

Shari Ross Lahlou, Bar. No. 16570
William Sauers Bar. No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email: slahlou@crowell.com
wsauers@crowell.com
skerksiek@crowell.com
*Attorneys for Plaintiffs CoStar Realty*
*Information, Inc., a Delaware Corporation,*
*and CoStar Group, Inc., a Delaware Corporation*

I further certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document and exhibits was served upon the following parties by U.S. mail on October 13, 2009:

| | |
|---|---|
| Mark Field<br>Alliance Valuation Group<br>638 Camino De Los Maries, Suite H130A<br>San Clemente, CA 92673<br><br>*Pro se* defendant | Lawson Valuation Group, Inc.<br>c/o Douglas Lawson<br>8895 N. Military Trail, Suite 304E<br>Palm Beach Gardens, FL  33410-6263<br><br>*Pro se* defendant |

                                                                                    _____
                                                                                    R. Wayne Pierce, Esquire