## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

|  |  |
|---|---|
| COSTAR REALTY INFORMATION, INC.<br>and COSTAR GROUP, INC.,<br><br>      Plaintiffs,<br><br>v.<br><br>MARK FIELD D/B/A ALLIANCE<br>VALUATION GROUP, *et al.*<br><br>      Defendants. | Civil Action No. 8:08-CV-663-AW |

## DECLARATION OF WILLIAM J. SAUERS IN SUPPORT OF STAY UNDER RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE

I, WILLIAM J. SAUERS, of full age, hereby declare as follows:

1.     I am an attorney of law in good standing in the District of Columbia and am a member of the law firm Crowell & Moring LLP, counsel of record for Plaintiffs Costar Realty Information, Inc., and CoStar Group, Inc. (collectively, "CoStar"), in the above-captioned matter. I make this declaration based on my personal knowledge, and pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

2.     In its First Amended Complaint (D.E. 6), CoStar asserted in good faith claims against Defendant Pathfinder Mortgage Company ("Pathfinder") for (1) Breach of Contract; (2) Direct Copyright Infringement; and (3) Violation of 18 U.S.C. § 1030: Fraud and Related Activity in Connection with Computers. These claims are embodied in Counts II, V, and VII, respectively.

3.     In support of the Breach of Contract claim, CoStar alleges, among other things, that Pathfinder agreed to be bound by the Terms of Use agreement of CoStar's website by

Dockets.Justia.com

improperly using Alliance's usernames and password to log in to CoStar's website and by

clicking "accept" to CoStar's Terms of Use.  D.E. 6 at ¶¶ 19, 29.

4.      In support of the Direct Copyright Infringement claim, CoStar alleges that

Pathfinder improperly and willfully used Defendant Mark Field d/b/a Alliance Valuation

Group's ("Alliance's") usernames and password to log in to CoStar's website and by infringing

CoStar's copyrights in certain photographs which CoStar has registered with the United States

Copyright Office.  D.E. 6 at ¶¶ 50-54.

5.      In support of the claim under 18 U.S.C. § 1030, CoStar alleges that, by using

Alliance's usernames and password, Pathfinder intentionally accessed a protected computer

without authorization.  D.E. 6 at ¶¶ 69.

6.      Since asserting these claims, CoStar has diligently and in good faith pursued

discovery from Pathfinder in an effort to learn facts regarding and tending to prove these claims,

including by issuing a Rule 30(b)(6) deposition notice and taking the Rule 30(b)(6) deposition of

Samuel Wu, Pathfinder's corporate designee.  Notice of Deposition to Pathfinder Pursuant to

Rule 30(b)(6) (June 30, 2009), attached hereto as Exhibit A.

7.      Pathfinder, however, failed to conduct a reasonable investigation in preparing for

its deposition in this matter, even though the information sought was within Pathfinder's

possession, custody or control.  Pathfinder's failings are described in detail in CoStar's Motion to

Compel Pathfinder.  D.E. 70.  Notable among Pathfinder's many failings is its failure to contact

Brad Christensen, who is a 46% owner of Pathfinder, Pathfinder's former President and

manager, and a board member of other related Pathfinder entities.  *See id.* at 3-5, and exhibits

cited therein.  In addition, Pathfinder did not conduct a thorough search of documents or attempt

to turn on a server located in its long term storage facility to look for responsive documents or emails. *Id.* at 6.

8.      As detailed in CoStar's motion to compel, Pathfinder's failed to adequately prepare for and respond to *all* 19 topics listed in the deposition notice due to its inadequate search and its failure to contact Mr. Christensen.  Among other topics, those topics relating to Pathfinder's unauthorized use of CoStar's products and services are relevant to all of CoStar's claims against Pathfinder.  Some examples of those topics include, but are not limited to, the following (*see* Ex. A to this declaration):

- **Topic No. 1** – Any use of any CoStar database by any person or entity affiliated with Pathfinder.
- **Topic No. 6** – Every client or potential client of Pathfinder on whose behalf Pathfinder used CoStar's produces or services.
- **Topic No. 7** – Payments made by Pathfinder to Gressett or Alliance.
- **Topic No. 9** – Communications between Pathfinder and Gressett, Alliance, Teel, or Lawson referring or relating to CoStar.
- **Topic No. 11** – Communications between Pathfinder and Gressett, Alliance, Teel, or Lawson relating to this lawsuit.
- **Topic No. 12** – Communications concerning CoStar's allegations that Pathfinder improperly used CoStar's products and/or services, including all internal Pathfinder communications concerning those allegations.
- **Topic No. 14** – Sales of products or services by Pathfinder related to the use of any CoStar database.

9.      As explained in CoStar's Motion to Compel, based on Pathfinder's testimony at its deposition, there is a good-faith reason to believe that Pathfinder has information responsive to these and other topics that will tend to prove CoStar's claims against Pathfinder.  Yet, Pathfinder failed to provide such information at its deposition and has refused to do so to date.

10.      In addition to pursuing discovery from Pathfinder, CoStar has diligently and in good faith pursued discovery from Alliance in an effort to learn facts regarding and tending to

prove its claims against Pathfinder, including by serving document requests, interrogatories, and a notice of deposition.

11.     As detailed in CoStar's Memorandum in Support of its Motion for an Order to Show Cause Why Default Should Not Be Entered Against Mark Field (D.E. 73-2), Alliance has failed to participate in any discovery in this case whatsoever.  Mr. Field failed to appear for his properly noticed deposition, *id.*, and has not responded to any discovery requests.  Among other discovery requests, those requests relating to Pathfinder's unauthorized use of CoStar's products and services are relevant to all of CoStar's claims against Pathfinder.  Some examples of those requests include, but are not limited to, the following:

- **Document Request No. 3** – All Documents reflecting, referring to, describing or constituting any payments made to Alliance by Lawson, Gressett, Teel or Pathfinder. D.E. 73-3 (Exhibit 1 to CoStar Memo. Suppt. Mot. Order Show Cause) at 7.

- **Document Request No. 8** – All documents comprising, reflecting or relating to communications between Alliance and Lawson, Gressett, Teel, or Pathfinder referring or relating to Alliance's subscription to CoStar's products or services. *Id.* at 8.

- **Document Request No. 9** – All documents comprising, reflecting or relating to communications between Alliance and Lawson, Gressett, Teel, or Pathfinder relating to this lawsuit. *Id.*

- **Interrogatory No. 4** – Describe the relationship between Allilance and Pathfinder, including but not limited to any contractual agreements concerning the referral of clients or business or the sharing of expenses. D.E. 73-4 (Exhibit 2 to CoStar Memo. Suppt. Mot. Order Show Cause) at 6.

- **Interrogatory No. 11** – Itemize all payments made by Pathfinder to Alliance from June 2002 through the present, including the date on which such payments were made, the amount of such payments, and the purpose for which such payments were made. *Id.* at 7.

12.     Based on the fact that Mark Field (*i.e.*, Alliance) has failed to participate in discovery at all in this case, and on the fact that he has nevertheless submitted a declaration in support of Pathfinder's motion for summary judgment (D.E. 75-2), there is a good-faith reason to believe that Field has information responsive to these and other topics that will tend to prove

CoStar's claim against Pathfinder.  Yet, Field (Alliance) has failed to provide such information to date.

13.    In short, CoStar has requested discovery focused on the nature of Pathfinder's use of CoStar's products and services.  These facts are essential to proving CoStar's Breach of Contract, Direct Copyright Infringement, and § 1030 claims against Pathfinder, and, if discovered, would preclude summary judgment in favor of Pathfinder.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.  Executed this 20th day of October, 2009, at Washington, D.C.

William J. Sauers