IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al*. <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW |

**COSTAR'S CONSOLIDATED REPLY IN SUPPORT OF MOTION TO COMPEL AND RESPONSE IN OPPOSITION TO DEFENDANT PATHFINDER'S MOTION TO STRIKE COSTAR'S MOTION TO COMPEL**

Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar"), through their counsel, hereby submit this consolidated Reply in Support of their Motion to Compel Defendant Pathfinder Mortgage Company ("Pathfinder") to conduct an adequate search, properly prepare its Rule 30(b)(6) witness, and respond to deposition questions (D.E. 70), and Response in Opposition to Pathfinder's Motion to Strike CoStar's Motion to Compel (D.E. 76).

**INTRODUCTION**

Knowing that it has no legitimate grounds on which to oppose CoStar's motion to compel, Pathfinder hopes to avoid the issue entirely by moving to strike CoStar's motion. Pathfinder's motion is nothing more than a distraction from the real question here – whether Pathfinder fulfilled its obligation under the Federal Rules to adequately prepare its corporate witness. As explained in more detail below, the answer to that question is no. The law is clear that a corporate party has an obligation to "create" a

witness with responsive knowledge. *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005). This duty includes conducting an investigation to obtain information that is "known or reasonably available" to the corporation. Fed. R. Civ. P. 30(b)(6). While Pathfinder asserts that its investigation was adequate, it simultaneously concedes that it did not even attempt to obtain information that was indeed "known or reasonably available" to it. It therefore failed to meet its obligations under Rule 30. Pathfinder's motion to strike should be denied and CoStar's motion to compel should be granted.

## ARGUMENT

### I. PATHFINDER'S MOTION TO STRIKE SHOULD BE DENIED

Pathfinder's Motion to Strike raises a number of irrelevant points, and is ultimately based on just two arguments: (1) that CoStar's motion was purportedly untimely, and (2) that CoStar's motion is procedurally defective because CoStar allegedly failed to meet and confer regarding the in good faith. Both of these arguments should be rejected.

#### A. CoStar's Motion to Compel Was Timely Filed

CoStar's motion was timely filed. CoStar did not file its motion outside of any filing deadline. Indeed, there is no such deadline in either the Scheduling Order (D.E. 55) or in the Local Rules. CoStar filed its motion within a reasonable time after Pathfinder's deposition (approximately five weeks) and within a reasonable time after the close of discovery (approximately three weeks). Pathfinder's reliance on the discovery deadline of August 31, 2009 misses the point. CoStar timely noticed and took the deposition that is the subject of its motion. CoStar's motion merely attempts to compel Pathfinder to fulfill its discovery duties – namely, present an adequately prepared, competent witness – that arose within the discovery period. Pathfinder cites to no order or rule providing that a discovery deadline is

the cutoff for motions to compel answers to deposition questions that were asked pursuant to a timely notice of deposition.[1]

Pathfinder's arguments regarding prejudice should also be rejected. It is CoStar – not Pathfinder – who has suffered, and will suffer, as the result of Pathfinder's failure to adequately prepare its Rule 30(b)(6) witness. CoStar was unable to prepare a summary judgment motion due to Pathfinder's failings, and, if Pathfinder is not required to properly prepare for its deposition, CoStar will be unable to adequately prepare for trial in this matter. Any prejudice that Pathfinder might suffer is minor in comparison. Pathfinder has had ample opportunity to prepare for its defense in this matter. *See* D.E. 76 at 9-10. Requiring it to submit to questions about which it has been aware for months will hardly prejudice its ability to defend against CoStar's claims. Indeed, Pathfinder never noticed any CoStar witness for deposition, nor did it ever serve written discovery requests on CoStar. Pathfinder's vague assertions of prejudice cannot overcome its own failings.

Nor do the other extraneous arguments Pathfinder asserts change either the timeliness or the merit of CoStar's motion. Pathfinder asserts that CoStar somehow waived its right to the relief it seeks because it could have deposed another witness, Mr. Christensen, or should have "insist[ed]" that Pathfinder produce a "better witness." D.E. 77 at 3, 11. These assertions reveal, at best, Pathfinder's misapprehension of the obligations imposed by the Federal Rules to present a competent, adequately prepared witness for a corporate deposition under Rule 30. That a "better" or more knowledgeable witness may have existed only underscores Pathfinder's failings. As discussed further below in Section II, it is Pathfinder, not CoStar, who had the duty under Rule 30 to identify and educate the most

---

[1] CoStar served a Rule 30(b)(6) deposition notice on Pathfinder on June 30, 2009 (D.E. 70-4 (Deposition Notice to Pathfinder)), long before discovery closed. Pathfinder was therefore well aware of the topics months before the motion was filed.

competent witness to testify on the identified topics. If Mr. Christensen had relevant information, it was up to Pathfinder to either present him or to obtain responsive information from him to provide to the witness presented. *Wilson*, 228 F.R.D. at 528; *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 504 (D. Md. 2000).

Also, Pathfinder's assertion that it was "obvious" that Pathfinder was making available for inspection the documents in long term storage is a red herring. That CoStar did not inspect the documents in Pathfinder's long term storage facility – which Pathfinder never actually made available for CoStar's inspection – is beside the point. Just as it was Pathfinder's duty to present Mr. Christensen for deposition or obtain responsive information from him, it was Pathfinder's duty to inspect the documents in long-term storage – not CoStar's.[2]

In short, CoStar's motion to compel was timely filed, and Pathfinder's motion to strike should be denied on that ground.

### B. Pathfinder's Argument that CoStar Did Not Meet and Confer Is Without Merit.

As an initial matter, Pathfinder never denies that that the parties met and conferred regarding the issues raised by CoStar's motion to compel, as set forth in CoStar's Local Rule 104.7 Certification. Instead, Pathfinder makes three unconvincing arguments in support of its "failure to meet and confer" argument: (1) CoStar did not narrow its deposition topics after Pathfinder's counsel informed CoStar in

---

[2] Pathfinder's other extraneous arguments should also be rejected. Pathfinder's unexplained assertion that *all* of the parties filed a joint status report after the close of discovery on September 25, 2009 (D.E. 77 at 4-5), is irrelevant to CoStar's motion to compel. All of the parties, including Pathfinder, stipulated to the dates contained in the order without comment regarding the motion to compel Pathfinder that was reported therein. In addition, there is no "new" discovery (D.E. 76 at 9) – this is discovery of which Pathfinder has been aware since June 30, 2009, and CoStar is not requesting that discovery be reopened. Finally, CoStar's motion to compel is not, as Pathfinder asserts, an attempt to avoid the Local Rules' time limits on motions to compel responses to written discovery. Pathfinder's responses to CoStar's written discovery requests are not the subject of CoStar's motion.

-4-

emails that he believed the topics were too broad, (2) CoStar did not raise the problems with Pathfinder regarding Pathfinder's investigation soon enough after the deposition occurred, and (3) CoStar did not identify the specific discovery disputes discussed. D.E. 76 at 12. First, CoStar's disagreement with Pathfinder – whose objections were contained in an e-mail and were never mentioned again – regarding the scope of the deposition topics hardly establishes that CoStar did not meet and confer in good faith. CoStar had no obligation to respond to informal, generalized objections to the Rule 30(b)(6) deposition. Second, CoStar *did* meet and confer with Pathfinder regarding the deficiencies in the investigation, both immediately after the deposition on August 17, 2009 (D.E. 70-6 (Deposition of Samuel Wu (Filed Under Seal) at 174) and in the weeks following (D.E. 70 at 3 (CoStar's Local Rule 104.7 Certification)). Third, Pathfinder's assertion that CoStar did not identify the topics in dispute is totally unsupported, and, as noted above, Pathfinder never denies that the issues raised by the motion were the subject of discussion between counsel. *See* D.E. 76-2 (Declaration of R. Wayne Pierce). As CoStar's counsel certified in its Local Rule 104.7 certification, CoStar *did* identify the discovery disputes discussed, namely the four points listed in its motion to compel. D.E. 70 at 2. Pathfinder's argument that CoStar failed to adequately meet and confer is without merit, and its motion to strike should be denied.

## II. COSTAR'S MOTION TO COMPEL SHOULD BE GRANTED

Pathfinder's motion to strike is nothing more than an attempt to shift the burden away from itself with respect to CoStar's motion to compel. The arguments Pathfinder makes in its cursory opposition to CoStar's motion ignore Pathfinder's well established obligation under the Federal Rules to conduct an adequate search, prepare its Rule 30(b)(6) witness, and to respond to deposition questions. Rule 30 of the Federal Rules of Civil Procedure "imposes a duty to prepare the designee that goes beyond matters personally known to the designee or to matters in which that designee was personally involved." *Wilson*

*v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005) (internal quotations and citation omitted). "The designee must be prepared to the extent that matters are reasonably available whether from documents, present or past employees, or other sources." *Id*. The rule does not require "absolute perfection" in conducting an investigation; however, and unlike Pathfinder's efforts, "it nevertheless certainly requires a good faith effort on the part[] of the designee to find out the relevant facts – to collect information, review documents, and interview employees with personal knowledge just as a corporate party is expected to do in answering interrogatories." *Id*. A corporate designee "does not meet its obligations under Rule 26 or 30(b)(6) by figuratively 'throwing up its hands in a gesture of helplessness' . . . ," as Pathfinder has done here. *Id*.

As set forth in CoStar's motion to compel, Pathfinder's failures include not following up with Brad Christensen (Pathfinder's former president and current 46% owner) regarding a folder that had been deleted from Pathfinder's computers when Mr. Christensen had resigned; failing to contact Mr. Christensen to ask him about responsive information despite the fact that Pathfinder knew that Mr. Christensen was in possession of such information; failing to turn on Pathfinder's server and look for responsive documents; and conducting an inadequate search of documents in Pathfinder's long term storage facility. D.E. 70-2 (CoStar's Memo. in Suppt. Mot. Compel) at 3-4, 5-6. Pathfinder has failed to meet these obligations by admitting that responsive information and documents were reasonably within its possession, custody or control and that it simply failed to make the effort to obtain that information and documents.

Pathfinder does not adequately address its failings with respect to Mr. Christensen. Indeed, Pathfinder does not even mention Mr. Christensen by name in its response. Instead, Pathfinder vaguely asserts that because the company is no longer functioning, it "has no other corporate personnel other

than the deponent, so nominating another corporate representative was not feasible" and implies that the fact that its corporate designee did not know certain information was CoStar's "problem." D.E. 77 at 6 (quoting *Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000)). Pathfinder makes this argument notwithstanding *its own admission* that it could have contacted Mr. Christensen to obtain responsive information, but that it simply failed to do so. *See* D.E. 70-2 (CoStar's Memo. in Suppt. Mot. Compel at 3-5 (citing Wu Depo. at 32-33, 78-81, 99-100, 106-08, 110-113, 160-64)). Pathfinder has not explained, either at its deposition nor in its briefing, why contacting Mr. Christensen, the current 46% owner of Pathfinder, was not reasonably feasible. This is most likely because it cannot, considering that it admitted that it selectively contacted Mr. Christensen to obtain certain information, but did not contact him to obtain other information known to be in his possession. But the law is clear that "[a] party cannot take a laissez faire approach to the inquiry." *Poole*, 192 F.R.D. at 504. If the corporate designee himself is not in possession of responsive information, then he has a duty to "create a witness or witnesses with responsive knowledge," including by conducting a reasonable investigation into matters reasonably available to it. *Wilson*, 228 F.R.D. at 528; *see also Poole*, 192 F.R.D. at 504. Pathfinder has utterly failed to fulfill this obligation in this regard, and CoStar's motion to compel should therefore be granted.[3]

---

[3] Two of the other cases Pathfinder cites in support of its "lack of knowledge" argument involve situations in which the corporate designee did not have information that was *outside* the scope of the identified topics. D.E. 77 at 6 (citing *Detoy*, 196 F.R.D. at 367, and *EEOC v. Caesars Ent., Inc.*, 237 F.R.D. 428, 433 (D. Nevada 2006)). But Pathfinder has not argued – nor is it the case – that CoStar's questions went outside the scope of the topics identified in its notice. The other case Pathfinder cites involved a situation in which – unlike the situation here – the information was not available to the corporate designee from *any* source. D.E. 77 at 5-6 (citing *Dravo Corp. v. Liberty Mutual Ins. Co.*, 164 F.R.D. 70, 76 (D. Nebraska 1995)).

## III. COSTAR SHOULD BE AWARDED ITS ATTORNEYS' FEES ASSOCIATED WITH TAKING PATHFINDER'S FIRST DEPOSITION AND BRINGING ITS MOTION TO COMPEL

Pathfinder does not dispute that this Court "must" require Pathfinder to pay CoStar's reasonable expenses incurred as the result of Pathfinder's failures, including attorneys fees, unless Pathfinder can establish that one of three exceptions applies. Fed. R. Civ. P. 37(a)(5). Instead, Pathfinder conclusorily argues that fees should not be awarded, even if CoStar's motion is granted, on the ground that this case falls within the second exception identified in Rule 37(a)(5)(A), namely that Pathfinder's nondisclosure or response was "substantially justified" because its corporate witness's failure "was not tantamount to a complete failure to appear" and its witness's "inability to testify fully was not willful or in bad faith . . . ." D.E. 77 at 6-7. To the contrary, as explained in detail both above and in CoStar's opening brief, Pathfinder's failure to adequately prepare for its deposition *was* equivalent to a complete failure to appear. Pathfinder failed to adequately respond to *all* of the deposition topics because of its failure to conduct a reasonable investigation in preparing for its deposition, including by selectively contacting a witness (Mr. Christensen) to obtain certain information, but choosing not to not to contact him to obtain other information; by failing to investigate or inquire about Mr. Christensen's "missing" folder on its computer system; by conducting a cursory search of the documents in its long-term storage facility; and by failing to turn on a server in its long-term storage facility and search for responsive documents or e-mails. Pathfinder's position that it met its obligations under Rule 30 is patently unreasonable, and certainly does not fall within the exception to attorneys' fees in Rule 37(a)(5).

Moreover, for similar reasons, CoStar is also entitled to its fees for attending Pathfinder's August 17, 2009, deposition. Pathfinder argues first that such an award is not "appropriate" under Rule 37. D.E. 77 at 7. However, this Court has the inherent authority to redress discovery misconduct and; that

authority "is not displaced or limited by the sanctioning scheme of the Federal Rules." *Poole*, 192 F.R.D. at 497 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). Fees may be awarded where a party or its counsel has acted in bad faith. *Chambers*, 501 U.S. at 46. Pathfinder's failure to investigate constitutes bad faith that warrants an award of fees. Indeed, Pathfinder *never denies* that it did not contact Mr. Christensen after its deposition; that it did not follow up regarding Mr. Christensen's missing folder; that it conducted no further search of its documents; and that it did not turn on the server to search for responsive documents. Pathfinder's failure to correct its mistake after its deposition is particularly egregious; it cannot deny that it was unaware of its failures to conduct these tasks. Instead, it asserts or implies that the investigation it conducted before the deposition was adequate. Pathfinder therefore acted in bad faith, and should be required to pay CoStar's fees associated with taking the August 17 deposition.

Pathfinder's last point – that defendant appeared for his deposition in CoStar's Washington, D.C., offices – is irrelevant. If CoStar had traveled to California to take the deposition, CoStar would still be entitled to an award of fees for the waste in effort and time that resulted from Pathfinder's failings. Pathfinder never objected to appearing in Washington, D.C., for its deposition, and in the end, its choice to do so may well have saved it a significant amount in any award of attorneys' fees in CoStar's favor.

## **CONCLUSION**

For the aforementioned reasons, CoStar requests that the Court grant CoStar's motion to compel and deny Pathfinder's motion strike.

Dated:  October 27, 2009                    Respectfully submitted,


                                            _____/s/_____
                                            Shari Ross Lahlou, Bar. No. 16570
                                            William J. Sauers, Bar. No. 17355
                                            Sanya Sarich Kerksiek, Bar. No. 17636
                                            Crowell & Moring LLP
                                            1001 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 20004
                                            Telephone (202) 624-2500
                                            Facsimile (202) 628-5116
                                            Email   slahlou@crowell.com
                                                    wsauers@crowell.com
                                                    skerksiek@crowell.com

                                            *Attorneys for Plaintiffs CoStar Realty Information,
                                            Inc., and CoStar Group, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record for the following parties by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on October 27, 2009:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

*Attorneys for Defendant Russ A. Gressett*

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Telephone: 410.573.9959
Facsimile: 410.573.9956
wpierce@adventurelaw.com

*Attorney for Defendant Pathfinder Mortgage Company*

**I FURTHER CERTIFY** that on October 27, 2009, a true copy of the foregoing was sent by electronic and first class mail to the attorneys listed above and to:

Mark Field
Alliance Valuation Group
638 Camino De Los Maries, Suite H130A
San Clemente, CA 92673
mark.field@cox.net

and

Lawson Valuation Group, Inc.
8895 N. Military Trail, Suite 304E
Palm Beach Gardens, FL 33410-6263
lawsonmai@aol.com

Dated: October 27, 2009                    Respectfully submitted,

       /s/
William Sauers Bar. No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email   wsauers@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc., a Delaware Corporation, and CoStar Group, Inc., a Delaware Corporation*