IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al*. <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW |

**COSTAR'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND
ACCOMPANYING MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 15(b), Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar"), through their counsel, hereby move for leave to file a Second Amended Complaint. A draft of CoStar's proposed amended complaint is attached hereto as Exhibit A, and a redlined, Local Rule 103.6.c. version is attached hereto as Exhibit B.

Amendment under Rule 15(b) is warranted in order to conform the pleadings to the evidence in this case. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 569 (2d Cir. 2000). Specifically, CoStar moves to amend its complaint to add Defendant Russ Gressett ("Gressett") to its count for contributory and vicarious infringement. The well-settled test for a contributory infringer is "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). Liability for vicarious copyright infringement arises "when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the

infringement." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster,Ltd.,* 545 U.S. 913, 931 n.9 (2005)). As set forth below, those claims have been developed and tried by implied consent, and amendment of the complaint to add them is therefore appropriate:

- CoStar alleged in its First Amended Complaint that Gressett obtained a CoStar username and password from Defendant Mark Field d/b/a Alliance Valuation Group ("Alliance"), and that Gressett "further distributed such user name and passcode to other individuals, including but not limited to GATEEL and DOES, who then used the user name and passcode improperly to access and use CoStar's commercial real estate information subscription services for their own commercial purposes without a valid license or any other authorization from CoStar." D.E. 6 (First Amended Complaint) ¶ 28.

- In his answer to Paragraph 28 of the First Amended Complaint, Gressett implicitly admitted receiving payment in exchange for distributing the username and password:

    > Gressett further states that he did not enable third parties to use CoStar's commercial real estate information services without paying subscription fees.

    D.E. 53 at ¶ 28.

- The Court's order denying Gressett's and another defendant's motions to dismiss (in the context of discussing CoStar's RICO claim), acknowledged CoStar's allegation that Gressett illicitly sold the username and password to third parties: "CoStar seeks to establish an enterprise through Gressett's selling the passcode to others, and impute his conduct onto Alliance and Lawson as a group."[1] D.E. 51 at 23.

- In his deposition, Gressett responded to numerous questions regarding the elements of both contributory and vicarious infringement, testifying, among other things, that he received a monthly fee of $125 from a third party (QVAL) for providing CoStar access. *See* CoStar's Memorandum in Support of its Motion for Summary Judgment at 9, 15 (citing Deposition Transcript of Russell Gressett). He also admitted to providing QVAL with the access information when QVAL called to ask for it. *Id*. at 12-13.

- Gressett likewise admitted in his responses to CoStar's interrogatories that he received payments from both QVAL and another defendant, Gerald Teel, and

---

[1] CoStar's proposed Second Amended Complaint also removes CoStar's RICO claims with respect to Gressett and Lawson Valuation Group, which were dismissed by this Court. D.E. 52.

itemized payments received from both of those parties. Exhbit C (Gressett's Responses to Interrogatory Nos. 2, 3, 11, 12.

Accordingly, although CoStar's First Amended Complaint did not include Gressett in its claim for contributory and vicarious infringement, its Complaint did contain allegations regarding Gressett's unauthorized distribution of the CoStar username and password to various third parties. In addition, Gressett subsequently admitted to knowingly providing the CoStar username and password to various third parties so that they could access CoStar's database, and that he was not aware of any other way that those third parties could access CoStar's services. Moreover, he admitted that he received payment from those third parties in his written responses to CoStar's interrogatories, documents produced in response to CoStar's requests for production, and in his deposition. These claims have therefore been tried by implied consent, and CoStar should be allowed to amend its complaint under Rule 15(b) to conform the pleadings to the evidence.[2] *See Cruz*, 202 F.3d at 569.

---

[2] CoStar should also be permitted to amend its complaint under Rule 15(a), as it has good cause for the amendment. Although the date set by the Court's April 15, 2008 Scheduling Order (D.E. 55) for moving for joinder of additional parties and amendment of pleadings – June 1, 2009 – has passed, Gressett's deposition and document production did not take place until after that June 1, 2009 date. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (good cause required for leave to amend after scheduling order date has passed). Once the party seeking to amend shows good cause why amendment should be allowed, the court may then consider the motion under the standards of Rule 15(a), which provides that the court "should freely give leave [to amend] when justice so requires. Under that rule, "leave to amend a complaint should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *See Edell & Associates, P.C., Law Offices of Peter G. Angelos*, 264 F.3d 424, 446 (4th Cir. 2001). Gressett will suffer no prejudice as a result of the amended complaint, as the evidence underlying the amendments resulted from Gressett's own document production, discovery responses, and deposition testimony. In addition, there has been no bad faith by CoStar, and, as demonstrated by CoStar's memorandum in support of its motion for summary judgment, amendment would not be futile.

# CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record for the following parties by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on November 2, 2009:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

*Attorneys for Defendant Russ A. Gressett*

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Telephone: 410.573.9959
Facsimile: 410.573.9956
wpierce@adventurelaw.com

*Attorney for Defendant Pathfinder Mortgage Company*

**I FURTHER CERTIFY** that on November 2, 2009, a true copy of the foregoing was sent by electronic mail to the attorneys listed above and by electronic mail and U.S. mail to:

Mark Field
Alliance Valuation Group
638 Camino De Los Maries, Suite H130A
San Clemente, CA 92673
mark.field@cox.net

and

Lawson Valuation Group, Inc.
8895 N. Military Trail, Suite 304E
Palm Beach Gardens, FL 33410-6263
lawsonmai@aol.com

      /s/
William Sauers Bar. No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email  wsauers@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc., a Delaware Corporation, and CoStar Group, Inc., a Delaware Corporation*