# EXHIBIT A

Dockets.Justia.com

CoSTAR REALTY INFORMATION, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland 20814,

and

CoSTAR GROUP, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland 20814,

        Plaintiffs,

v.

MARK FIELD D/B/A ALLIANCE
VALUATION GROUP
2858 Via Bellota
San Clemente, CA 92673,

LAWSON VALUATION GROUP, INC.
8895 N. Military Trail, Suite 304E
Palm Beach Gardens, FL 33410-6263,

RUSS A. GRESSETT
5625 FM 1960 West, Suite 509
Houston, TX 77069,

GERALD A. TEEL COMPANY, INC.
974 Campbell Rd, Suite 204
Houston, TX 77024-2813,

PATHFINDER MORTGAGE COMPANY
23172 Plaza Pointe Dr., Suite 285
Laguna Hills, CA 92653,

and

JOHN DOES 1-4
Addresses Currently Unknown,

Civil Action No. 08-CV-663-AW

|                    |
| ------------------ |
| Defendants.        |

## <u>SECOND AMENDED COMPLAINT</u>

Plaintiffs COSTAR REALTY INFORMATION, INC., a Delaware Corporation, and COSTAR GROUP, INC., a Delaware Corporation (collectively "CoStar" or "Plaintiffs"), for their Second Amended Complaint against Defendants MARK FIELD D/B/A ALLIANCE VALUATION GROUP, LAWSON VALUATION GROUP, INC., RUSS A. GRESSETT, GERALD A. TEEL COMPANY, INC., PATHFINDER MORTGAGE CORPORATION and JOHN DOES 1-4 alleges as follows:

## <u>PARTIES</u>

1.      CoStar Realty Information, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland 20814-5388.

2.      CoStar Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland 20814-5388.

3.      Defendant MARK FIELD D/B/A ALLIANCE VALUATION GROUP ("ALLIANCE") is, upon information and belief, a California resident doing business as a sole proprietorship under the name Alliance Valuation Group.   ALLIANCE has its principal place of business located at 2858 Via Bellota, San Clemente, California 92673.

4.      Defendant LAWSON VALUATION GROUP, INC. ("LAWSON") is, upon information and belief, an Florida corporation, organized and existing under the laws of the Florida, with its

principal place of business located at 8895 N. Military Trail, Suite 304E, Palm Beach Gardens, Florida 33410.

5.  Defendant RUSS A. GRESSETT ("GRESSETT") is, upon information and belief, a Texas resident doing business as TGC Realty Counselors, with a principal place of business located at 5625 FM 1960 West, Suite 509, Houston, TX 77069.

6.  Defendant GERALD A. TEEL COMPANY, INC., ("GATEEL") is, upon information and belief, a Texas corporation, organized and existing under the laws of the Texas, with its principal place of business located at 974 Campbell Rd, Suite 204, Houston, TX 77024-2813.

7.  Defendant PATHFINDER MORTGAGE CORPORATION ("PATHFINDER") is, upon information and belief, a California corporation, organized and existing under the laws of California, with its principal place of business at 23172 Plaza Point Drive, Suite 285, Laguna Hills, CA 92653.

8.  Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants JOHN DOE 1-4 ("DOES") and therefore sues these Defendants, and each of them, by such fictitious names. The DOES include persons and entities acting in concert with the named Defendants in connection with the actions complained of herein. Plaintiff will seek leave of this Court to amend this First Amended Complaint when the status and identities of these Defendants are ascertained. Upon information and belief, the identities of the DOES are known to one or more of the named Defendants.

**JURISDICTION AND VENUE**

9.  This Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 as an action that arises under the laws of the United States. The Court further has exclusive federal jurisdiction pursuant to 28 U.S.C. § 1338(a) as a case arising under the Copyright Act. This Court has

subject matter jurisdiction over CoStar's claims for unauthorized access to computers and related claims pursuant to 18 U.S.C. § 1030.

10.     This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.  The controversy is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of Maryland pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiffs' claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

12.     Personal jurisdiction over ALLIANCE is proper in this District because ALLIANCE has, by written contract, consented to the jurisdiction of this Court and has committed the tortious acts alleged herein with foreseeable consequences in this District.

13.     Personal jurisdiction over GRESSETT, LAWSON, GATEEL, PATHFINDER and DOES is proper in this District because: (a) by agreeing to the Terms of Use for the www.costar.com website each has consented to the jurisdiction of this Court; (b) by their use of CoStar's proprietary database with the assistance of ALLIANCE, they are availing themselves of the contractual benefits provided by CoStar to ALLIANCE and thus should be subject to the same jurisdictional requirements as ALLIANCE; (c) they have committed tortious and other actionable acts alleged herein with foreseeable consequences in this District, and have caused actual tortious injury in this District; and (d) they have purposefully directed their unlawful behavior at this District by repeated electronic activity and

interaction with CoStar's computer servers in Bethesda, MD when logging into the subscription service at the www.costar.com website for business purposes.

## BACKGROUND

14.     CoStar is a leading national commercial real estate information services provider.  At enormous effort and expense, CoStar has created state-of-the-art software technology and research methods to develop one of the most comprehensive commercial real estate information databases available.  CoStar currently employs the services of approximately 800 trained research professionals, including a field research force with over 120 research photographers and a fleet of over 100 specially equipped field research vehicles, that canvass the country, building information and analysis and photographs that are integrated into an enormous database that is updated daily.

15.     CoStar's photographs and the other information in CoStar's databases are not part of a repository of information generally available for free.  CoStar licenses its information services to businesses, including primarily commercial real estate brokers, asset managers, mortgage lenders, investors, owners, property managers, security analysis, REIT professionals and appraisers/mortgage underwriters.  CoStar's information licenses, among other things, enable its licensees to find for themselves or their customers available space for tenants, to match buyers to properties for sale, find tenants, research brokers, locate market-related information, and to value commercial real estate sales transactions.  CoStar's licensees can search CoStar's database by selecting from the more than 150 fields of information and analysis included in the file for each property to find those properties that suit their needs.  CoStar's licensees can search through CoStar's information in thousands of different ways to analyze various real estate markets, and thus access to CoStar's database greatly reduces the need for

CoStar's licensees to spend money on conducting research to locate much of the very same information already collected, organized, developed and analyzed by CoStar.

16.    With the exception of a very limited amount of its information services CoStar makes available for no charge on the Internet at http://www.CoStar.com, access to CoStar's information services is offered only to authorized users. Interested members of the general public can become authorized users either (a) by entering into an online agreement for *ad hoc* access and use, or (b) by entering into a written license agreement and subscribing to one or more of CoStar's information services.

17.    Access to CoStar's subscription information services and their associated databases is limited to those authorized users who gain authorization solely pursuant to written license agreements, which limit their access and use of CoStar's databases to specific numbers of licensed users and licensed sites. Licensed users are limited to employees of the licensee, or independent contractors working out of the licensed site and exclusively for the licensee.

18.    Once a party executes a license agreement with CoStar, each of its authorized users is provided with a user identification and passcode and is given authorized use for Internet-based access to CoStar's subscription information services within the terms of the user's specific license. An authorized user must input a valid user identification and passcode at the "Subscriber Login Area" to gain authorized access to CoStar's restricted access information services for which they are licensed.

19.    The Subscriber Login Area contains prominent notices advising the user on each occasion of their use. "By logging in you are agreeing to CoStar's terms of use." and "Access restricted to licensed users. Sharing of passcodes is prohibited." The authorized user must scroll through and "accept" the applicable online Terms of Use the first time they use the product as well as at periodic

intervals thereafter. Furthermore, a warning appears at the bottom of the homepage that reads: "By using this site, you agree to our <u>Terms of Use</u>." Here too, by clicking on the underlined phrase, the user can view the terms of use.

20. The Terms of Use provide:

> By accessing or using this Site (or any part thereof), you agree to be legally bound by the terms and conditions that follow (the "Terms of Use") as we may modify them from time to time. These Terms of Use apply to your use of this Site, including the CoStar services and products offered via the Site. **They constitute a legal contract between you and CoStar, and by accessing or using any part of the Site you represent and warrant that you have the right, power and authority to agree to and be bound by these Terms of Use.** If you do not agree to the Terms of Use, or if you do not have the right, power, and authority to agree to and be bound by these Terms of Use, you may not use the Site. (emphasis added).

21. In addition, the Terms of Use specifically note that "[p]ortions of the [website] are available only to individuals or entities who purchase a subscription ('Subscribers') and who, as specified in these Terms of Use and/or in the associated written license agreement between the Subscriber and CoStar that authorizes use of the information or product(s) (the 'License Agreement'), are Authorized Users (as defined below) under such a subscription."

22. Under the header "Prohibited Uses," the Terms of Use provide that "you shall not ... [a]ccess any portion of the [databases] unless you are an Authorized User for such [databases] using the Passcodes assigned to you by CoStar to access the components and services of the [databases] that your subscription authorizes you to access, subject to the terms contained therein and in these Terms of Use."

23. The Terms of Use also state that "[u]pon your breach of any term of these Terms of Use or the License Agreement, CoStar's remedies shall include any monetary benefits that accrued to you as a result of the breach, any damages incurred by CoStar related to your breach and any other damages

and relief available at law or in equity." The terms of use further provide that "CoStar shall be entitled to recover all costs, including attorney's fees."

24. Finally, the Terms of Use provide that the user "irrevocably consent[s] to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use."

## EVENTS GIVING RISE TO THE LAWSUIT

25. ALLIANCE signed an 11-user License Agreement with CoStar in June 2002 for access to the CoStar COMPS® commercial real estate information databases and related software. ALLIANCE signed a new, 11-user License Agreement for access to the CoStar COMPS® in November 2004.

26. Under Sections 1, 2 and 12 of ALLIANCE's License Agreement with CoStar, ALLIANCE agreed, among other things: (a) not to provide third parties with access to or use of the CoStar database service, (b) not to sub-license or resell CoStar's information services to others, (c) not to share the ALLIANCE-specific IDs and passcodes assigned by CoStar, and (d) not to store, copy or export any portion of the licensed CoStar database service into any database or other software program, except as explicitly permitted by the CoStar-Resource License Agreement or by express written consent of CoStar.

27. In violation of these provisions in ALLIANCE's License Agreement with CoStar, ALLIANCE provided its user names and passcodes directly or indirectly to one or more individuals at third-party firms, including GRESSETT, LAWSON, PATHFINDER and DOES, who used the user name and passcode improperly to access and use CoStar's commercial real estate information subscription services for their own commercial purposes without a valid license or any other

authorization from CoStar. As a result of ALLIANCE's breach of its License Agreement with CoStar, third parties were able to use CoStar's commercial real estate information services without paying the subscription and license fees that other firms pay for the service.

28. In violation of these provisions in ALLIANCE's License Agreement with CoStar, ALLIANCE provided a user name and passcode to GRESSETT, who then further distributed such user name and passcode to other individuals, including but not limited to GATEEL and other entities, including QVAL Property Advisors, Steve Bilicek, and Situs Companies, who then used the user name and passcode improperly to access and use CoStar's commercial real estate information subscription services for their own commercial purposes without a valid license or any other authorization from CoStar, and who paid GRESSETT for such access and use. As a result of GRESSETT's breach of its contract with CoStar, third parties were able to use CoStar's commercial real estate information services without paying the subscription and license fees that other firms pay for the service.

29. In violation of these provisions in ALLIANCE's License Agreement with CoStar, ALLIANCE provided the user names and passcodes assigned to it to LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES who used such user names and passcodes improperly to access and use CoStar's commercial real estate information subscription services for LAWSON's, GRESSETT's, GATEEL's, PATHFINDER's and DOES' commercial purposes without authorization from CoStar. As a result of ALLIANCE's breach of its License Agreement with CoStar, neither LAWSON, GRESSETT, GATEEL, PATHFINDER nor DOES acquired valid licenses from CoStar for the services they accessed.

30. By gaining unauthorized access to CoStar's products, LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES, were able to make unauthorized copies and displays of CoStar's

copyrighted databases and copyrighted photographs. By sharing its user names and passcodes with LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES, ALLIANCE was knowingly and materially contributing to that conduct. Absent ALLIANCE providing CoStar user names and passcodes to LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES, they would not have been able to gain such access and make such unauthorized copies and displays of CoStar's copyrighted works.

31. By gaining unauthorized access to CoStar's products from GRESSETT, GATEEL, QVAL Property Advisors, Steve Bilicek, and Situs Companies were able to make unauthorized copies and displays of CoStar's copyrighted databases and copyrighted photographs. By further sharing the user name and passcode it obtained from ALLIANCE, GRESSETT was knowingly and materially contributing to that conduct. Absent GRESSETT providing a CoStar user name and passcode to GATEEL, QVAL Property Advisors, Steve Bilicek, and Situs Companies, they would not have been able to gain such access and make such unauthorized copies and displays of CoStar's copyrighted works.

32. Upon information and belief, at least one Defendant, LAWSON, paid ALLIANCE a fee for its unauthorized access to a CoStar user name and passcode. The payment of fees to ALLIANCE further underscores the knowing illegality of Defendants' conduct. Plaintiff is further investigating whether one or more DOES paid ALLIANCE fees for their unauthorized access to a CoStar user name and passcode.

## COUNT I
## BREACH OF CONTRACT BY ALLIANCE

33.     CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 32 of the First Amended Complaint.

34.     The License Agreement between ALLIANCE and CoStar is a valid contract.

35.     ALLIANCE breached the License Agreement by providing, either directly or indirectly, CoStar user names and passcodes to LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES, who are not employees of ALLIANCE or independent contractors working out of ALLIANCE's office, who then accessed and used the CoStar database service without CoStar's authorization or consent.

36.     CoStar has been injured by ALLIANCE's breaches as described above.  Among other things, ALLIANCE's breach of contract has caused CoStar to lose the license fee revenue associated with granting licenses to LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES.  Some of CoStar's injury as a result of ALLIANCE's breaches resulted in damages to CoStar in an amount to be proven at trial.  CoStar will not have an adequate remedy at law for its entire injury, however, as some of its injury is irreparable.  Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT II
## BREACH OF CONTRACT BY LAWSON, GRESSETT, GATEEL, PATHFINDER AND DOES

37.     CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 36 of the First Amended Complaint.

38.     By accessing CoStar's Internet website, LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES agreed to be bound by the Terms of Use agreement of CoStar's website. CoStar's website Terms of Use agreement is a valid contract.

39.     LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES each breached the Terms of Use agreement by, *inter alia*, accessing and using the CoStar databases without authorization from CoStar.

40.     CoStar has been injured by LAWSON's, GRESSETT's, GATEEL's, PATHFINDER's and DOES' breaches as described above.  Among other things, LAWSON's, GRESSETT's, GATEEL's, PATHFINDER's and DOES' breach of contract has caused CoStar to lose the license fee revenue associated with granting licenses them licenses to CoStar products. Some of CoStar's injury as a result of ALLIANCE's breaches resulted in damages to CoStar in an amount to be proven at trial.  CoStar will not have an adequate remedy at law for its entire injury, however, as some of its injury is irreparable. Accordingly, CoStar is entitled to damages and injunctive relief.

### COUNT III
### FRAUD BY ALLIANCE AND GRESSETT

41.     CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 40 of the First Amended Complaint.

42.     As alleged above, on information and belief, ALLIANCE obtained its license to make authorized access to CoStar's database by fraud and deceit when it failed to identify the true purposes it intended to make of the authorized user identifications and passcodes it was provided pursuant to the License Agreement.  ALLIANCE made representations to CoStar and its employees and agents that it would limit its use of the licensed CoStar products to its employees or independent contractors working exclusively for ALLIANCE.

43.     GRESSETT accessed CoStar's database and products by fraud and deceit when he identified himself as an employee of or independent contractor working exclusively for ALLIANCE by using the user names and passcodes assigned to ALLIANCE by CoStar.  Had CoStar been aware that

GRESSETT was not an employee of or independent contractor working exclusively for ALLIANCE, CoStar would have denied such access.

44.     Defendants' fraudulent conduct, including their false denials of wrongdoing, has been improper, willful, wanton and/or in reckless disregard of CoStar's rights.  Defendants have been unjustly enriched as a result of their unauthorized access.  Defendants' conduct has harmed and will continue to harm CoStar.  As a result, CoStar has suffered and will continue to suffer losses and irreparable injury, in amounts not yet ascertained.  CoStar's remedy at law is not itself adequate to compensate it for injuries inflicted by Defendants.  Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT
## AND PROSPECTIVE BUSINESS RELATIONSHIP BY ALLIANCE

45.     CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 44 of the First Amended Complaint.

46.     ALLIANCE was at all pertinent times aware of CoStar's standard licensing terms, including its prohibition of the sharing of user names and passcodes.

47.     ALLIANCE intentionally, maliciously and unjustifiably interfered with CoStar's prospective business relationships with potential subscribers by providing one or more of the ALLIANCE user names and passcodes to LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES.

48.     ALLIANCE intentionally, maliciously and unjustifiably induced LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES to breach contracts with CoStar, namely the online Terms of Use at www.costar.com, by providing, either directly or indirectly, one or more ALLIANCE user names and passcodes to LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES.

49. CoStar has been damaged as a result of ALLIANCE's interference, which was improper, willful, wanton and/or in reckless disregard of CoStar's rights. Additionally, ALLIANCE has been unjustly enriched by their interference.

<u>**COUNT V**</u>
<u>**DIRECT COPYRIGHT INFRINGEMENT BY LAWSON,**</u>
<u>**GRESSETT, GATEEL, PATHFINDER AND DOES**</u>

50. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 49 of the First Amended Complaint.

51. CoStar owns valid copyrights in the compilations of data, information, and original content that form its databases of commercial real estate property information. CoStar has registered its copyrights in those compilations with the United States Copyright Office on a regular basis.

52. CoStar owns valid copyrights in millions of commercial real estate photographs taken by CoStar photographers. CoStar has registered the vast majority of those photographs with the United States Copyright Office on a quarterly basis.

53. By virtue of their unauthorized access to CoStar's products, LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES have infringed CoStar's copyrights in its database compilations, including by reproducing, distributing and/or displaying original and protectable expression covered by CoStar's compilation copyrights.

54. By virtue of their unauthorized access to CoStar's products, LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES have infringed CoStar's copyrights in its commercial real estate photographs, including by reproducing, distributing and/or displaying such photographs, in violation of 17 U.S.C. § 501 et seq. Upon information and belief, LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES have infringed CoStar's copyrights in at least 67 photographs. A list of these

photographs, as well as the copyright registration numbers corresponding to such photographs, are attached hereto as Exhibit A.

55.    LAWSON's, GRESSETT's, GATEEL's, PATHFINDER's and DOES' infringement of CoStar's copyrights was willful and with notice of CoStar's copyrights in its database compilations and its photographs.

56.    Because CoStar registered its copyrights in the database compilations and commercial real estate photographs infringed by LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES prior to their infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less than $750 and up to $150,000 per work, as well as the attorney's fees and costs of prosecuting this action, pursuant to 17 U.S.C. § 501 et seq.

57.    As a result of LAWSON's, GRESSETT's, GATEEL's, PATHFINDER's and DOES' infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

## COUNT VI
## CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT BY ALLIANCE AND GRESSETT

58.    CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 57 of the First Amended Complaint.

59.    As set forth in Paragraphs 50 through 57, LAWSON, GRESSETT, GATEEL, PATHFINDER, DOES, QVAL Property Advisors, Steve Bilicek, and Situs Companies have each infringed CoStar's copyrights.

60.    ALLIANCE, by virtue of the fact that it had possession of CoStar user names and passcodes, had access to CoStar products and CoStar's Internet website.  By providing such CoStar user

names and passcodes to LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES, ALLIANCE materially contributed to LAWSON's, GRESSETT's, GATEEL's, PATHFINDER's and DOES's infringement of CoStar's copyrights.

61.     ALLIANCE directly or indirectly provided such CoStar user names and passcodes with knowledge that LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES would use such user names and passcodes to access CoStar's Internet website and thus infringe CoStar's copyrights.

62.     As a result of ALLIANCE's conduct in facilitating and materially contributing to LAWSON's, GRESSETT's, GATEEL's, PATHFINDER's and DOES' infringement of CoStar's copyrights, ALLIANCE is liable for contributory copyright infringement.  ALLIANCE's contributory infringement was willful.

63.     By virtue of the fact that ALLIANCE had control over the user names and passcodes assigned by CoStar, ALLIANCE had the right and ability to control use of those user names and passcodes by LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES.

64.     Upon information and belief, at least LAWSON paid ALLIANCE for the use of the CoStar user names and passcodes assigned to ALLIANCE, and thus ALLIANCE has obtained a direct financial benefit from LAWSON's infringement of CoStar's copyrights.  CoStar is continuing to investigate whether the other Defendants, including GRESSETT, PATHFINDER and the DOES, also paid ALLIANCE for the use of the CoStar user names and passcodes

65.     As a result of ALLIANCE's conduct, ALLIANCE is liable for vicarious copyright infringement.  ALLIANCE's vicarious infringement was willful.

66.     Because CoStar registered its copyrights in the database compilations and commercial real estate photographs infringed by LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES

prior to their infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less than $750 and up to $150,000 per work, as well as the attorney's fees and costs of prosecuting this action, pursuant to 17 U.S.C. § 501 et seq. ALLIANCE is responsible for such statutory damages as a joint tortfeasor with LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES.

67.     As a result of ALLIANCE's infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

68.     GRESSETT, by virtue of the fact that it had possession of CoStar user names and passcodes, had access to CoStar products and CoStar's Internet website.  By providing such CoStar user names and passcodes to GATEEL, QVAL Property Advisors, Steve Bilicek, and Situs Companies, GRESSETT materially contributed to GATEEL's, QVAL Property Advisors', Steve Bilicek's, and Situs Companies' infringement of CoStar's copyrights.

69.     GRESSETT directly or indirectly provided such CoStar user names and passcodes with knowledge that GATEEL, QVAL Property Advisors, Steve Bilicek, and Situs Companies would use such user names and passcodes to access CoStar's Internet website and thus infringe CoStar's copyrights.

70.     As a result of GRESSETT's conduct in facilitating and materially contributing to GATEEL's, QVAL Property Advisors', Steve Bilicek's, and Situs Companies' infringement of CoStar's copyrights, GRESSETT is liable for contributory copyright infringement.  GRESSETT's contributory infringement was willful.

71.     By virtue of the fact that GRESSETT had control over the user names and passcodes assigned by CoStar to ALLIANCE, GRESSETT had the right and ability to control use of those user names and passcodes by GATEEL, QVAL Property Advisors, Steve Bilicek, and Situs Companies.

72.     Upon information and belief, at least GATEEL, QVAL Property Advisors, Steve Bilicek, and Situs Companies paid GRESSETT for the use of the CoStar user names and passcodes assigned to ALLIANCE and improperly obtained by GRESSETT, and thus GRESSETT has obtained a direct financial benefit from GATEEL's, QVAL Property Advisors', Steve Bilicek's, and Situs Companies' infringement of CoStar's copyrights.

73.     As a result of GRESSETT'S conduct, GRESSETT is liable for vicarious copyright infringement.  GRESSETT's vicarious infringement was willful.

74.     Because CoStar registered its copyrights in the database compilations and commercial real estate photographs infringed by GATEEL, QVAL Property Advisors, Steve Bilicek, and Situs Companies prior to their infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less than $750 and up to $150,000 per work, as well as the attorney's fees and costs of prosecuting this action, pursuant to 17 U.S.C. § 501 et seq.   GRESSETT is responsible for such statutory damages as a joint tortfeasor with GATEEL, QVAL Property Advisors, Steve Bilicek, and Situs Companies.

75.     As a result of GRESSETT's infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

## COUNT VII
## VIOLATION BY LAWSON, GRESSETT, GATEEL, PATHFINDER
## AND DOES OF § 18 U.S.C. 1030:  FRAUD AND RELATED ACTIVITY
## IN CONNECTION WITH COMPUTERS

76.     CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 75 of the First Amended Complaint.

77.     The computer system on which CoStar's databases reside is a computer used in interstate commerce or communication, and is thus a protected computer under 18 U.S.C. § 1030.

78.     When LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES accessed the passcode-protected portions of the CoStar Internet website, LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES intentionally accessed a protected computer without authorization.

79.     LAWSON's, GRESSETT's, GATEEL's, PATHFINDER's and DOES' unauthorized access of a protected computer has caused damage to CoStar that has amounted in an aggregated loss of over $5,000 during a one-year period.

80.     LAWSON's, GRESSETT's, GATEEL's, PATHFINDER's and DOES' conduct has harmed and will continue to harm CoStar.  As a result, CoStar has suffered and will continue to suffer losses, damages, and irreparable injury, in amounts not yet ascertained. CoStar's remedy at law is not itself adequate to compensate it for injuries inflicted by LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES.  Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT VIII
## CIVIL RICO VIOLATIONS BY ALLIANCE AND PATHFINDER

81.     CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 80 of the First Amended Complaint.

82.     Defendants' infringement of CoStar's copyright was willful and for the purpose of commercial advantage or private financial gain.  Furthermore, the total retail value of access to CoStar's copyrighted works, as well as the copies made therefrom, exceeds $1,000.

83.     Defendants' infringement of CoStar's copyrights was thus criminal copyright infringement under 17 U.S.C. § 506.  Such criminal copyright infringement is a predicate activity that supports a Civil RICO claim under 18 U.S.C. § 1961.

84.     Through their consistent interactions and dealings with each other, and because their relationship is in part based upon the willful and criminal infringement of CoStar's copyrights and other rights, Defendants are associated in fact and constitute an "enterprise" for the purposes of 18 U.S.C. § 1961(4).

85.     Defendants have engaged in conduct that forms a pattern of racketeering activity for the purposes of 18 U.S.C. § 1961, namely criminal copyright infringement, over the past four years, including by the aforementioned infringement of CoStar's copyrights.

86.     CoStar has been directly injured by Defendants' racketeering activity.

87.     ALLIANCE and PATHFINDER are thus liable under Civil RICO for the injury they have caused CoStar.

## PRAYER FOR RELIEF

 **WHEREFORE,** CoStar asks that this Court:

(1)     Enter a judgment against ALLIANCE that it has breached its contract with CoStar;

(2)     Enter a judgment against LAWSON, GRESSETT, GATEEL, PATHFINDER and DOES that they have breached their contracts with CoStar;

(2)     Grant a preliminary and permanent injunction (a) restraining and enjoining Defendants and any of their principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, from (i) making any unauthorized access to or use of any CoStar database service, (ii) interfering with CoStar's current or prospective contracts pertaining to use and access of any CoStar's database, and (iii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ii) above; and (b) ordering Defendants and any of their principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, to permanently delete and destroy all portions of any CoStar database service within their possession, and within ten (10) days provide CoStar with a signed affidavit certifying completion of such deletion/destruction;

(3)     Enter judgment against Defendants and in favor of CoStar for disgorgement of any amounts by which they was unjustly enriched;

(4)     Enter judgment against Defendants and in favor of CoStar for compensatory damages;

(5)     Enter judgment against Defendants and in favor of CoStar for punitive damages;

(6)     For an award of statutory damages of $10,050,000 as a result of Defendants' willful infringement of CoStar's copyrights.

(7)     For an award of treble damages pursuant to 18 U.S.C. § 1961 and other applicable laws.

(8)     For an award of the costs of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505, 18 U.S.C. § 1961, and other applicable laws.

(6)     Enter judgment against Defendants and in favor of CoStar for prejudgment interest, costs and attorneys' fees; and

(7)     Grant CoStar such other and further relief as is just.

Dated:  November 2, 2009                    Respectfully submitted,


_____/s/_____
Shari Ross Lahlou, Bar. No. 16570
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116

Attorneys for Plaintiffs CoSTAR REALTY
INFORMATION, INC., a Delaware Corporation,
and CoSTAR GROUP, INC., a Delaware
Corporation

## CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document, with attachments, was served upon the attorneys of record for the following parties by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on November 2, 2009:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

*Attorneys for Defendant Russ A. Gressett*

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Telephone: 410.573.9959
Facsimile: 410.573.9956
wpierce@adventurelaw.com

*Attorney     for     Defendant     Pathfinder Mortgage Company*

**I FURTHER CERTIFY** that on November 2, 2009, a true copy of the foregoing was sent by electronic mail to the attorneys listed above and by electronic mail and U.S. mail to:

Mark Field
Alliance Valuation Group
638 Camino De Los Maries, Suite H130A
San Clemente, CA 92673
mark.field@cox.net

and

Lawson Valuation Group, Inc.
8895 N. Military Trail, Suite 304E
Palm Beach Gardens, FL 33410-6263
lawsonmai@aol.com

Dated:  November 2, 2009

Respectfully submitted,

_____/s/_____
William Sauers Bar. No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email  wsauers@crowell.com
*Attorneys for Plaintiffs*
*CoStar Realty Information, Inc.,*
*and CoStar Group, Inc.*