**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

| | |
|---|---|
| **JILLYN K. SCHULZE**<br>**UNITED STATES MAGISTRATE JUDGE** | **6500 CHERRYWOOD LANE**<br>**SUITE 335A**<br>**GREENBELT, MARYLAND 20770**<br>**(301) 344-0630**<br>Fax:  (301) 344-0629 |

| | |
|---|---|
| Sherri Ross Lahlou, Esquire | R. Wayne Pierce, Esquire |
| Sanya Sarich Kerksiek, Esquire | 133 Defense Hwy Suite 106 |
| William J. Sauers, Esquire | Annapolis MD  21401-7015 |
| 1001 Pennsylvania Ave NW | |
| Washington DC  20004 | Mary Olga-Lovett, Esquire |
| | Pamela Ferguson, Esquire |
| Simeon Brier, Esquire | 1000 Louisiana St Suite 1800 |
| Gary A. Woodfield, Esquire | Houston TX  77002 |
| One N Clementis St Suite 500 | |
| West Palm Beach FL  33401 | |

   Re: *CoStar Realty Information, Inc. and CoStar Group, Inc. v. Mark Field*
      *d/b/a Alliance Valuation Group, et al.*
      Civil No.   AW 08-663

Dear Counsel:

  Pursuant to the referral of this case to me for resolution of discovery disputes, I have reviewed Plaintiff's motion to compel, Dkt. No. 70.  The motion alleges that Pathfinder failed to properly prepare its Rule 30 (b) (6) witness, who was deposed on August 17, 2009.  Specifically, the motion cites to Pathfinder's failure to contact its past president, Mr. Christensen, and to adequately inspect stored paper and electronic materials in order to prepare the deponent.  No hearing is deemed necessary.  For the reasons that follow, the motion is denied both as untimely and for lack of merit.

  On April 16, 2009, the court issued a scheduling order creating a discovery deadline of August 31, 2009.  Dkt. No. 55.  Plaintiff received Pathfinder's responses to its request for production of documents on July 27, 2009.  Despite believing that Pathfinder's document production was insufficient, Plaintiff neither sought to compel production nor accepted Pathfinder's offer to provide the materials for inspection.   *See* Local Rule 104.8.a.; Dkt. No. 70, Ex. 3 at 2, 5.  Rather, Plaintiff chose to proceed with a Rule 30 (b)(6) deposition on several topics which it now admits were identical to the document requests.  Not surprisingly, the deposition proved unsatisfactory, but Plaintiff did nothing for five weeks, including more than three weeks after the discovery deadline expired, and filed this motion on September 24, 2009.[1]

  Rule 16 (b) requires the court to set a discovery deadline and provides that the deadline may be modified only for good cause and with the judge's consent.  Discovery delays affect not only the parties; they also contribute to disrespect for the judicial process and clog the court's dockets.  Adherence to discovery deadlines is critical to the court's management of its caseload

---

[1] Plaintiff's Local Rule 104.7 certification indicates that after the deposition it did not confer with Pathfinder's counsel until September 21, 2009.

Counsel
*CoStar Realty Information, Inc. and CoStar Group, Inc. v. Mark Field
  d/b/a Alliance Valuation Group, et al.*
Civil No.   AW 08-663
November 10, 2009
Page 2



and to restoring confidence and integrity in court proceedings.  *See Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (D. Md. 1999);  *Gestetner Corp. v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D. Me. 1985) (a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril"); *see also Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95 (D. D.C. 2005).

   Plaintiff presents no cause for waiting until after the discovery deadline passed to file this motion.  Instead, Plaintiff argues that the motion is timely because it was not filed "outside of any filing deadline," attempting to distinguish the discovery deadline from the time during which the court should "compel Pathfinder to fulfill its discovery duties." Dkt. No. 81 at 2.  This argument ignores the plain language of the Rule 16 (b) requirement that the scheduling order "limit the time to … *complete* discovery." (Emphasis supplied).  A party who is aware of a discovery deficiency cannot simply sit back and allow the deadline to expire before taking action.  And a party who shows no cause for doing so is not entitled to relief.

   In addition to the failure to timely address the issues it now seeks to raise, Plaintiff fails to specify any substantive complaints to a degree that would enable the court to determine that they have merit.  Plaintiff is specific with regard to the preparation it thinks should have occurred: Pathfinder should have contacted its former president "for responsive information;" "a single investigation" and "discussion of a handful of topics with a Pathfinder board member," were inadequate; Pathfinder searched only six of forty boxes and had "reason to believe that electronically-generated information related to [two deposition topics]."  None of this addresses any specific deficiency in the testimony or suggests how the deponent's performance would have been improved.

   Opposing the motion, Pathfinder notes that it twice advised Plaintiff that the deposition topics lacked sufficient particularity to enable proper preparation but never received any supplemental requests.  *See* Dkt. No. 76 at Ex. 1, §§ 9, 10; Ex. 9.  In addition, Pathfinder is out of business and has no employees to conduct the document inspection Plaintiff seeks to require.  As previously noted, Pathfinder offered to make its stored documents available for Plaintiff's inspection.  Pathfinder also notes that Plaintiff could have deposed Mr. Christensen if it thought that he had relevant information.

   In reply, Plaintiff says it was not obligated to respond to the specificity request but does not dispute its merit.  Plaintiff dismisses the document inspection offer and the suggestion that Mr. Christensen could have been deposed as attempts to shift Pathfinder's burden to Plaintiff.  However, making documents available for inspection is an acceptable means of responding to a document request, and Plaintiff's claim that Pathfinder should have contacted Mr. Christensen "for responsive information" offers no insight into why such contact would be superior to Plaintiff's contacting Mr. Christensen.  The court can shift discovery burdens as appropriate in a particular case, Rule 26 (b) (2) (C), and Plaintiff offers no argument that its relative burden

Case 8:08-cv-00663-AW   Document 86   Filed 11/10/09   Page 3 of 3

Counsel
*CoStar Realty Information, Inc. and CoStar Group, Inc. v. Mark Field*
 *d/b/a Alliance Valuation Group, et al.*
Civil No.   AW 08-663
November 10, 2009
Page 3

would not be outweighed by Pathfinder's lack of personnel to conduct the type of extensive investigation that Plaintiff seeks to require.

In sum, the motion to compel is denied as untimely and alternatively as lacking in merit. In light of the denial of the motion to compel, the motion to strike, Dkt. No. 76, is denied as moot.  Plaintiff's motion to seal, Dkt. No. 71, is denied without prejudice to the right to file a properly supported motion to seal.  *See*  Local Rule 105.11.

This letter is an order of the court and shall be so docketed.

Sincerely,

/S/

Jillyn K. Schulze
United States Magistrate Judge