IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al*. <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW |

**PLAINTIFFS' OPPOSITION TO GRESSETT'S MOTION FOR SURREPLY**

Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar") hereby submit their Opposition to Defendant Russell Gressett's ("Gressett") Motion for Leave to File Surreply (D.E. 97).

Faced with two briefs from CoStar demonstrating that Gressett is liable as a matter of law for contributory copyright infringement, vicarious copyright infringement, and breach of contract, Gressett now wants another bite at the apple to present new argument (but not new evidence) on the issues before the Court. However, the Court's local rules do not permit such surreplies absent a Court order, and Gressett provides no compelling basis for granting its Motion. Accordingly, Gressett's motion should be denied.

**ARGUMENT**

Local Rule 105.2.a states that "Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Gressett, however, provides the Court with no good cause as to why it should be permitted to file a surreply brief. Gressett's motion is premised on

the position that CoStar's Reply in support of its summary judgment motion (D.E. 93) contains "objections to Gressett's summary judgment evidence and new arguments and case precedent cited in opposition to Gressett's response to CoStar's Motion." *See* Gressett's Motion to file Surreply (D.E. 97) at 2. In other words, because CoStar filed a *reply* to Gressett's opposition, Gressett is now requesting a *surreply* to CoStar's brief – no other justification is presented. Gressett simply wants the last word. That cannot constitute good cause.

Moreover, the substance of Gressett's proposed surreply warrants rejection of Gressett's motion. Gressett repeatedly makes reference to the problem raised by CoStar in its reply brief that Gressett's defense is based entirely on a double hearsay statement from Gressett reporting what someone at Alliance Valuation Group ("Alliance") had told Gressett that an unnamed CoStar representative had told Alliance. Gressett seeks to file a surreply defending that double hearsay statement when, in fact, it had every opportunity to defend what he and his counsel must have recognized as inadmissible double hearsay in the first instance.

*First*, Gressett mistakenly contends that double hearsay testimony Gressett offers "are an admission by a party opponent." If Gressett were citing the out-of-court statement of a CoStar employee, that might be a plausible (but ultimately meritless) argument.[1] However, Gressett's evidence is *double* hearsay (hearsay within hearsay), meaning that the alleged hearsay of the unnamed, unknown CoStar representative was one step removed from the hearsay Gressett presented, namely, the statement of an Alliance employee to Gressett. As such, each part of the combined hearsay statement must conform to an exception to the hearsay rule. *See* Fed. R.

---

[1] As noted in CoStar's prior briefs, CoStar's licensing agreement and online terms of use both contain integration clauses that effectively bar the use of parole evidence and preclude the existence of separate unsigned agreements.

Evid. 805. Gressett does not – and cannot – offer a justification of the self-serving hearsay statement of the Alliance representative to Gressett.

*Second*, Gressett contends, in a new argument in its proposed surreply, that because CoStar representatives would theoretically "admit" to Gressett's alleged authorization *at a trial*, the admittedly inadmissible hearsay evidence should be allowed. *See* Gressett Motion to File Surreply (D.E. 97) at 3-4. That argument is flawed in multiple ways: (1) CoStar has already submitted evidence that it has never and would never provided a license that allowed a customer to engage in unlimited sub-licensing to other potential customers (*see* CoStar Reply Brief (D.E. 93) at 12 (citing Williams Reply Decl. (D.E. 93-1) at ¶ 3)), and therefore, there is no possibility that a CoStar representative would admit to authorizing Alliance or Gressett to re-sell CoStar's products in competition with CoStar; (2) it is well established that a mere desire to cross-examine a witness at trial is an insufficient basis for defeating a summary judgment motion. *See*, *e.g.*, *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Argonaut Ins. Co.*, 701 F.2d 95, 96-97 (9th Cir. 1983); *Walpert v. Bart*, 280 F. Supp. 1006, 1013 (D. Md. 1967), *aff'd per curiam*, 390 F.2d 877 (4th Cir. 1968); and (3) Gressett's double hearsay testimony does not contain any basis for the Court to even identify who the alleged CoStar representatives making such admissions were, and therefore there is no grounds for Gressett to assert that it will be able to call the right CoStar representative as a witness at trial.[2]

*Third*, Gressett's proposed surreply to CoStar's reply in support of its motion for summary judgment on its copyright infringement claims simply replaces arguments that CoStar showed to be obviously invalid (for example, equating Gressett to Google) and replaces them

---

[2] In other words, Gressett's hopes for defeating CoStar's motion rely entirely on a Hollywood-esque scene in which an unknown witness miraculously stumbles into the courtroom during trial and admits that, yes, Gressett was right all along. That is material for a Perry Mason episode, not a brief in opposition to a well founded summary judgment motion.

with new ones that Gressett, through a surreply, hopes that CoStar will not be able to respond. Gressett now – after comparing himself to Google in his opposition brief – has the temerity to equating himself to the VCR, citing *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984). *See* Gressett Motion to file Sur-Reply (D.E. 97) at 7-8. However, as even a cursory reading of *Sony* reveals, Sony was selling a piece of technology – the ill-fated Betamax – a "staple article of commerce" that was capable of substantial non-infringing use. *See Sony*, 464 U.S. at 442-43. The Supreme Court held that liability for contributory infringement could not be established based solely on the one-time *sale* of such technology, even though it could be used for infringing purposes. *See id*. at 442. Gressett, by contrast, was not simply selling a piece of equipment and releasing it to the stream of commerce – he was actually and continually providing CoStar passcodes to non-subscribers to CoStar.[3] There was no substantial non-infringing use of CoStar's services; indeed, as CoStar pointed out in its reply brief, every page of the CoStar website to which Gressett so often provided others access is protected by copyright and contains a copyright notice. *See* CoStar Reply Brief (D.E. 93) at 8.

*Fourth*, Gressett's proposed surreply to CoStar's Motion for Leave appears to admit that Gressett was aware at all times that CoStar was suing him for his blatantly illegal resale of CoStar's products to QVAL and others. On this basis, and those set forth in CoStar's original Motion and Reply brief, Gressett will not be prejudiced, as a matter of law, by CoStar's amendment. And, in any case, no cause has been shown to allow Gressett to file a surreply in response to CoStar's Motion for Leave.

---

[3] Notably, as CoStar pointed out in its initial summary judgment motion, Gressett's claim that he was somehow permitted to share or sell his username and password is further contradicted by the warning he received in the e-mail forwarding his username and password that "No Authorized User may share their assigned passcodes with any other person, nor allow any other person to have access to their passcodes." CoStar's Opening Summary Judgment Brief (D.E. 85-2) (citing Williams Decl. Ex. C (D.E. 85-16) at 2).

## **CONCLUSION**

For the aforementioned reasons, Gressett's Motion for Leave to File a Surreply should be denied in its entirety. CoStar hereby requests its attorney's fees and costs in responding to Gressett's Motion.

Dated: January 7, 2010                                              Respectfully submitted,

                                                                                       /s/                                      
                                                                    Shari Ross Lahlou, Bar. No. 16570
                                                                    William J. Sauers, Bar. No. 17355
                                                                    Sanya Sarich Kerksiek, Bar No. 17636
                                                                    Crowell & Moring LLP
                                                                    1001 Pennsylvania Avenue, N.W.
                                                                    Washington, D.C. 20004
                                                                    Telephone (202) 624-2500
                                                                    Facsimile (202) 628-5116
                                                                    Email   slahlou@crowell.com
                                                                                wsauers@crowell.com
                                                                                skerksiek@crowell.com

                                                                    *Attorneys for Plaintiffs CoStar Realty*
                                                                    *Information, Inc, and CoStar Group, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record for the following parties by electronic mail, U.S. First Class Mail, and by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on January 7, 2010:

| | |
|---|---|
| Mary-Olga Lovett<br>Pamela Ferguson<br>Greenberg Traurig<br>1000 Louisiana Street, Suite 1800<br>Houston, TX 77002<br>Telephone: 713.374.3500<br>Facsimile: 713.374.3505<br>lovettm@gtlaw.com<br>fergusonp@gtlaw.com<br><br>*Attorneys for Defendant Russ A. Gressett* | R. Wayne Pierce<br>The Pierce Law Firm, LLC<br>133 Defense Highway, Suite 106<br>Annapolis, MD 21401-7015<br>Telephone: 410.573.9959<br>Facsimile: 410.573.9956<br>wpierce@adventurelaw.com<br><br>*Attorney for Defendant Pathfinder Mortgage Company* |

      **I FURTHER CERTIFY** that on January 7, 2010, a true copy of the foregoing was sent by electronic mail and Federal Express to the attorneys listed above and to:

| | |
|---|---|
| Mark Field<br>Alliance Valuation Group<br>638 Camino De Los Maries, Suite H130A<br>San Clemente, CA 92673<br>mark.field@cox.net | Lawson Valuation Group, Inc.<br>8895 N. Military Trail, Suite 304E<br>Palm Beach Gardens, FL 33410-6263<br>lawsonmai@aol.com<br><br>Robert C. Furr<br>2255 Glades Road Ste 337W<br>Boca Raton, FL 33431<br>Telephone:  561-395-0500<br>E-mail:  trustee@furrcohen.com<br><br>*Trustee, Lawson Valuation Group, Bankruptcy Petition No. 09-25404, U.S. District Court for the Southern District of Florida* |

Dated:  January 7, 2010              Respectfully submitted,

                                     _____/s/_____
                                     William J. Sauers, Bar. No. 17355
                                     Crowell & Moring LLP
                                     1001 Pennsylvania Avenue, N.W.
                                     Washington, D.C. 20004
                                     Telephone (202) 624-2500
                                     Facsimile (202) 628-5116
                                     Email   wsauers@crowell.com

                                     *Attorneys for Plaintiffs CoStar Realty*
                                     *Information, Inc, and CoStar Group, Inc.*