IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al.* <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW |

**DEFENDANT PATHFINDER'S MOTION FOR COUNSEL FEES**

Pursuant to Fed. R. Civ. Proc. 37 and Local Rule 109.2, defendant Pathfinder Mortgage Co. submits this motion for reasonable counsel fees of $6,690 and costs of $64.28 based upon successfully opposing CoStar's unjustified motion to compel, and says:

**FACTS**

Plaintiff CoStar filed a motion to compel on September 24, 2009. Doc. No. 70. In its motion, CoStar sought to compel a further document production from Pathfinder, as well as a supplemental deposition of Pathfinder's corporate representative. Further, CoStar sought counsel fees as a sanction against both Pathfinder and its defense counsel. In addition, CoStar attached a copy of Pathfinder's corporate representative's deposition testimony in support of its motion. Because the deposition had been identified as confidential pursuant to the court's confidentiality order, Doc. No. 69, ¶ 2, CoStar filed the mandatory "interim sealing motion" to protect this particular confidential document. Doc. No. 71.

In an opposition filed on October 13, 2009, Pathfinder pointed out that:

- CoStar's motion to compel was a subterfuge for having "blown the deadline" for challenging the adequacy of Pathfinder's document responses.
- Pathfinder, having effectively ceased business operations and closed its office earlier this year, had properly exerted its nearly-non-existent ability to control witnesses or documents to respond to CoStar's discovery.

Doc. No. 77.  Concurrently, Pathfinder filed a motion to strike CoStar's motion to compel.  Pathfinder's motion to strike contended that:

- CoStar's dilatory motion to compel had willfully violated a scheduling order and was untimely.
- CoStar had failed to use good faith to attempt to resolve a discovery dispute.
- CoStar's motion lacked merit because it failed to identify the specific topics that it requested and how the deposition testimony was deficient.

Doc. No. 76.  For these reasons, Pathfinder contended that the motion to compel should be stricken as deficient, rather than merely denied.

In her ruling on November 10, 2009, Magistrate Judge Schulze agreed that CoStar's motion to compel was fatally late.  CoStar had failed to follow the plain language of Fed. R. Civ. Proc. 16 (b) that required CoStar to complete all discovery by the discovery cut off, and it had failed to show any plausible good cause why it was entitled to any relief.  Alternatively, Magistrate Judge Schulze also agreed that CoStar had failed to establish the deposition topics requested and how the testimony was deficient.  As such, CoStar's motion was both "untimely" and "lacking in merit."  Further, CoStar's motion to seal was "denied without prejudice to the right to file a properly supported motion to seal.  *See* Local Rule 105.11."  Doc. No. 86, at 3.

On November 16, 2009, Pathfinder advised CoStar that it intended to pursue counsel fees related to CoStar's failed motion to compel.  Although not required, Pathfinder's counsel invited CoStar's counsel to engage in a "meet and confer" process with the hope of resolving the issue without court intervention.  **Exhibit 1**, E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 16, 2009).  In response, CoStar demanded further information regarding the amount of Pathfinder's counsel fees.  **Exhibit 2**, E-Mail from CoStar's Counsel to Pathfinder's Counsel (Nov. 17, 2009).  CoStar's counsel then expanded this request to include "the hours worked, the individuals who conducted the work, and the nature of the work that was conducted."  This was for the stated purpose of allowing CoStar to address the recovery of "*reasonable* attorneys' fee[s]."  Further, CoStar conditioned its demand on receiving this information within 2 business days so it would know whether to file a motion for reconsideration on its motion to compel.  At no time did CoStar suggest that Pathfinder was not entitled to any fees.  **Exhibit 3**, Letter from CoStar's Counsel to Pathfinder's Counsel (Nov. 20, 2009).  Eager to resolve the dispute in good faith, Pathfinder supplied all requested billing information on November 23 and 24.  **Exhibit 4**, E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 23, 2009); **Exhibit 5**, E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 23, 2009); **Exhibit 6**, E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 24, 2009); **Exhibit 7**, E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 24, 2009).  In reply, CoStar *falsely* responded that Pathfinder's motion to strike was "denied," so no fees were recoverable on that motion.  Further CoStar took the position for the first time that its motion to compel was "substantially justified."  **Exhibit 8**, Letter from CoStar's Counsel to Pathfinder's Counsel (Nov. 24, 2009).   In light of CoStar's about-face, Pathfinder replied that there was no reason to continue good faith discussions to

resolve the issue "without burdening the Court." **Exhibit 9**, E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 25, 2009).

## ARGUMENT

### I. PATHFINDER IS LEGALLY ENTITLED TO AN AWARD OF COUNSEL FEES UNDER APPLICABLE RULES

The legal basis to recover counsel fees in this case is found in the rules of procedure. Whenever a motion to compel is denied,

> the court . . . **must**, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its **reasonable expenses** incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was **substantially justified** or other circumstances make an award of expenses unjust.

Fed. R. Civ. Proc. 37 (a) (5) (B) (emphasis added).[1] Thus, an award of counsel fees is mandatory unless the Court finds that CoStar's original motion to compel was "substantially justified" or that other circumstances make an award unjust. 8 Charles A. Miller & Arthur Miller, *Federal Practice and Procedure* §2288 ("The great operative principle of Rule 37 (a) (5) is that the loser pays.") Moreover, "the burden of persuasion is ... on the losing party to avoid assessment of expenses and fees." *Id.*

### A. CoStar's Motion to Compel Was Not "Substantially Justified"

A motion to compel discovery is substantially justified only if "reasonable men could genuinely differ on whether a party was bound to comply with a discovery rule." 8 Wright & Miller § 2288. Accord *Pierce v. Underwood,* 108 S. Ct. 2541, 2550 (1988) (government position in case not "substantially justified"; attorney's fees awarded to plaintiff under Equal

---

[1] This motion is timely filed. Local Rule 109.2.a ("any motion requesting the award of attorneys' fees must be filed within 14 days of the entry of judgment.")

Access to Justice Act). A review of CoStar's motion to compel and this Court's ruling demonstrates that CoStar cannot satisfy this standard.

The Court had no problem agreeing with Pathfinder that CoStar's motion to compel was fatally late. CoStar willfully flouted the plain language of Rule 16 (b) requiring that all discovery be completed by the discovery cutoff. Moreover, CoStar had not even bothered to argue that it had good cause as required when seeking an extension of time after a deadline has already passed.[2]

The Court also agreed with Pathfinder that CoStar had failed to identify the information requested and how the deposition was deficient in light of those requests. This is nothing more than common sense. The local rules make this requirement explicit when challenging written discovery responses. Local Rule 104.8. Without any effort at elaborating such purported deficiencies, CoStar chose the calculated gamble that obfuscation would shield it from its blatant efforts to file a belated motion to compel Pathfinder's further written discovery responses -- something that even CoStar admits was improper.

In sum, the record establishes that CoStar's motion to compel failed to raise an issue upon which "reasonable men could genuinely differ." Accordingly, CoStar cannot satisfy the "substantially justified" requirement of Fed. R. Civ. Proc. 37 (a) (5) (B).

**B. An Award of Counsel Fees Would Not Be Unjust**

The record also lacks facts suggesting that an award of fees against CoStar would be "unjust." In the face of CoStar's "scorched-earth" litigation, Pathfinder has shuttered its

---

[2] Although Rule 16 (b) requires "good cause" to modify a scheduling order, that rather-lenient standard is only applicable in the event of a timely motion to extend. Once the discovery cutoff had expired, CoStar was obligated to meet the far more-substantial "excusable-neglect" standard of Rule 6 (b) to be able to file its belated motion to compel. CoStar did not attempt to show "good cause," much less "excusable neglect."

doors and is teetering on the verge of bankruptcy. This has been anything but the "just, speedy, and inexpensive determination" to which Pathfinder is entitled. Fed. R. Civ. Proc. 1.

Indeed, it would be unjust not to award fees. CoStar has the burden of establishing any injustice, but it has not articulated any such theory.

## II. THE AMOUNT OF COUNSEL FEES AND EXPENSES IS REASONABLE

Local Rule 109.2.b contains a lengthy list of elements necessary to support the reasonableness of any motion for counsel fees.

### A. The Nature of the Case

This is an intellectual property dispute in which CoStar has sued numerous parties for literally tens of millions of dollars, counsel fees, equitable remedies, punitive damages, and the list goes on and on. Amended Complaint ¶ Prayer for Relief.

### B. The Claims As to Which Pathfinder Prevailed or Did Not Prevail

Within the context of this motion, it is somewhat misleading to refer to prevailing on "claims" because no claims have yet been resolved. Nevertheless, all of Pathfinder's claimed fees and expenses were reasonably related to claims on a motion upon which Pathfinder was completely successful.

CoStar has taken the position that Pathfinder was not successful on its motion to strike because it was "denied." In fact, the motion was "denied as moot." Nevertheless, Pathfinder's motion to strike was wholly successful. As a strategy, Pathfinder put its "untimeliness" and procedural-deficiency arguments in the motion to strike, and the Court agreed that the motion was untimely and that CoStar had failed to identify precisely what was requested and how the deposition was deficient. Moreover, contrary to CoStar's contention, just because Pathfinder's motion to strike was not decided does not mean *ipso*

*facto* that it was meritless or ineffectual.  **Exhibit 10,** Affidavit of Counsel ¶ 11.  Pathfinder's motion to strike did exactly what it was intended to do.

### C. A Detailed Description of the Work Performed and Time Expended

**1. Reasonable Time and Labor Expended.**  Defendant has submitted this affidavit of counsel and billing records fully detailing the time and effort expended.  The bills indicate the date on which any service was performed, the time expended on each such date, the nature of that service, and the identity of the person performing that service, as well as total time for the matter.  When possible, the subject matter for the time expended on tasks, and the time devoted to each task, are separately identified.  Pathfinder's response to CoStar's motion to compel was the picture of economy of effort.  All work was handled by lead counsel personally, so there were no duplicative efforts from multiple personnel.  Lead counsel undertook these efforts with diligence and efficiency so that the work product generated the greatest possible return for the minimum of necessary effort.  Exhibit 10, ¶ 9.

**2. Review of Billing Records.**  Lead counsel has personally reviewed all documents and billing records in this case and determined that:

- the billing descriptions fairly and accurately reflect the work performed and expenses incurred.

- the request on behalf of the defendant is a reasonable one.

- there are no hours or expenses which are duplicative, non-productive, non-legal, or clerical tasks.

- the time expended and expenses incurred in connection with this case were necessary, appropriate, and not excessive.

- billing judgment has been exercised. Counsel has excluded or reduced any excessive or duplicative time or expenses and eliminated work or expenses related to noncompensable issues or claims.

- Resources were utilized efficiently.

Exhibit 10, ¶ 10.

During counsel's review, he did notice one discrepancy. On October 9, 2009, counsel uncharacteristically "blocked billed" for the review of an unrelated document. Counsel has reviewed his contemporaneous time records and affirms that his review of the unrelated motion filed against co-defendant Field lasted 0.1 hours, the remaining 1.1 hours being spent on the instant motion to compel. Counsel has deducted the unrelated 0.1 hours from the total time for which reimbursement is sought. Exhibit 10, ¶ 10.

**3. Method to Calculate Counsel Fees.** This case is being handled on a fixed, hourly basis. Under the original engagement in 2008 with Pathfinder, counsel was to be and has been paid $300/hour plus expenses. Although that engagement calls for annual adjustments, counsel did not increase his billing rate for 2009. The billing rate of $300/hour is reflected in the attached invoice for the pertinent work. **Exhibit 11,** Invoice #10295. This bill contains detailed descriptions of the work counsel performed and the expenses incurred in connection with that work. The billing invoice was diligently compiled from contemporaneous time and expense records generated in the normal course of business by each of the responsible lawyers or paralegals who worked on this matter, and then entered into the firm's Timeslips billing system. Exhibit 10, ¶ 7.

**4. Method to Determine Expenses.** Expenses incurred in the course of this motion have totaled $64.28, and have included travel costs at the prevailing IRS rate, external

photocopy costs at actual cost, internal photocopy costs at the prevailing rate for taxable court costs, and long distance telephone charges at cost.  Exhibit 10, ¶ 8.

### D.  Defense Counsel's Customary Fee for Such like Work

Counsel for defendant has charged defendant an hourly rate of $300 per hour for his time.  A fee agreement between the lawyer and the client is often the best indicator of what is reasonable under the circumstances.  *Pharr v. Housing Authority,* 704 F.2d 1216, 1218 (11th Cir. 1983) (contract represents party's and counsel's notion of what constitutes a reasonable fee).  This rate is substantially below counsel's current rates.  Since 2006, lead counsel's regular hourly rates have been $300 - $360 per hour depending on the client and matter, and firm clients have retained counsel at that rate or had their rate raised in accordance with an engagement letter, which continues to provide for annual adjustments.  In this case, counsel has not raised the rate, even though he could have.  Exhibit 10, ¶ 13.

### E. The Customary Fee for like Work Prevailing in Defense Counsel's Community

Counsel's billing rate fairly reflects the prevailing rates for lawyers engaged in similar litigation, and these fees are similar to the prevailing fees in this community among comparable firms.  Counsel regularly canvasses fee awards in other cases, affidavits, and publications concerning rates charged by others in the Maryland area.  Counsel has learned from personal inquiries that these regular hourly rates are comparable to those of similarly-situated lawyers in the Maryland area.  This is further corroborated by such published sources as:

- GSA Schedule SIN 520-6 for "Professional Legal Services"

  http://www.gsaelibrary.gsa.gov/ElibMain/SinDetails;jsessionid=www.gsaelibrary.gsa.gov-

> 73ed6%3A4295e2e7%3Aff52aade5cff14?executeQuery=YES&scheduleNumber=520&flag=&filter=&specialItemNumber=520+6
>
> • The Daily Report for Washington, D.C. http://www.dailyreportonline.com/Editorial/SpecialSections/GoingRate07.asp
>
> • The Laffey Matrix  http://www.laffeymatrix.com/see.html
>
> • **Exhibit 16,** Altman Weil Survey (as of January 1, 2004, Maryland lawyers with more than 21 years of practice had a median billing rate of $330/hour, while those practicing intellectual property had a median of $430/hour).

Exhibit 10, ¶ 13.

### F.  Expenditures for Which Reimbursement Is Sought

**1. Lodestar Calculation.**  Defendant requests reimbursement for all time billed to it for opposing CoStar's motion to compel.  Defendant merely seeks full reimbursement for those actual charges incurred and owed by the defendant.  Defendant requests counsel fees and costs for the period September 21, 2009, through October 13, 2009, in the amount of $6,690 and expenses of $64.28.  Defendant Pathfinder's motion for counsel fees is based on the following lodestar calculation:

| Professional | Hourly Rate | Hours | Lodestar Amount |
|---|---|---|---|
| R. Wayne Pierce | $300 | 22.3 | $6,690 |
| **TOTAL** | | | **$6,690** |

Exhibit 10, ¶ 6.

**2. Method to Determine Expenses.**  Expenses incurred in the course of this motion have totaled $64.28, and have included travel costs at the prevailing IRS rate, external

photocopy costs at actual cost, internal photocopy costs at the prevailing rate for taxable court costs, and long distance telephone charges at cost.  Exhibit 10, ¶ 8.

### G.  Additional Factors Required by Case Law

**1.  Counsel's Educational and Professional Background.**  This is a brief sketch of counsel's biographical background:

| Year | Place | Notes |
|---|---|---|
| 1979 | Western Maryland College Westminster, Maryland | • *Summa Cum Laude* <br> • Argonauts Honor Society (now *Phi Beta Kappa*) |
| 1982 | University of Maryland Law School | • Executive editor for Maryland Law Review |
| 1983-1986 | U.S. Army JAG Corps | • Criminal prosecutor <br> • Defense counsel -- federal tort claims |
| 1986-2002 | Niles, Barton & Wilmer, LLP | • Trial defense counsel |
| 2002-2005 | Miles & Stockbridge, P.C. | • Trial defense counsel |
| 2005-Present | The Pierce Law Firm, LLC Annapolis, Maryland | • Niche practice serving the adventure industry nationwide |

Exhibit 10, ¶ 4.

**1.  Counsel's Professional Skills and Qualifications.**  Counsel was admitted to the Maryland Bar in 1982, and has been a member in good standing since that time.  Counsel is admitted to practice in the federal courts in Maryland (1987), as well as the federal court in the District of Columbia (1997) and the federal Fourth Circuit (1991).  Counsel has 27 years of legal experience during which he has

- tried more than 125 civil, criminal, and administrative trials in numerous courts throughout Maryland and across the country.

- served as lead counsel in numerous trials before this Court, including

   *Hankey v. Becker,* No. MJG-01-CV4193 (D.Md. 2003).

   *Breslin v. Jolly Roger,* No. WMN-98-1537 (D.Md. 1999).

> *McCartney v. Wild World Holding, Inc.*, No. PJM-92-2610, 1995 WL 797181 (D. Md. May 8, 1995) (Schulze, J.), *aff'd*, No. 95-2167, 1996 U.S. App. LEXIS 10329 (4th Cir. May 6, 1996)
>
> *Andrews v. Loc-On,* No. JFM 99-125 (D.Md. 1999).
>
> *Womack v. AdventureWorld,* No. 01-1947 (4th Cir. 2002).

- served as lead counsel in a number of intellectual property cases, including a prior CoStar case, *CoStar Group, Inc. v. LoopNet, Inc.,* 106 F. Supp. 2d 780 (D.Md. 2000).

Exhibit 10, ¶ 5.

   **3. Novelty & Difficulty.** This case has been heavily contested and required significant legal skills to be able to properly present it. Exhibit 10, ¶ 12.

   **4. Time Demands Imposed by Client, Plaintiff, or Circumstances.** The litigation was actively pursued by plaintiff. Counsel for the defendant exhausted every reasonable opportunity to have the plaintiff voluntarily comply with its responsibilities in this case. Only when evident that a negotiated resolution was not possible did defendant proceed to oppose CoStar's motion to compel. Exhibit 10, ¶ 14.

   **5. Amount of Risk in Case.** This case involves significant litigation as well as non-litigation risk. Plaintiff has sued for literally tens of millions of dollars, counsel fees, equitable remedies, punitive damages, and so on. In addition to the litigation risk, defendant was concerned about possible adverse publicity, possible other claims, and possible counsel fees to the plaintiff. Defendant was also concerned about its reputation among the rest of the industry. Exhibit 10, ¶ 15.

Moreover, there is substantial risk to Pathfinder's counsel. Because Pathfinder has shut down its office, there is a real prospect that CoStar will drive Pathfinder into bankruptcy, just as CoStar has forced several other defendants to do in this very case.

**6. Result Obtained.** Counsel is pleased to say that Pathfinder was completely successful opposing CoStar's motion, and CoStar did not even bother to ask for reconsideration (as it had threatened). Exhibit 10, ¶ 16.

**7. Awards In Similar Cases.** Counsel is aware that awards in cases of this type quite often are more sizeable than our requested amount and involve far greater billing rates. Exhibit 10, ¶ 17.

**H. Additional Factors for the Court's Attention**

**1. Uncertainty of Recovery.** Because of Pathfinder's potential bankruptcy, there is a real risk that Pathfinder's counsel will not be paid if this motion for counsel fees is denied.

**2. Pathfinder's Evidentiary Support.** Because of Pathfinder's potential bankruptcy, it cannot afford to support this motion with experts on litigation fees or to fight this case at great length. CoStar knows this, and is happy to wage a war of attrition.

**3. Pathfinder Is Entitled At Least to CoStar's Level of Counsel Fees.** Time spent by CoStar may be relevant to establishing that Pathfinder's efforts were reasonable or unreasonable. *See Miller v. Mackey Int'l, Inc.,* 70 F.R.D. 533, 537 (S.D. Fla. 1976). If CoStar wants to challenge the reasonableness of Pathfinder's fees, then let it introduce CoStar's own billing records for the efforts undertaken by its counsel for an obviously losing effort. At a minimum, Pathfinder should at least be entitled to an award equal to the losing efforts of CoStar.

4. **Pathfinder's Good Faith.**  As indicated, Pathfinder has reviewed and voluntarily withdrew any fees unrelated to CoStar's ill-fated motion.

5. **No Good Faith by CoStar.**  As noted by the Court, CoStar failed to show good faith when it filed its motion to compel, nor did it attempt to resolve the dispute by working it out with counsel.  Rather, it preferred to wield a hammer by threatening both Pathfinder and its counsel personally with counsel fees.  Neither Pathfinder nor its counsel could run the risk of losing and paying CoStar's exorbitant counsel fees.

6. **CoStar's Continuing Bad Faith Is Jeopardizing Pathfinder's Confidential Material.**  CoStar continues to use its own bad faith as a weapon against Pathfinder.  This case is governed by a standard confidentiality order prohibiting CoStar from "us[ing] or disclos[ing]" confidential information "for any purposes whatsoever other than preparing for and conducting the litigation ..." Doc. No. 69, ¶ 1 (c).  In compliance with this order, CoStar filed an "interim sealing motion," but it never secured the necessary protection.  Thus, CoStar asked on November 12, 2009, whether Pathfinder would agree to waive confidentiality in the deposition transcript for its corporate representative.  In the event that Pathfinder was not willing to do so, "then CoStar **intend[ed] to re-file the motion** to seal, which would indicate that the parties met and conferred, but that Pathfinder did not agree to lift the confidentiality designation." **Exhibit 12**, E-Mail from CoStar's Counsel to Pathfinder's Counsel (Nov. 12, 2009) (emphasis added).  Pathfinder's counsel initially replied that further time was needed for a proper response.  Exhibit 12.  This prompted CoStar to re-frame the issue and add a further pre-condition that CoStar "will ... wait to hear from you regarding whether Pathfinder would like CoStar to re-file its motion to seal." Exhibit 12.  On November 16, Pathfinder's counsel confirmed that it wanted the confidentiality of the deposition transcript maintained, and further pointed out that CoStar

could do so under Local Rule 105.11 merely by withdrawing the exhibit. **Exhibit 13**, E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 16, 2009).  In light of Pathfinder's response, CoStar's articulated position up to that moment was that it would then unconditionally re-file its motion to seal, which was mandated by the court's original confidentiality order.  On November 17, CoStar declined to withdraw the confidential document.  It then re-framed the issue once more, this time demanding that Pathfinder "agree[ ] to the re-filing of the motion to seal."  In the event that Pathfinder objected to this (obviously necessary) protection, CoStar still "intend[ed] to re-file the motion [to seal]" in all events. Exhibit 2.  In reply, Pathfinder's counsel indicated that he did not understand why further consent was necessary from Pathfinder, given that the confidentiality order compelled CoStar to re-file its motion to seal or withdraw the exhibit.  Exhibit 2.  This prompted CoStar's counsel to reply that it again wanted to know whether Pathfinder still wanted the deposition transcript to be confidential (a fact already established by virtue of Exhibit 13), and reiterated that CoStar still "plan[ned] to re-file the motion to seal."  **Exhibit 14**, Letter from CoStar's Counsel to Pathfinder's Counsel (Nov. 19, 2009).  On November 24, 2009, without any further communication, CoStar did an abrupt "about face": it chose to wash its hands of its responsibility to maintain confidentiality under this Court's confidentiality order in the (wrongful) belief that it was not required to take any further action. Exhibit 8.  On November 25, Pathfinder pointed out that CoStar was "abdicating [its] responsibilities under the original confidentiality order." Exhibit 9.  In a striking example of disingenuity, CoStar now declared that re-filing its motion to seal -- the very course of action that CoStar had endorsed for 2 weeks -- now had "no legal basis."  Even though it is CoStar who wants the confidential deposition transcript to be used for a non-confidential purpose (thereby triggering the confidentiality order), CoStar boldly contorted

the burden to maintain confidentiality as "incumbent on [Pathfinder] to take whatever actions [Pathfinder] feel[s] necessary to overturn the Judge's Order."  **Exhibit 15**, Letter from CoStar's Counsel to Pathfinder's Counsel (Nov. 27, 2009).

CoStar wants to have it both ways: it wants to use confidential information to maintain its record, a clearly prohibited use unless it further obtains the required order to seal.  Yet, CoStar is also unwilling to take the required steps to protect Pathfinder's confidentiality.  This is just the latest example of CoStar's bad faith and duplicity.  It evades its responsibility to comply with this court's confidentiality order by hoping that a near-bankrupt party will not object!

## CONCLUSION

For these reasons, Pathfinder prays for an award of counsel fees of $6,690 and related costs of $64.28.

*/s/ R. Wayne Pierce*
R. WAYNE PIERCE
Federal Bar No. 7999
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, Maryland 21401
Phone:  410-573-9959
Fax:  410-573-9956
Email:  wpierce@adventurelaw.com
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

A copy of the foregoing motion and proposed order were served through the court's electronic notification service on January 13, 2010:

Mary-Olga Lovett
Pamela Ferguson

Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
Email:  lovettm@gtlaw.com
           fergusonp@gtlaw.com
*Attorneys for Defendant Russ A. Gressett*

Shari Ross Lahlou, Bar. No. 16570
William Sauers Bar. No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email: slahlou@crowell.com
           wsauers@crowell.com
           skerksiek@crowell.com
*Attorneys for Plaintiffs CoStar Realty*
*Information, Inc., a Delaware Corporation,*
*and CoStar Group, Inc., a Delaware Corporation*

I further certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of

the above document and exhibits was served upon the following parties by U.S. mail on

January 13, 2010:

| | |
|---|---|
| Mark Field | Lawson Valuation Group, Inc. |
| Alliance Valuation Group | c/o Douglas Lawson |
| 638 Camino De Los Maries, Suite H130A | 8895 N. Military Trail, Suite 304E |
| San Clemente, CA 92673 | Palm Beach Gardens, FL  33410-6263 |
| | |
| *Pro se* defendant | *Pro se* defendant |

/s/ R. Wayne Pierce
R. Wayne Pierce, Esquire

**EXHIBIT LIST**

| | |
|---|---|
| Exhibit 1 | E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 16, 2009) |
| Exhibit 2 | E-Mail from CoStar's Counsel to Pathfinder's Counsel (Nov. 17, 2009) |
| Exhibit 3 | Letter from CoStar's Counsel to Pathfinder's Counsel (Nov. 20, 2009) |
| Exhibit 4 | E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 23, 2009) |
| Exhibit 5 | E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 23, 2009) |
| Exhibit 6 | E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 24, 2009) |
| Exhibit 7 | E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 24, 2009) |
| Exhibit 8 | Letter from CoStar's Counsel to Pathfinder's Counsel (Nov. 24, 2009) |
| Exhibit 9 | E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 25, 2009) |
| Exhibit 10 | Affidavit of R. Wayne Pierce |
| Exhibit 11 | Invoice #10295 (Nov. 7, 2009) |
| Exhibit 12 | E-Mail from CoStar's Counsel to Pathfinder's Counsel (Nov. 12, 2009) |
| Exhibit 13 | E-Mail from Pathfinder's Counsel to CoStar's Counsel (Nov. 16, 2009) |
| Exhibit 14 | Letter from CoStar's Counsel to Pathfinder's Counsel (Nov. 19, 2009) |
| Exhibit 15 | Letter from CoStar's Counsel to Pathfinder's Counsel (Nov. 27, 2009) |
| Exhibit 16 | Altman Weil Survey 2004 |