## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

|  |  |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al.* <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW |

### EXHIBIT 10 - AFFIDAVIT

I, R. Wayne Pierce, make the following affidavit under oath:

1. I am over the age of 18 years.

2. I am competent to testify and have personal knowledge regarding the facts contained herein.

3. **My Role and Knowledge.**  I am principal at The Pierce Law Firm, LLC, in Annapolis, Maryland.  I was engaged as Pathfinder's defense counsel for this dispute since April, 2008, and am very familiar with it.

4. **My Educational and Professional Background.**  This is a brief sketch of my biographical background:

| Year | Place | Notes |
|---|---|---|
| 1979 | Western Maryland College Westminster, Maryland | • *Summa Cum Laude* <br> • Argonauts Honor Society (now *Phi Beta Kappa*) |
| 1982 | University of Maryland Law School | • Executive editor for Maryland Law Review |

Dockets.Justia.com

| 1983-1986 | U.S. Army<br>JAG Corps | • Criminal prosecutor<br>• Defense counsel -- federal tort claims |
| 1986-2002 | Niles, Barton & Wilmer, LLP | • Trial defense counsel |
| 2002-2005 | Miles & Stockbridge, P.C. | • Trial defense counsel |
| 2005-Present | The Pierce Law Firm, LLC<br>Annapolis, Maryland | • Niche practice serving the adventure industry nationwide |

5. **My Professional Skills and Qualifications.**  I was admitted to the Maryland Bar

in 1982, and I have been a member in good standing since that time.  I am

admitted to practice in the federal courts in Maryland (1987), as well as the

federal court in the District of Columbia (1997) and the federal Fourth Circuit

(1991).  I have 27 years of legal experience during which I have

• tried more than 125 civil, criminal, and administrative trials in numerous

courts throughout Maryland and across the country.

• served as lead counsel in numerous trials before this Court, including

*Hankey v. Becker,* No. MJG-01-CV4193 (D.Md. 2003).

*Breslin v. Jolly Roger,* No. WMN-98-1537 (D.Md. 1999).

*McCartney v. Wild World Holding, Inc.*, No. PJM-92-2610, 1995 WL 797181
(D. Md. May 8, 1995) (Schulze, J.), *aff'd*, No. 95-2167, 1996 U.S. App.
LEXIS 10329 (4th Cir. May 6, 1996)

*Andrews v. Loc-On,* No. JFM 99-125 (D.Md. 1999).

*Womack v. AdventureWorld,* No. 01-1947 (4th Cir. 2002).

• served as lead counsel in a number of intellectual property cases, including

a prior CoStar case, *CoStar Group, Inc. v. LoopNet, Inc.,* 106 F. Supp. 2d 780

(D.Md. 2000).

6. **Lodestar Calculation.**  Defendant requests reimbursement for all time billed to it for opposing CoStar's motion to compel.  Defendant requests counsel fees and costs for the period September 21, 2009, through October 13, 2009, in the amount of $6,690 and expenses of $64.28.  Defendant Pathfinder's motion for counsel fees is based on the following lodestar calculation:

| Professional | Hourly Rate | Hours | Lodestar Amount |
|---|---|---|---|
| R. Wayne Pierce | $300 | 22.3 | $6,690 |
| **TOTAL** | | | **$6,690** |

7. **Method to Calculate Counsel Fees.**  This case was handled on a fixed, hourly basis.  Under my original engagement with Pathfinder, I am paid $300/hour plus expenses.  Although my engagement calls for annual adjustments, I did not increase my rate for 2009.  My billing rate of $300/hour is reflected in the attached invoice for the pertinent work.  **Exhibit 11,** Invoice #10295.  This bill contains detailed descriptions of the work I performed and the expenses I incurred in connection with that work.  The billing invoice was diligently compiled from contemporaneous time and expense records generated in the normal course of business by each of the responsible lawyers or paralegals who worked on this matter, and then entered into our Timeslips billing system.

8. **Method to Determine Expenses.**  Expenses incurred in the course of this motion have totaled $64.28, and have included travel costs at the prevailing IRS rate, external photocopy costs at actual cost, internal photocopy costs at the prevailing rate for taxable court costs, and long distance telephone charges at cost.

9. **Reasonable Time and Labor Expended.**  Defendant has submitted this affidavit of counsel and billing records fully detailing the time and effort expended.  The

bills indicate the date on which any service was performed, the time expended on each such date, the nature of that service, and the identity of the person performing that service, as well as total time for the matter.  When possible, the subject matter for the time expended on tasks, and the time devoted to each task, are separately identified.  Our response to CoStar's motion to compel was the picture of economy of effort.  All work was handled by me personally, so there were no duplicative efforts from multiple personnel.  I undertook these efforts with diligence and efficiency so that the work product generated the greatest possible return for the minimum of necessary effort.

10. **Review of Billing Records.**  I have personally reviewed all documents and billing records in this case and I am fully satisfied that:

- the billing descriptions fairly and accurately reflect the work performed and expenses incurred.

- the request on behalf of the defendant is a reasonable one.

- there are no hours or expenses which are duplicative, non-productive, non-legal, or clerical tasks.

- the time expended and expenses incurred in connection with this case were necessary, appropriate, and not excessive.

- billing judgment has been exercised.  I have excluded or reduced any excessive or duplicative time or expenses and eliminated work or expenses related to noncompensable issues or claims.

- Resources were utilized efficiently.

Defendant merely seeks full reimbursement for actual charges incurred and owed by the defendant. During my review, I did notice one discrepancy. On October 9, 2009, I uncharacteristically "blocked billed" for the review of an unrelated document. I have reviewed my contemporaneous time records and affirm that my review of the unrelated motion filed against co-defendant Field lasted 0.1 hours, the remaining 1.1 hours being spent on the instant motion to compel. I have deducted the unrelated 0.1 hours from the total time for which reimbursement is sought.

11. **Time On Unsuccessful Theories.** I believe that all charges were reasonably related to claims upon which we were completely successful. I am aware that CoStar has taken the position that we were not successful on our motion to strike because it was "denied." In fact, the motion was "denied as moot." Nevertheless, our motion to strike was wholly successful. As a strategy, we put our "untimeliness" and procedural deficiency arguments in the motion to strike, and the Court agreed that the motion was untimely and that CoStar had failed to identify precisely what was requested and how the deposition was deficient. Moreover, contrary to CoStar's contention, just because our motion to strike was not decided does not mean *ipso facto* that it was meritless or ineffectual.

12. **Novelty & Difficulty.** This case has been heavily contested and required significant legal skills to be able to properly present it.

13. **Basis for Hourly Rate.** Counsel for defendant has charged defendant an hourly rate of $300 per hour for his time. This is substantially below our firm's current rates. Since 2006, my regular hourly rate has been $300 - $360 per hour

depending on the client and matter and my clients have retained me at that rate or had their rate raised in accordance with my engagement letter, which continues to provide for annual adjustments.  In this case, I have not raised the rate, even though I could have.  Based upon my knowledge and experience, these rates fairly reflect the prevailing rates for lawyers engaged in similar litigation.  I am familiar with the rates charged by comparable firms in the Maryland area and believe that my fees are similar to the prevailing fees in this community.  I regularly canvas fee awards in other cases and affidavits and publications concerning rates charged by others in the Maryland area.  I have learned from personal inquiries that these regular hourly rates are comparable to those of similarly-situated lawyers in the Maryland area.  This is further corroborated by such published sources as:

- GSA Schedule SIN 520-6 for "Professional Legal Services"

  http://www.gsaelibrary.gsa.gov/ElibMain/SinDetails;jsessionid=www.gsaelibrary.gsa.gov-73ed6%3A4295e2e7%3Aff52aade5cff14?executeQuery=YES&scheduleNumber=520&flag=&filter=&specialItemNumber=520+6

- The Daily Report for Washington, D.C.

  http://www.dailyreportonline.com/Editorial/SpecialSections/GoingRate07.asp

- The Laffey Matrix  **http://www.laffeymatrix.com/see.html**

- **Exhibit 16,** Altman Weil Survey (as of January 1, 2004, Maryland lawyers with more than 21 years of practice had a median billing rate of $330/hour, while those practicing intellectual property had a median of $430/hour).

14. **Time Demands Imposed by Client, Plaintiff, or Circumstances.**  The litigation was actively pursued by plaintiff.  As counsel for the defendant, I exhausted every reasonable opportunity to have the plaintiff voluntarily comply with its responsibilities in this case.  Only when evident that a negotiated resolution was not possible did defendant proceed to oppose CoStar's motion to compel.

15. **Amount of Risk in Case.**  This case involves significant litigation as well as non-litigation risk.  Plaintiff has sued for literally tens of millions of dollars, counsel fees, equitable remedies, punitive damages, and so on.  In addition to the litigation risk, defendant was concerned about possible adverse publicity, possible other claims, and possible counsel fees to the plaintiff.  Defendant was also concerned about its reputation among the rest of the industry.

16. **Result Obtained.**  I am pleased to say that we were completely successful opposing CoStar's motion, and CoStar did not even bother to ask for reconsideration (as it had threatened).

17. **Awards In Similar Cases.**  I am aware that awards in cases of this type quite often are more sizeable than our requested amount.

I, R. Wayne Pierce, solemnly affirm under the penalties of perjury that the contents of the foregoing affidavit are true to the best of my knowledge, information, and belief.

R. WAYNE PIERCE

Dated  January 13, 2010