

1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116

Sanya Sarich Kerksiek
(202) 624-2862
skerksiek@crowell.com

November 19, 2009

**By E-mail and U.S. First Class Mail**

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Telephone: 410.573.9959
Facsimile: 410.573.9956
E-mail: wpierce@adventurelaw.com

Re:   *CoStar Realty Information, Inc. and CoStar Group, Inc. v. Mark Field d/b/a Alliance Valuation Group, et al.*, D. Md., Case No. AW-08-00663

Dear Wayne:

    This letter is in response to your November 18 e-mail. CoStar does not understand why Pathfinder will not consent to the re-filing of the motion to seal. It is Pathfinder -- not CoStar -- that believes the material is confidential. Thus, it is Pathfinder -- not CoStar -- that risks having this information revealed if the Court unseals CoStar's brief and the excerpts of the transcript of the deposition of Sam Wu.

    Your suggestion that we merely "remove the exhibit" is not appropriate in this case because the motion in question has already been decided. The Court reviewed arguments and exhibits that included Pathfinder's confidential information when deciding the motion. Simply removing the material now, after the Judge has decided the motion, will tamper with the record, thus making it incomplete, and lead to potential confusion should the need to address this issue arise again. Changing the record also risks compromising CoStar's rights in this matter.

# EXHIBIT 14

Crowell & Moring LLP ▪ www.crowell.com ▪ Washington, DC ▪ California ▪ New York ▪ London ▪ Brussels

R. Wayne Pierce
November 19, 2009
Page 2

    As I mentioned to you on the phone last week, the Judge did not explain her reasons for denying the motion. We have filed almost identical motions to seal in the District of Maryland that have been granted. Furthermore, it is not clear that the deposition testimony in question constitutes "confidential" information as defined by the protective order. We have therefore asked for Pathfinder's assent in order to provide assurance to the Judge that Pathfinder wishes that these materials remain confidential.

    We plan to re-file the motion to seal. CoStar simply wishes to obtain Pathfinder's consent to re-file the motion; in our motion, we will highlight that Pathfinder both designated the material as confidential, and re-affirmed this designation in our discussions on this matter, and thus has no reason to object to the motion. Please let us know at your earliest possible convenience whether Pathfinder consents to the filing of the motion or whether Pathfinder does not so consent. We are willing to wait until Tuesday to file; however, CoStar is not responsible in the event that the Court unseals the brief and the exhibit in the interim.

Sincerely,

Sanya Sarich Kerksiek

cc:    William J. Sauers