# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al.* <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW |

## DEFENDANT PATHFINDER'S MOTION FOR *IN CAMERA* REVIEW

Defendant Pathfinder Mortgage Co. moves for an *in camera* review of its unredacted billing invoices and says:

## FACTS

Defendant has already submitted copies of its legal invoices to substantiate its motion for counsel fees. Those documents contain redactions because certain information is confidential attorney-client communication and is thereby privileged, or is completely unrelated to the instant motion. If necessary, defendant is prepared to submit unredacted invoices for *in camera* review.

## ARGUMENT

Most of the information contained in billing invoices is not privileged and does not raise the attorney-client privilege. *Maxima Corp. v. 6933 Arlington Development Ltd. Partnership,* 100 Md. App. 441, 458, 641 A.2d 977 (1994). Nevertheless, some information in billing invoices is privileged, and redaction is therefore appropriate. "'[T]ime records

which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of the law, fall within the privilege.'" *Maxima,* 100 Md. App. at 457 (*quoting Clarke v. American Commerce Nat'l Bank,* 974 F.2d 127, 129 (9th Cir. 1992)).  Revealing this information would "hinder the parties' active litigation." *Maxima,* 100 Md. App. at 458.  When billing invoices contain confidential information, "an *in camera* inspection may be appropriate to inspect alleged confidential communications to determine whether the privilege applies." *Maxima,* 100 Md. App. at 457.  For this reason, defendant is specifically identifying that the detailed entries on its redacted billing invoices pose confidential communications and are therefore privileged.  Defendant is, accordingly, prepared to submit unredacted billing invoices provided that the Court deems it useful and that they are submitted under seal.

## CONCLUSION

For these reasons, defendant requests that the proposed order be entered.

Respectfully submitted,

*/s/ R. Wayne Pierce*
R. Wayne Pierce, Esquire
Federal Bar No. 7999
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, Maryland 21401-7015
Direct:  410-573-9959
Fax:     410-573-9956
E-mail:  wpierce@adventurelaw.com
**Attorney for Pathfinder Mortgage Co.**

## CERTIFICATE OF SERVICE

A copy of the foregoing motion and proposed order were served through the court's

electronic notification service on January 13, 2010:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
Email:  lovettm@gtlaw.com
        fergusonp@gtlaw.com
*Attorneys for Defendant Russ A. Gressett*

Shari Ross Lahlou, Bar. No. 16570
William Sauers Bar. No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email: slahlou@crowell.com
       wsauers@crowell.com
       skerksiek@crowell.com
*Attorneys for Plaintiffs CoStar Realty*
*Information, Inc., a Delaware Corporation,*
*and CoStar Group, Inc., a Delaware Corporation*

I further certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document and exhibits was served upon the following parties by U.S. mail on January 13, 2010:

| | |
|---|---|
| Mark Field<br>Alliance Valuation Group<br>638 Camino De Los Maries, Suite H130A<br>San Clemente, CA 92673 | Lawson Valuation Group, Inc.<br>c/o Douglas Lawson<br>8895 N. Military Trail, Suite 304E<br>Palm Beach Gardens, FL  33410-6263 |
| *Pro se* defendant | *Pro se* defendant |

_____
R. Wayne Pierce, Esquire