## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

COSTAR REALTY INFORMATION, INC.
and COSTAR GROUP, INC.,

     Plaintiffs,

v.

MARK FIELD D/B/A ALLIANCE
VALUATION GROUP, *et al.*

     Defendants.

Civil Action No. 8:08-CV-663-AW

**FILED UNDER SEAL**

Redacted Version

### COSTAR'S OPPOSITION TO DEFENDANT
### PATHFINDER'S MOTION FOR COUNSEL FEES

Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar"), through their counsel, hereby oppose the motion of Defendant Pathfinder Mortgage Co. ("Pathfinder") for Counsel Fees (D.E. 99).[1]

Pathfinder's motion should be denied under Federal Rule of Civil Procedure 37. Although Rule 37 allows for the recovery of fees by a party who has successfully opposed a motion to compel, the rule prohibits the payment of fees when "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Pathfinder's motion for fees should be denied both because CoStar's motion to compel was substantially justified and because an award of fees would be manifestly unjust.

---

[1] This brief is also in response to Pathfinder's motion for *in camera* review (D.E. 100). While CoStar believes that that motion should be denied as moot on the ground that no fees should be awarded at all, it does not object to the submission of the unredacted billing invoices for *in camera* review in the event the court believes such review is necessary.

Dockets.Justia.com

*First*, even though its motion to compel was ultimately denied as untimely, CoStar was substantially justified in believing that the motion was timely filed.   It was not until the deposition of Pathfinder's Rule (30)(b)(6) witness, which took place shortly before the close of discovery, that CoStar discovered just how dilatory Pathfinder had been in conducting its discovery investigation.   CoStar filed its motion within a reasonable time period after that deposition.[2]  CoStar's motion to compel was also substantially justified on the merits.   Pathfinder does not dispute – and in fact has freely admitted – that it failed to investigate several key sources of information and documents that would have allowed it to prepare to testify as to the properly noticed deposition topics.   In light of that failure, CoStar's motion was substantially justified under Federal Rule of Civil Procedure 30, which imposes an obligation on parties to adequately prepare a corporate witness.

*Second*, an award of fees in this case would be unjust.   Pathfinder should not be rewarded for its blatant disregard of its obligation under Rule 30 to adequately prepare a corporate witness or in light of the questionable positions it has taken in this case.   As summarized and set forth in detail below, Pathfinder's motion for fees should be denied.

## INTRODUCTION AND SUMMARY

Pathfinder and its counsel have demonstrated, through their motion for fees in response to CoStar's Motion to Compel, that they are not lacking in temerity.   When viewed in the context of the case as a whole, their demand for fees from CoStar is nothing short of astounding, given that CoStar set forth evidence in summary judgment papers that Pathfinder and its counsel submitted false evidence and attempted to hide behind a wall of non-disclosure.   Not only do the facts of

---

[2]  Indeed, courts in this district have considered motions to compel filed after the discovery deadline.  *See St. Augustine High Sch. v. Underwriters at Lloyd's of London*, 2010 U.S. Dist. LEXIS 4441 at *9-*10 (Nickerson, J.); *Randall v. Creative Hairdressers, Inc.*, Docket No. DKC-06-CV-2299, 2008 U.S. Dist. LEXIS 92008, *8 (D. Md. Nov. 6, 2008) (Chasanow, J.)

the case show that CoStar was substantially justified in making its motion to compel, but that an award of fees against CoStar would be unjust, and manifestly unjust at that.

CoStar's motion was substantially justified even though it was ultimately denied. CoStar moved to compel Pathfinder to produce documents and a new Rule 30(b)(6) witness after a Pathfinder's Rule 30(b)(6) witness demonstrated not only his lack of knowledge concerning the subject matter of the deposition topics, but also demonstrated, for the first time that Pathfinder had disregarded its obligations to respond to CoStar's discovery requests in good faith. While the Court denied CoStar's motion as untimely because it postdated the close of discovery, the record shows that the deposition that revealed Pathfinder's discovery deficiencies was taken shortly before the end of discovery. CoStar did not receive the original transcript of that deposition until three days before the close of the discovery period and it would have been difficult for CoStar to file a motion – much less have it decided – within the discovery period. Given the short time period to turn around a motion, CoStar submits that, while the Court ultimately felt it was untimely, it was substantially justified in filing its motion, especially where courts in this District have granted leave to reopen discovery for limited purposes when a Motion to Compel has merit. *See, e.g.*, *St. Augustine High Sch. v. Underwriters at Lloyd's of London*, No. WMN-08-CV-2518, 2010 U.S. Dist. LEXIS 4441, *9-*10. Indeed, in *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000), Judge Grimm stated that "while a failure to comply with the time requirements of Local Rule 104.8 might ordinarily prove fatal to a motion to compel responsive answers, an absolute rule requiring this result without first determining whether the opposing party would suffer any real prejudice if the motion is granted would be too harsh a construction of the local rule." Given the brief period between the deposition and the close of discovery and the fact that CoStar filed the motion to compel within three weeks of the

3

close of discovery, CoStar believes it had a substantial justification for believing that the Court would not rule its motion untimely or that CoStar had been dilatory in moving to compel.

CoStar also had substantial justification on the merits of its Motion to Compel. There is no dispute between the parties that Pathfinder had failed to conduct a search of all of the materials in its possession for responsive documents and thus did not educate its Rule 30(b)(6) designee about the documents in its possession. There was no dispute between the parties that the relationship between Pathfinder and defendant Alliance Valuation Group ("Alliance") – the core issue in the Rule 30(b)(6) deposition – was managed exclusively by Brad Christenson, a majority owner of Pathfinder, and that the Rule 30(b)(6) witness did not take any steps to inform himself of Christenson's knowledge.    Under these circumstances, CoStar's motion was substantially justified even if not ultimately meritorious.

Furthermore, an award of expenses against CoStar would be manifestly unjust under the circumstances. As CoStar's brief in opposition to Pathfinder's Motion for Summary Judgment demonstrated, Pathfinder has not only used its lack of disclosure as a sword (to claim a lack of evidence of infringement), but has attempted to submit testimonial evidence that is demonstrably disproven by electronic records. Pathfinder submitted as its key evidence a declaration from Mark Field – a party whom Pathfinder's counsel withdrew from representing and who has refused to appear for depositions or respond to discovery – that claimed that Pathfinder never accessed CoStar's service and that Field simply used CoStar on Pathfinder's behalf. Those assertions, however, were disproven by electronic records showing that Field was accessing his CoStar account from his location *at the same time* that Field's account was being accessed from Pathfinder's location. The records further showed that Brad Christensen previously had a CoStar account assigned to him under the rubric of Alliance Valuation (Field's company), and that after

the account terminated, the usage of Field's account emanated from the same electronic address associated with Christensen's account.   The only conclusion that can be drawn from this electronic evidence was that Christensen, the majority owner of Pathfinder, was using Field's account – including the password necessary to access that account.   Yet Pathfinder still submitted a declaration obtained from its counsel's former client claiming that no one at Pathfinder had access to his account.

Undoubtedly, had Pathfinder engaged in any reasonable effort to educate itself about the facts in responding to CoStar's discovery or in preparing its Rule 30(b)(6) designee, it would not have submitted such demonstrably erroneous evidence.   That Pathfinder would have the Court rely on such false evidence in the absence of conducting any reasonable efforts at discovery underscores the injustice of awarding fees to Pathfinder with respect to CoStar's motion.

Finally, CoStar notes that Pathfinder's submission of legal fees includes duplicative and unnecessary work, as well as fees related to unrelated matters.   Accordingly, even if the Court found that an award of fees is appropriate, that amount should be drastically reduced from the submission provided by Pathfinder.

## BACKGROUND FACTS

CoStar is the leading provider of commercial real estate information in the United States and the United Kingdom, with approximately 900 researchers collecting and maintaining data on over 3,000,000 properties and over 1,000,000 active commercial listings.   *See* D.E. 80-6, Exhibit 4 to CoStar's Opposition to Pathfinder's Motion for Summary Judgment, Declaration of Steven J. Williams ("Williams Decl.") at ¶ 3.   CoStar's products are offered over an interface that resides on CoStar's website, www.costar.com.   *See* D.E. 80-12, Declaration of Robert Lardizabal ("Lardizabal Decl.") at ¶ 2.   Authorized users of CoStar's products are required to

5

enter a user name and password to access those products, with each user required to either download a certificate restricting use of CoStar to a single computer or to enter a random number generated by a secure access device. *See id.* In the same portion of the website in which a user would input his or her user name and password, the words "Login/Use Subject to Terms" appear. *See* Williams Decl. at ¶ 10.   The word "Terms" is hyperlinked to a page containing CoStar's website Terms of Use. *See id.*

CoStar's database servers maintain detailed records of each user's access to CoStar's products. *See* Lardizabal Declaration at ¶ 3.  As a part of these records, CoStar logs the Internet address (IP address) of the user, the time and date of the user's access, the database the user accessed, as well as the number of pages the user visits and the identity of the property records retrieved from CoStar's database – designated by CoStar's property identification number. *See id.*

Pathfinder "is in the mortgage business providing various services to its real estate customers." *See* D.E. 75-4, Ex. 3 to Pathfinder's Motion for Summary Judgment at ¶ 4 (Declaration of Sam Wu).  Pathfinder is ███████████████████████████████ ████████████████ *See* D.E. 80-5, Ex. 3 to CoStar's Opposition to Pathfinder's Motion for Summary Judgment, Deposition of Sam Wu ("Wu Dep. Tr.") at 7-9. ████████████████ ██████████████████████ *See id.* at 8, 26. ███████████████████████ ██████ *See id.* at 33. ████████████████████████████████████████ ████████ *See id.* at 62. ███████████████████████████████████ ██████████*ee id.*

CoStar sales personnel contacted Pathfinder several times in an effort to sell CoStar's products and services to Pathfinder. *See* Williams Decl. ¶¶ 12-13.  Specifically, those contacts

included communications with Mr. Christensen, who expressed interest in the service. *See id.* However, Pathfinder balked at the price. *See id.* at ¶ 13.

CoStar's database records showed, however, that Pathfinder was already getting access to CoStar. Mr. Christensen had previously been identified by Alliance as an employee of Alliance and had been designated as early as October, 2002 as an "Authorized User" of CoStar's products under a license agreement between Alliance and CoStar. *See id.* at ¶ 14. When CoStar entered into a new license agreement with Alliance on or about November 18, 2004, *see* Pathfinder Motion for Summary Judgment Ex. 2, Christensen was specified as an Authorized User again, *see* Williams Decl. Ex. D. Among the other named users on the Alliance account were Mark Field (a co-defendant in this case) and Barbara Quannie. *See id.*

Beginning in February 2004, the Christensen account began to be accessed through two specific IP addresses: 64.60.14.210 and 64.60.231.251. *See* Williams Decl. at ¶ 17, Ex. F. The Christensen account was eventually terminated on December 12, 2005, when CoStar was told that Christensen was no longer affiliated with Alliance. *See id.* at ¶ 15, Ex. E. During the period from February 2004 through December 12, 2005, no other Alliance account was accessed using the IP addresses used to access the Christensen account. *See id.* at ¶ 18.

Having his own account terminated apparently did not stop Christensen from accessing CoStar. Beginning on December 19, 2005, the same two IP addresses, 64.60.14.210 and 64.60.231.251 began to appear as having accessed CoStar through the Field and Quannie user accounts. *See id.* at ¶ 19. From the period December 2005 through January 2008, approximately 60 logins to CoStar's products emanated from those IP addresses. *See id.* at ¶¶ 19-21.

Not surprisingly, as of early 2008, those IP addresses were assigned to Pathfinder, indicating that traffic associated with those IP addresses was emanating from Pathfinder's computers. *See* D.E. 80-13, Declaration of Curtis Ricketts ("Ricketts Decl.") at ¶ 4.

At least two of the logins from the Pathfinder IP addresses overlapped with logins from the IP address more frequently associated with Mark Field's own use. At 3:24 p.m. on July 10, 2006, an effort to access CoStar's product using Mark Field's user account from the 64.60.231.251 IP address was detected at the same time that account was being used from a separate IP address, indicating that someone at Pathfinder was attempting to access Field's account at the same time it was being accessed elsewhere. *See id.* at ¶ 22. A similar event occurred on March 7, 2007, when the same Pathfinder IP address attempted to access Field's account at the same time that account was being used from the principal IP address associated with Field's usage. *See id.* Similarly, on May 8, 2006, Barbara Quannie's CoStar account was accessed at 11:52 a.m. from one IP address, and then again at 11:53 a.m. from one of Pathfinder's IP addresses. *See id.* at ¶ 23.

## PROCEDURAL BACKGROUND

CoStar filed suit against Mark Field (doing business as Alliance) and a number of other defendants on March 13, 2008. *See* D.E. 1. On April 3, 2008, it amended its complaint to add Pathfinder as an additional defendant. *See* D.E. 6. Attorney R. Wayne Pierce answered CoStar's complaint on Field's behalf on April 21, 2008. D.E. 26. Eight days later, he answered CoStar's complaint on Pathfinder's behalf. D.E. 28.

The Court resolved two defendants' Motion to Dismiss on March 31, 2009. *See* D.E. 52. A scheduling order was entered on April 16, 2009, setting a discovery deadline of August 31, 2009. *See* D.E. 55.

CoStar issued written discovery requests to Field d/b/a Alliance and Pathfinder on June 18, 2009.  D.E. 73-3, 73-4 (Requests to Field), D.E. 76-3, 76-4 (Requests to Pathfinder) . Alliance's discovery responses were scheduled to be due on July 17, 2009.

Just over two weeks before Alliance's discovery responses would be due, R. Wayne Pierce file a motion to withdraw as counsel for Field on June 29, 2009.  *See* D.E. 58.  In an email announcing his withdrawal, Mr. Pierce stated that: (1) "I do not anticipate being able to obtain authority for Mr. Field's deposition"; (2) "I do not have the requisite control to accomplish any meaningful response to written discovery or deposition notices"; and (3) the self-serving statement that "I am also justified to urge all counsel to avoid incurring any further expense (especially if they intend to file a motion for sanctions against my firm) based on a reliance that Mr. Field will be responding to written discovery or deposition notices."  Exhibit 1.  Mr. Pierce continues to represent Pathfinder.

Pathfinder provided written responses to CoStar's discovery requests on July 27, 2009. *See* D.E. 70-7, D.E. 70-8.  These responses noted that Pathfinder's documents were in "long term storage" and thus could not be produced to CoStar at its counsel's offices.  *See id.*  CoStar noticed a Rule 30(b)(6) deposition for Pathfinder on August 17, 2009.  *See* D.E. 70-4 (Deposition Notice).  That notice contained 19 deposition topics, including:

- Communications between Pathfinder and . . . Alliance . . . referring or relating to CoStar (No. 9)

- Communications between Pathfinder and . . . Alliance . . . referring or relating to Alliance's subscription to CoStar's products or services (No. 10)

- Communications between Pathfinder and . . . Alliance . . . relating to this lawsuit (No. 11)

- Communications concerning allegations that Pathfinder improperly used CoStar's products and/or services, including all internal Pathfinder communications concerning those allegations (No. 12)

- Communications concerning CoStar (No. 13).

D.E. 70-4.

Pathfinder's counsel stated in an e-mail dated July 17, 2009 that it was "not possible for us to properly prepare a corporate representative." D.E. 76-10 (e-mail from R. Wayne Pierce to William Sauers). However, Pathfinder **never identified which deposition topics it objected to or which ones for which it would not be able to prepare a corporate representative.** In an e-mail discussing a Monday, August 10 meet and confer phone call, Mr. Pierce **fails to record any mention that he believes the deposition topics were inappropriate, despite the fact that he says that his email "covers everything that I have in my notes from our discussion."** D.E. 70-9 (email from R. Wayne Pierce to William Sauers). Despite his contemporaneous email, Mr. Pierce later provided a sworn contradictory declaration stating that, in fact, the parties had discussed the deposition topics during the Monday, August 10 telephone call. *See* D.E. 76-2 (Pierce Declaration at ¶¶ 9, 11).

The Rule 30(b)(6) deposition of Pathfinder went forward on August 17, 2009. Sam Wu, a board member of Pathfinder, was the corporate designee of Pathfinder. *See* D.E. 70-6 (Deposition of Sam Wu). The deficiencies of Mr. Wu's knowledge are set forth in detail in CoStar's Motion to Compel, including the facts that: 

, *see* D.E. 70-6 at 101-04; (

███████████████████████████ *see* D.E. 70-6 at 61-62, 79-80; and (3) that

██████████████████████████████████████████████████████

██████████████████████████, *see* D.E. 70-6 at 39-40, 57.

CoStar filed a Motion to Compel against Pathfinder on September 24, 2009, seeking a new Rule 30(b)(6) deposition of Pathfinder based on Pathfinder's failure to prepare its Rule 30(b)(6) designee for the noticed deposition topics. D.E. 70. Contemporaneous with CoStar's Motion to Compel, it filed a Motion for an Order to Show Cause against Field d/b/a Alliance for his failure to respond to any discovery requests or to appear at a properly noticed deposition. D.E. 73. CoStar's motion with respect to Field was granted by the Court on November 2, 2009. D.E. 83.

Four days after CoStar's filed its Motion to Compel, Pathfinder filed a Motion for Summary Judgment against CoStar on all of its claims. As the centerpiece of its motion, Pathfinder submitted a declaration from the long-lost Mark Field. *See* D.E. 75-2. Mr. Pierce, it seemed, having previously been unable to assert "requisite control to accomplish any meaningful response to written discovery or deposition notices" with respect to Field was able to procure a declaration from him in support of his other client's case. CoStar moved to strike this declaration as a part of its response to Pathfinder's motion. *See* D.E. 80.

Magistrate Judge Schulze denied CoStar's Motion to Compel on November 10, 2009. D.E. 86.

## ARGUMENT

Federal Rule of Civil Procedure 37 allows for the recovery of fees by a party that has successfully opposed a motion to compel, "but the court ***must not order this payment*** if the motion was substantially justified or other circumstances make an award of expenses unjust."

11

Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). A legal position is "substantially justified" if there is a "genuine dispute" as to proper resolution or if "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Decision Insights, Inc. v Sentia Group, Inc.*, 311 Fed. Appx. 586 (4th Cir. 2009) (citing *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2 (1988)). As set forth below, CoStar believes that not only was its motion substantially justified, but that an award of fees to Pathfinder would be unjust given that Pathfinder's lack of investigation in response to CoStar's discovery requests led to Pathfinder's submission of evidence contradicted by indisputable electronic evidence.

## I.   COSTAR'S MOTION TO COMPEL WAS SUBSTANTIALLY JUSTIFIED

CoStar submits that its Motion to Compel was substantially justified. Because the Court found in the first instance that CoStar's motion was untimely, and secondarily found that CoStar's motion was meritless, CoStar will show that its motion was substantially justified as to timing as well as to its merits.

### A.   CoStar Was Substantially Justified in Believing that Its Motion Was Not Untimely Under the Circumstances

While the Court ruled that CoStar's Motion was untimely because it was filed after the close of discovery on August 31, 2009, CoStar submits that it was substantially justified in believing that its Motion to Compel – which was largely based on Pathfinder's failure to produce a knowledgeable witness during an August 17, 2009 Rule 30(b)(6) deposition – would not be considered untimely.

The Court's letter ruling stated that "Plaintiff presents no cause for waiting until after the discovery deadline passed to file this motion. Instead, Plaintiff argues that the motion is timely because it was not filed 'outside of any filing deadline.'" D.E. 86. While CoStar respects the Court's ruling, CoStar's position was not as simple as that set forth by the Court. As CoStar

pointed out, the Rule 30(b)(6) deposition of Pathfinder that demonstrated both that Pathfinder had not adequately designated a corporate witness *and* that it had not reasonably conducted discovery, took place on August 17, 2009. The court reporter only provided a final transcript to CoStar (which would form the basis of CoStar's Motion to Compel) on August 27, 2009, just four days before the close of discovery. As set forth in CoStar's reply brief, CoStar met and conferred with opposing counsel during this period in order to resolve the discovery dispute without the Court's intervention. Only after these conferences proved fruitless, and just three weeks after the discovery deadline had passed, did CoStar file its Motion to Compel. CoStar believed that this short period from deposition to Motion was substantially justified; the alternative would have been for CoStar to skirt its obligations to meet and confer with Pathfinder and rush to the Court with a motion. Given that Pathfinder would have had two weeks to respond to CoStar's motion to compel, the resolution of the motion prior to the discovery deadline would have been impossible.

Moreover, CoStar did not file its Motion to Compel on the eve of trial or at some late date that would delay or hinder the final resolution of this case. Trial has not been set in this case, and had CoStar's motion been granted, Pathfinder would not have been prejudiced in its presentation of its case either at summary judgment or at trial. Indeed, the Court made no finding of prejudice to Pathfinder, even though that was a central component of Pathfinder's opposition to CoStar's Motion to Compel. As Judge Grimm stated in *Tucker*, 191 F.R.D. at 498, prejudice is the touchstone of determining whether a motion that would otherwise be untimely should be considered. Indeed, Judge Chasanow and Judge Nickerson have both recently received motions to compel despite the fact that they were filed after the passing of the discovery deadline. *See St. Augustine High Sch. v. Underwriters at Lloyd's of London*, 2010

13

U.S. Dist. LEXIS 4441 at *9-*10 (Nickerson, J.); *Randall v. Creative Hairdressers, Inc.*, Docket No. DKC-06-CV-2299, 2008 U.S. Dist. LEXIS 92008, *8 (D. Md. Nov. 6, 2008).

On the basis that CoStar moved with reasonable speed in bringing the issues before the Court that arose from the Rule 30(b)(6) deposition of Pathfinder, that a trial has not been set in this case, and that Pathfinder would not suffer any prejudice as the result of the discovery CoStar sought, CoStar submits that it had substantial justification for believing that its motion would not be rejected as untimely.

### B. CoStar's Motion Was Substantially Justified in Light of Pathfinder's Discovery Responses and Testimony of Its Rule 30(b)(6) Witness

CoStar submits that its Motion to Compel was substantially justified on the merits, despite the Court's ruling against CoStar. In its motion, CoStar sought relief against Pathfinder for failing to provide a corporate designee with knowledge about the topics noticed for deposition pursuant to Rule 30(b)(6). As CoStar pointed out in its brief in support of its motion, it was the testimony of Pathfinder's Rule 30(b)(6) witness that revealed to CoStar how woefully inadequate Pathfinder's discovery efforts were in this case, and that therefore prompted CoStar to file the motion.

On the first ground, the Court held that Plaintiff's brief, while describing what preparation Pathfinder should have made, did not "address[] any specific deficiency in the testimony or suggest[] how the deponent's performance would have been improved." D.E. 86. With due respect to the Court's ruling, Plaintiff provided detailed citations to the testimony of Pathfinder's Rule 30(b)(6) witness showing why it was insufficient. *See* D.E. 70-2, CoStar Brief in Support of its Motion to Compel, at 5-7. Pathfinder's designee admitted that he had not informed himself of any of the communications between Brad Christensen and Mark Field of Alliance Valuation, despite the fact those communications were explicitly the subject of CoStar's

Rule 30(b)(6) deposition notice.  One exchange is particularly illustrative of Pathfinder's total lack of preparation for its Rule 30(b)(6) deposition, which sought testimony on, among other things, "Communications between Pathfinder and . . . Alliance . . . relating to this lawsuit"[3] :



D.E. 70-5, Exhibit 3 to CoStar Motion to Compel at 101-102 (emphasis supplied).  Pathfinder's designee goes on to explain that he had not made *any* effort to educate himself about Christensen's communications with Mark Field despite the fact that Christensen is the sole person with knowledge:



---

[3] D.E. 70-3, Exhibit 1 to CoStar Motion to Compel at Deposition Topic No. 11.



*Id.* at 103-04.

Again, with due respect to the Court's ruling, this was not a case of a vaguely worded deposition topic or contention interrogatory-like topic.   As detailed in the Procedural Background above, Pathfinder never raised a specific objection to this deposition subject. CoStar simply sought testimony on communications between Pathfinder and Alliance Valuation concerning this lawsuit and Pathfinder simply refused to provide or educate a designee capable of providing such testimony.  That pattern is repeated for a number of deposition topics, in which Mr. Wu admits that all of Pathfinder's knowledge lies with Brad Christensen, but that he had not contacted Mr. Christensen to prepare for the deposition and was not able to relay his knowledge. *See id.* at 64-70, 72-73, 75-78, 81-82, 87, 89-91, 94, 97-104, 107-09, 111-13, 122-30, 133-35. Accordingly, CoStar believes that it had substantial justification for its motion on these grounds.

## II.   AN AWARD OF FEES TO PATHFINDER WOULD BE UNJUST UNDER THE CIRCUMSTANCES

An award of fees to Pathfinder would be manifestly unjust under the circumstances of this case. It would perversely reward Pathfinder for its attempt to avoid making any substantial effort to investigate the basis of CoStar's claims or its own defenses against those claims and, ultimately, to obscure or hide the truth from the Court.

CoStar filed its Motion to Compel on September 24, 2009, four days before Pathfinder submitted its own Motion for Summary Judgment against CoStar's claims. After conducting no discovery of its own at all in this case, Pathfinder filed a pro-forma, seven-page Motion for Summary Judgment simply contending that CoStar has failed to support its claims in this case. Pathfinder's summary judgment motion, as its principle support, attached two declarations: (1) a declaration from Mark Field, a co-defendant in this case *formerly represented by Pathfinder's counsel*, who: (a) *failed to appear* for his own properly noticed deposition in August 2009 (*see* D.E. 73-2, CoStar's Brief in Support of its Motion for an Order to Show Cause, at 3-4); (b) failed completely to answer any of CoStar's discovery requests (*see id.*); and (c) is the subject of the Court's Order to Show Cause why a default judgment should not be entered against him for his failure to comply with his discovery obligations (D.E. 83); and (2) a declaration from Sam Wu, the Rule 30(b)(6) designee of Pathfinder, whose own declaration *admitted* that Pathfinder could not determine whether Pathfinder's employees or offices had used CoStar's products in violation of CoStar's copyrights because it had been unwilling or unable to investigate its own conduct.

Field's declaration stated that "from time to time" he accessed CoStar's database from Pathfinder's computers. D.E. 75-2, Declaration of Mark Field at ¶ 10. He further states that his access was authorized by CoStar under its license agreement, *see id.* at ¶ 11, implying that the only use by Pathfinder's computers was licensed use by Field. Since Field has failed to respond

17

to CoStar's discovery requests in this case, and failed to show for a properly noticed deposition, his declaration could not be tested through examination by CoStar's counsel.[4]

Wu's declaration stated that Pathfinder's records had been placed in "long term storage" and that no current employee is familiar with the content or organization of those records, *see* D.E. 75-4, Declaration of Sam Wu at ¶ 10, and that, as a result, "Pathfinder has been unable to identify any evidence within its control that allows it to determine whether any of its former employees accessed the CoStar database without authorization," *id.* at ¶ 11.

Thus presented, Pathfinder's lack of effort in discovery, paired with Mark Field's refusal to show for his deposition or respond to discovery, created a situation in which not only was CoStar able to discover any of Pathfinder's records that would show Pathfinder's usage of CoStar's products without authorization, it would not be able to question the person (Mark Field) who had the CoStar user name and password that would have allowed such unauthorized access. That person, of course, was represented by the same counsel who was able to persuade him to submit a declaration and involve himself in the case for *Pathfinder's* benefit without persuading him to appear for a deposition or respond to discovery. Pathfinder apparently hoped it would prevail on its summary judgment motion as a result of its manufactured lack of evidence.

Pathfinder's scheme, put bluntly, was to hide the truth and rely upon the fact that the truth would remain hidden. However, had Pathfinder conducted its *own* discovery in this case, it would have learned that the evidence it had presented was demonstrably false in light of CoStar's objective electronic records.

CoStar has adduced considerable evidence that Pathfinder personnel (including Christensen) used CoStar's database products. CoStar's database records show that, beginning

---

[4] CoStar moved to strike the declaration of Field for this reason.

on December 19, 2005, a sizable amount of usage of Mark Field's CoStar user account emanated from IP addresses belonging to Pathfinder, indicating that computers using Pathfinder's Internet connections were using CoStar's subscription products. *See* Ricketts Decl. at ¶ 4; Williams Decl. at ¶ 19. A total of 60 logins occurred from Pathfinder's IP addresses. *See id.* at ¶¶ 19-21.

Not coincidentally, the beginning of this period *perfectly coincides* with CoStar's termination of a user account assigned to Brad Christensen under Alliance's contract with CoStar. Brad Christensen, it turns out, is Pathfinder's President and "manager" of the Pathfinder operations. CoStar's records show that, when Christensen had a CoStar account set up under Alliance's name, *he used the exact same IP addresses* to access his account until that account was terminated on December 12, 2005 – one week before the same IP addresses began accessing Field's account. *See id.* at ¶¶ 14, 17. Moreover, prior to the termination of Christensen's account, those IP addresses *never accessed any other Alliance account except for the Christensen account. See id.* at ¶ 18. This evidence alone demonstrates that Pathfinder, through Christensen, used CoStar's products, contrary to the "evidence" submitted by Pathfinder in its summary judgment motion.

The deactivated Christensen account had been used from the *exact same* IP addresses that began appearing on Mark Field's account after Christensen's termination. Putting it simply, Brad Christensen had illicit access to CoStar as a result of his and Alliance's fraudulent representation that Christensen worked for Alliance until December 2005. When CoStar learned that Christensen no longer worked for Alliance and terminated his access, he simply began accessing CoStar using Mark Field's account. These facts are consistent only with the conclusion that Christensen, on behalf of Pathfinder, was illicitly accessing CoStar's products.

But CoStar's evidence is much more revealing than a number of logins from Pathfinder's computers. CoStar's records show that, on March 7, 2007, a computer logged in to CoStar's database from Mark Field's usual IP address *at the same time a computer was logged in from Pathfinder's IP address*. *See id.* at ¶ 22. On another occasion, September 21, 2006, Field's account was accessed from Pathfinder's IP address at the same time it was being accessed at another IP address. *See id.* Moreover, on another handful of occasions, a computer logged in to CoStar's database from Pathfinder's IP address within 45 minutes of a computer logging into CoStar's database from Mark Field's office, despite the fact that Pathfinder's Los Angeles offices are more than a hour drive away (and more than two hours away in traffic) from Field's San Clemente, California office. *See id.* at ¶¶ 24-26.[5] Nor can Field explain why another user account assigned to Alliance Valuation, the Barbara Quannie account, was accessed at Pathfinder's IP address less than a minute after being accessed at another IP address in May 2006. *See id.* at ¶ 21. Again, such near-simultaneous log-ins could *only* occur as the result of password sharing between Alliance Valuation and Pathfinder.

Thus understood, CoStar has adduced conclusive evidence that Pathfinder illegally access CoStar's products. Pathfinder's illegal usage would have been reflected in its own Internet records, as well as its printed files (showing CoStar reports and CoStar data seeded with coded information to identify infringing use). Pathfinder's coordinated efforts to avoid discovery and declare itself unable to review its files – something CoStar tried to remedy through its Motion to Compel – were intended to hide the truth from CoStar and the Court. That effort should not be

---

[5] According to a statement from Brad Christenson, to CoStar personnel, any usage of CoStar's services "must have been" from Pathfinder's LA offices. *See* Williams Decl. at ¶ 25. In any case, the overlapping usage on March 7, 2007, as well as usage from the Pathfinder IP addresses and Field's IP address within 13 minutes of each other, disproves any suggestion that Field could have made any hyper-fast shuttling between his office and Pathfinder's.

rewarded with an award of fees on CoStar's Motion to Compel and CoStar submits that it would be unjust for the Court to make such an award.[6]

### III.   PATHFINDER'S REQUEST FOR FEES INCLUDES FEES SPENT ON DUPLICATIVE, UNSUCCESSFUL AND/OR UNRELATED WORK AND ARE EXCESSIVE IN NATURE

Pathfinder's request for fees, if granted, should be reduced substantially as Pathfinder is claiming fees spent on duplicative, unsuccessful and/or unrelated work, and those fees are therefore excessive in nature. A party may not recover attorney's fees for duplicative work, *see Goodwin v. Metts*, 973 F.2d 378, 385 (4th Cir. 1992), or fees unrelated to the issue on which they were successful, *see Brodziak v. Runyon*, 145 F.3d 194, 196-97 (4th Cir. 1998), or where they are excessive in nature, *see, e.g., CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 789 (D. Md. 2000) (reducing fee award to CoStar on successful motion to compel). Pathfinder's requested fees fail each of those requirements.

- The Court explicitly denied Pathfinder's Motion to Strike as moot. As a matter of law, the 14.2 non-disaggregated hours Pathfinder billed for work on the Motion to Strike[7] should be disallowed as unrelated to Pathfinder's successful defense to CoStar's Motion to Compel. Pathfinder nevertheless has contended that it actually *succeeded* on its Motion to Strike. D.E. 99, Pathfinder's Motion for Fees, at 3. Even if Pathfinder's interpretation were correct, it has thereby implicitly admitted that it duplicated efforts by filing both a Motion to Strike and an

---

[6] Pathfinder's reference to the denied motion to seal is irrelevant and misleading. CoStar filed a motion to seal material in connection with CoStar's motion to compel that *Pathfinder* had designated as confidential. The court denied that motion without elaborating the reason why the court believed the motion to be insufficient. D.E. 86. CoStar then requested Pathfinder's consent to re-file the motion to seal, but Pathfinder refused to consent. *See* D.E. 99-1, 99-2. Instead, it insisted that CoStar "remove" the exhibit from the record of this case. *See id.* CoStar did not believe removal was appropriate because such removal would leave the record of this case incomplete and also because, significantly, the material in question would be pertinent to any future motions for fees. In fact, at the same time Pathfinder requested CoStar withdraw the materials from the record, it also indicated that it intended to seek attorneys' fees from CoStar. *See* D.E. 99-1.

[7] As described in Pathfinder's billing statement attached to its Motion, counsel billed combined 14.2 hours on October 12 and 13 for "draft out [sic] motion to strike and opposition to motion to compel" and did not divide the hours for the two tasks.

Opposition to CoStar's Motion to Compel. Pathfinder could easily combined the two separate briefs into a single brief that would not have required the excessive use of attorney time.

- Pathfinder included in its billing statement unallocated time between its Opposition to CoStar's Motion to Compel and unrelated work. On September 21, 2009, counsel billed for "[t]elephone conversation with opposing counsel regarding *motion for summary judgment* and motion to compel." Clearly, the portion of the conversation related to the summary judgment briefing should not be included. Similarly, on October 9, 2009, counsel billed 1.2 hours for time associated with reviewing CoStar's motion for default judgment against another defendant and CoStar's motion to compel against Pathfinder, without disaggregating the time spent on unrelated matters.

- On October 8, 2009 and October 13, 2009, counsel billed for time spent conversing with Sam Wu, then redacted the content of those communications. While Pathfinder has the right to assert privilege over those communications, it cannot also seek reimbursement for fees for communications it has asserted privilege over. A court may disallow hours where the documentation is vague or incomplete.[8] *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

- In total, counsel billed 22.1 hours on its Motion to Strike and Opposition to CoStar's Motion to Compel. That total is excessive under the circumstances, in which the entire deposition that *was the subject of the Motion to Compel* lasted less than 5 hours and CoStar's brief was only nine pages. *See* D.E. 70-6. Pathfinder's counsel simply overlitigated this motion and now seeks to shift the burden for that overlitigation to CoStar.

Based on the foregoing, CoStar submits that, if the Court does award Pathfinder its fees, that the fees should be reduced by a total of 10.75 hours: (1) disallowing the 0.40 hours in undisclosed phone calls with Mr. Wu; (2) halving the 1.5 hours time billed dually to CoStar's Motion to Compel and matters unrelated to the Motion to Compel on September 21 and October 9; and (3) halving the 19.4 hours spent on October 10, 12, and 13 on Pathfinder's denied Motion to Strike and its opposition to CoStar's Motion.

---

[8] While CoStar believes that Pathfinder's motion for *in camera* review (D.E. 100) should be denied as moot on the ground that no fees should be awarded at all, it does not object to the submission of the unredacted billing invoices for *in camera* review in the event the court believes such a review is necessary.

## CONCLUSION

For the foregoing reasons, Pathfinder's motion for fees should be denied or, in the alternative, reduced by 10.75 hours of attorney time ($3225).


Dated:  February 1, 2010                    Respectfully submitted,


                                            _____/s/_____
                                            Shari Ross Lahlou, Bar. No. 16570
                                            William J. Sauers, Bar. No. 17355
                                            Sanya Sarich Kerksiek, Bar No. 17636
                                            Crowell & Moring LLP
                                            1001 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 20004
                                            Telephone (202) 624-2500
                                            Facsimile (202) 628-5116
                                            Email  slahlou@crowell.com
                                                   wsauers@crowell.com
                                                   skerksiek@crowell.com

                                            *Attorneys for Plaintiffs CoStar Realty
                                            Information, Inc, and CoStar Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document, with attachment, was served upon the attorneys of record for the following parties by electronic mail, U.S. First Class Mail, and by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on February 1, 2010:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: 713.374.3500
Facsimile: 713.374.3505
lovettm@gtlaw.com
fergusonp@gtlaw.com

*Attorneys for Defendant Russ A. Gressett*

R. Wayne Pierce
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, MD 21401-7015
Telephone: 410.573.9959
Facsimile: 410.573.9956
wpierce@adventurelaw.com

*Attorney for Defendant Pathfinder Mortgage Company*

**I FURTHER CERTIFY** that on February 1, 2010, a true copy of the foregoing was sent by electronic mail and Federal Express to the attorneys listed above and to:

Mark Field
Alliance Valuation Group
638 Camino De Los Maries, Suite H130A
San Clemente, CA 92673
mark.field@cox.net

Lawson Valuation Group, Inc.
8895 N. Military Trail, Suite 304E
Palm Beach Gardens, FL 33410-6263
lawsonmai@aol.com

Robert C. Furr
2255 Glades Road Ste 337W
Boca Raton, FL 33431
Telephone: 561-395-0500
E-mail: trustee@furrcohen.com

*Trustee, Lawson Valuation Group, Bankruptcy Petition No. 09-25404, U.S. District Court for the Southern District of Florida*

Dated:  February 1, 2010

Respectfully submitted,

_____/s/_____

William J. Sauers, Bar. No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email  wsauers@crowell.com

*Attorneys for Plaintiffs CoStar Realty
Information, Inc, and CoStar Group, Inc.*