IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARK FIELD D/B/A ALLIANCE VALUATION GROUP, *et al*. <br><br> Defendants. | Civil Action No. 8:08-CV-663-AW |

**DEFENDANT PATHFINDER'S REPLY IN SUPPORT OF ITS
MOTION FOR COUNSEL FEES**

Pursuant to Local Rule 105.2, defendant Pathfinder Mortgage Co. submits this reply memorandum in support of its motion for reasonable counsel fees (Doc. No. 99), and says:

**ARGUMENT**

**I. PATHFINDER IS LEGALLY ENTITLED TO AN AWARD OF COUNSEL FEES UNDER APPLICABLE RULES**

Even though CoStar never bothered to file a motion for reconsideration for its unsuccessful motion to compel, CoStar's opposition to Pathfinder's motion for counsel fees is a virtual re-hash of its ill-fated motion to compel, with the liberal seasoning of its still-to-be-determined opposition to Pathfinder's motion for summary judgment. Predictably, making the same points twice does not mean that CoStar is any closer to meeting its burden as the losing party to show that its position was substantially justified. *See Proa v. NRT Mid-Atlantic, Inc.*, 633 F. Supp. 2d 209, 213 (D. Md. 2009).

**A. CoStar's Untimely Motion to Compel Was Not "Substantially Justified"**

CoStar acknowledges the Fourth Circuit's definition of "substantially justified." *Decision Insights, Inc. v. Sentia Group, Inc.*, 311 Fed. Appx. 586, 598 (4th Cir. 2009) ("A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, it has a reasonable basis in law and fact.'") (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 n. 2 (1988)). Nevertheless, CoStar's application of that definition is entirely lacking: CoStar had no "reasonable basis in law and fact" to believe that its motion was timely.

**1. CoStar Completely and Unjustifiably Ignored Basic Rules of Procedure.** In the most fundamental sense, CoStar got into trouble because it completely ignored fundamental rules of procedure. The court's scheduling order imposed a discovery deadline and the only proper way to avoid it was to file a motion

- before the deadline under Rule 16 (b) showing "good cause" why discovery should be extended.
- after the deadline under Rule 6 (b) showing "excusable neglect" why the motion was not filed timely.

In this case, CoStar should have filed a motion to extend discovery and demonstrate "excusable neglect." This is the precise holding in one of the very cases relied upon by CoStar. *See Randall v. Creative Hairdressers, Inc.*, 2008 U.S. Dist. Lexis 92008, at *8 (D. Md. Nov. 6, 2008).

There is no "genuine dispute" that CoStar should have filed a motion to extend. At best, CoStar misleadingly represents that sister courts have "considered motions to compel filed after the discovery deadline." Costar Opposition at 2 n. 2. This is simply not true; both cases cited by CoStar considered motions to compel filed after a discovery deadline

*precisely because they were filed concurrently with a motion to extend discovery*, an inconvenient fact that CoStar failed to mention or undertake.  In *Randall v. Creative Hairdressers, Inc.*, 2008 U.S. Dist. Lexis 92008 (D. Md. Nov. 6, 2008) (attached as **Appendix** pursuant to Local Rule 105.5), plaintiffs filed *both* a motion to compel as well as a motion to extend discovery some 4 days after the discovery deadline.  Judge Chasanow held that the lateness of the motion to extend discovery must be evaluated by the "excusable-neglect" standard of Fed. R. Civ. Proc. 6 (b)(1)(B).  *Id.* *8.  And in *St. Augustine High School v. Underwriters at Lloyd's of London*, 2010 U.S. Dist. Lexis 4441 (D. Md. Jan. 20, 2010) (attached as **Appendix** pursuant to Local Rule 105.5), the court's scheduling order had an interim discovery cut-off for fact discovery, followed by a second discovery cut-off for expert witnesses.  During factual discovery, plaintiff's discovery responses led defendant to believe that plaintiff was seeking recovery for a limited time frame.  After the close of factual discovery, plaintiff's expert report revealed for the first time that plaintiff was seeking damages for an extended time frame.  Defendant moved alternatively to preclude recovery for the extended time frame based on the belated theory, or to re-open discovery so that defendant could undertake factual discovery of the extended time frame.  The court declined to strike the new damages theory, but found "good cause" pursuant to Fed. R. Civ. Proc. 16 (b) and the scheduling order to re-open discovery for the limited purpose of the extended time frame for damages.  *Id.* *9-10.

  Nor is there a "genuine dispute" that CoStar failed to proceed with "excusable neglect."  CoStar simply failed to argue that it had a "good-faith basis," much less "excusable neglect," for failing to file its motion to compel timely.  As Judge Niemeyer has commented, "A simple failure or oversight, by itself, does not give rise to the level of 'excusable neglect.'"  Paul V. Niemeyer, Linda M. Schuett, John A. Lynch, Jr. & Richard W. Bourne, *Maryland*

*Rules Commentary* 27 (3d ed. 2003). *See also Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 497 n. 2 (D. Md. 2000) (no extension of a discovery deadline "absent extraordinary circumstances").

CoStar sets up a false choice by claiming that it did not receive the deposition transcript until several days before the discovery cut off.[1] What CoStar should have done (but has never done to this day) was to file a motion to enlarge under Fed. R. Civ. Proc. 6 (b). CoStar did *not* need a deposition transcript to timely file such a motion. CoStar never even attempted to show good cause -- much less excusable neglect -- for its dilatory practices, so it could not have "had a substantial justification for believing that the Court would not rule its motion untimely or that CoStar had been dilatory in moving to compel." Costar Opposition at 4.

Finally, CoStar was obligated to show a "genuine dispute" on both the "law and facts." On the law, CoStar has never -- even to this day -- acknowledged that it should have filed a motion to enlarge discovery.

**2. CoStar Has Failed to Prove That It Received the Deposition Transcript On August 27.** For the first time, CoStar grounds its fate in not receiving the deposition transcript until August 27. It is striking that CoStar did not offer this purported justification in Doc. No. 81. This is a factual representation that CoStar has failed to prove by affidavit or otherwise. What we do know is that it is flatly contradicted by the selected deposition

---

[1] To support its false choice, CoStar asserts 2 outright falsehoods. CoStar claims: "As set forth in CoStar's reply brief, CoStar met and conferred with opposing counsel during this period [between the deposition on August 17 and receipt of the transcript on August 27] in order to resolve the discovery dispute without the Court's intervention." CoStar's Opposition at 13. As best as Pathfinder can determine, there is no such "reply brief" supporting this statement. *See* Doc. No. 81, at 5 (*citing* Doc. No. 70, at 3 (no meetings between the deposition on August 17 and a telephone call on September 21)). Furthermore, it is false; counsel for the parties had no contact after the August 17 deposition until September 21. *See* Doc. No. 70, at 3; Doc. No. 76-2, ¶ 15-17.

    CoStar goes on to assert the *ipse dixit* that Pathfinder would not have been prejudiced by additional discovery. CoStar's Opposition at 13. Pathfinder has already established the substantial prejudice that would have resulted to it if CoStar would have been granted additional discovery. *See* Doc. No. 76, at 7-11.

extracts produced by CoStar.  Doc. No. 70-6, at 177.  We also know that CoStar could have accelerated the transcript if it was willing to pay, and that it could have gotten a duplicate ASCII transcript or the videotape, all of which are points that CoStar should have addressed by affidavit.

### 3. CoStar's Belated Rationalizations Cannot Show It Was "Substantially Justified."

It is important to note that all of CoStar's purported "justifications" have been manufactured months after the fact.  This is contrary to what the drafters contemplated.  The drafters envisioned that "substantial justification" would be determined at the time of the infraction.  "The proposed change provides in effect that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably *in carrying his point to court.*"  Advisory Committee Notes (1970) (emphasis added).  At the time of the defective motion to compel, CoStar had not established any justification for its dilatoriness.

### B.  CoStar's Meritless Motion to Compel Was Not "Substantially Justified"

CoStar struggles mightily to frame its loss as a mere matter of "untimeliness."  There was a second, independent ground on which CoStar's motion was denied:  the motion was meritless because it failed to identify what was requested and why Pathfinder's response was deficient.  Once more, CoStar has utterly failed to address this substantive deficiency or offer any justification for its actions.

### C. An Award of Counsel Fees Would Not Be Unjust

There is little guidance as to when an award of counsel fees would be "unjust."  According to the drafters, it is based on the successful party's own actions:  "At the same time, a necessary flexibility is maintained, since the court retains the power to find that other circumstances make an award of expenses unjust--as *where the prevailing party also acted unjustifiably.*"  Advisory Comm. Notes (1970) (emphasis added).

CoStar has utterly failed to show that Pathfinder also acted "unjustifiably." Stated simply, CoStar contends that it would be "unjust" for it to pay to clean up its own mess because the near-bankrupt and no-longer-operational Pathfinder was unable to spend resources or exert control that it did not have, and was unwilling to throw itself off the bankruptcy cliff. For a scorched-earth litigant, the end always justifies the means. More colloquially, CoStar's argument is that CoStar had "to break some eggs to make an omelette." No matter what the outcome of Pathfinder's motion for counsel fees, CoStar has already "won" because Pathfinder cannot afford to litigate, just as CoStar has succeeded in driving several other defendants into oblivion.

It continues to appear that CoStar's notion of "justice" is entirely one-sided. Even though Pathfinder reminded CoStar in Pathfinder's motion for counsel fees that CoStar had failed to procure an order to seal the confidential testimony of Pathfinder's corporate representative, CoStar has -- once again -- blithely ignored its responsibilities under the confidentiality order. *See* CoStar Opposition at 21 n. 6.

## II.   THE AMOUNT OF COUNSEL FEES AND EXPENSES IS REASONABLE

Pathfinder has already dealt with CoStar's challenges to the reasonableness of Pathfinder's counsel fees save one: CoStar has added the *ipse dixit* that Pathfinder's counsel spent too much time responding to CoStar's motion to compel. It is galling for CoStar to launch a nuclear bomb seeking reimbursement for all 3 of its (disclosed) lawyers from a near-bankrupt client and a solo defense counsel who has no desire to be bankrupted, then to declare that CoStar's would-be victims "doth protesteth too much." Anticipating this tactic, Pathfinder threw down the gauntlet and called out CoStar to submit its own billing records so that the Court would know how many hours a *losing* effort took. For whatever reason, CoStar was not willing to open its own kimono.

## CONCLUSION

For these reasons, Pathfinder prays for an award of counsel fees of $6,690 and related costs of $64.28.

*[signature: R Wayne Pierce]*

R. WAYNE PIERCE
Federal Bar No. 7999
The Pierce Law Firm, LLC
133 Defense Highway, Suite 106
Annapolis, Maryland 21401
Phone:  410-573-9959
Fax:  410-573-9956
Email:  wpierce@adventurelaw.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

A copy of the foregoing reply brief was served through the court's electronic notification service on February 18, 2010:

Mary-Olga Lovett
Pamela Ferguson
Greenberg Traurig
1000 Louisiana Street, Suite 1800
Houston, TX 7700
Telephone: 713.374.3500
Facsimile: 713.374.3505
Email:  lovettm@gtlaw.com
         fergusonp@gtlaw.com
*Attorneys for Defendant Russ A. Gressett*

Shari Ross Lahlou, Bar. No. 16570
William Sauers Bar. No. 17355
Sanya Sarich Kerksiek (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116
Email: slahlou@crowell.com

   wsauers@crowell.com
   skerksiek@crowell.com
*Attorneys for Plaintiffs CoStar Realty
Information, Inc., a Delaware Corporation,
and CoStar Group, Inc., a Delaware Corporation*

I further certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document and exhibits was served upon the following parties by U.S. mail on February 18, 2010:

| | |
|---|---|
| Mark Field<br>Alliance Valuation Group<br>638 Camino De Los Maries, Suite H130A<br>San Clemente, CA 92673 | Lawson Valuation Group, Inc.<br>c/o Douglas Lawson<br>8895 N. Military Trail, Suite 304E<br>Palm Beach Gardens, FL  33410-6263 |
| *Pro se* defendant | *Pro se* defendant |

                     /s/ R. Wayne Pierce
                     R. Wayne Pierce, Esquire

## **APPENDIX**

| | |
|---|---|
| Exhibit 1 | *Randall v. Creative Hairdressers, Inc.*, 2008 U.S. Dist. Lexis 92008 (D. Md. Nov. 6, 2008) |
| Exhibit 2 | *St. Augustine High School v. Underwriters at Lloyd's of London*, 2010 U.S. Dist. Lexis 4441 (D. Md. Jan. 20, 2010) |